MEMO ENDORSED

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY


RECEIVED FEB -5 2018 JUDGE KAPLAN'S CHAMBERS

February 2, 2018

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB -5 2018

By Hand Delivery

The Honorable Lewis A. Kaplan
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

   Re: *Dennis, et al.* v. *JPMorgan Chase & Co., et al.*,
     No. 1:16-cv-06496 (LAK)

Dear Judge Kaplan:

   I write on behalf of all Defendants in the above-referenced action in response to Your Honor's directive at the January 23, 2018 hearing that Defendants inform the Court "by letter within ten days," following consultation with Plaintiffs, of Defendants' preference as to how and when to litigate the "capacity-to-sue issues" that we previously raised. (Jan. 23, 2018 Hr'g Tr. at 4.)

   Defendants respectfully request that Your Honor consider those issues based on an independent motion to dismiss all claims by four of the five named Plaintiffs for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"), and that Your Honor approve the below proposed briefing schedule for that Motion. In the interest of judicial economy, Defendants propose that this briefing supersede the papers previously submitted, "with [the Court's] agreement," that touched on these issues. (*See* Jan. 23, 2018 Hr'g Tr. at 4; *see also* ECF No. 185.)[1]

   As the Court directed, Defendants attempted to confer in good faith with Plaintiffs on an appropriate briefing schedule for the Motion. But Plaintiffs' stated position is that "no additional briefing is required at this time because it would be premature" to address Plaintiffs' lack of Article III standing and capacity to sue before

---

[1]  *See* Defendants' Supplemental Memorandum of Law, ECF No. 186; Plaintiffs' Memorandum of Law in Opposition, ECF No. 190; Defendants' Supplemental Reply, ECF No. 194.

The Honorable Lewis A. Kaplan                      Page 2 of 3

"the Court rules on the pending motions [to dismiss]." Defendants maintain that Plaintiffs' position is incorrect as a matter of law and would result in the waste of judicial resources. The Motion will explain how Plaintiffs' own allegations and submissions to the Court demonstrate that four of the five named Plaintiffs lack both Article III standing and capacity to sue. Thus, the Motion addresses important threshold issues and resolution of the Motion will significantly narrow the issues before the Court on Defendants' other pending motions to dismiss and appropriately conserve judicial resources.[2]

As Plaintiffs themselves allege in the Amended Complaint, FrontPoint Financial Services Fund, L.P., FrontPoint Asian Event Driven Fund, L.P., FrontPoint Financial Horizons Fund, L.P. (together, "FrontPoint") and Sonterra Capital Master Fund, Ltd. ("Sonterra") had each ceased to exist prior to the filing of the Amended Complaint. (*See* Am. Compl. ¶¶ 36-39 (alleging each entity "was" an entity for "part of" the alleged class period).) In other submissions, Plaintiffs (i) admit that these entities dissolved between 2011 and 2014, long before this suit began, and (ii) allege that, prior to their dissolution, FrontPoint and Sonterra assigned the claims at issue in this litigation to a third party that is nowhere referenced in the Amended Complaint. (*See* Decl. of Laura Hatfield in Support of Pls.' Response to the Mot. to Dismiss the Compl., dated Nov. 9, 2017, ¶¶ 15-17; Decl. of Geoffrey M. Horn in Support of Pls.' Mem. of Law in Opp'n to Defs.' Supp. Mot. to Dismiss, dated Nov. 14, 2017, Exs. A-B.)

Based on these admitted facts, which this Court may consider when deciding a motion pursuant to either Rule 12(b)(1) or Rule 12(b)(6),[3] all of the claims asserted by FrontPoint and Sonterra should be dismissed. Where, as here, named plaintiffs assert that their claims were assigned, pre-suit, to an entity not named as a plaintiff, the named plaintiffs lack Article III standing and the court "lack[s] subject matter jurisdiction to reach the merits" of their claims. *Valdin Invs. Corp* v. *Oxbridge Capital Mgmt., LLC*, 651 Fed. App'x 5, 7 (2d Cir. 2016); *see also Cortlandt St. Recovery Corp.* v. *Hellas Telecomms.*, 790 F.3d 411, 417 (2d Cir. 2015). Further, even putting aside the purported assignments, the face of the Amended Complaint makes clear that the

---

[2] The fifth named Plaintiff, Richard Dennis, does not allege that he transacted in any of the over-the-counter products that the other Plaintiffs allegedly traded. Instead, he allegedly transacted only in exchange-traded foreign exchange futures. Thus, dismissal of the other Plaintiffs would substantially narrow the issues for the Court to consider with respect to Defendants' other pending motions.

[3] *See MMA Consultants 1, Inc.* v. *Republic of Peru*, 2017 WL 6463128, at *1 (2d Cir. Dec. 19, 2017) ("'When . . . a defendant makes a 'fact based Rule 12(b)(1) motion'—that is the defendant puts forward evidence to challenge the factual contentions underlying the plaintiff's assertion of subject matter jurisdiction—the district court is entitled to make findings of fact to resolve the dispute." (internal citation omitted)); *see also Munno* v. *Town of Orangetown*, 391 F. Supp. 2d 263, 268 (S.D.N.Y. 2005) (courts may consider "admissions in pleadings and other documents in the public record filed by a party" when ruling on a motion to dismiss (internal citation omitted)).

The Honorable Lewis A. Kaplan                                                Page 3 of 3

claims asserted by FrontPoint and Sonterra should be dismissed because those Plaintiffs are dissolved entities that lack capacity to sue. *See, e.g., New Asia Enters. Ltd. v. Fabrique, Ltd.*, 2017 WL 384687, at *3 (S.D.N.Y. Jan. 26, 2017) (dismissing action brought by dissolved Hong Kong company for lack of capacity).

In the interest of efficiency, and to ensure that the issues are fully and fairly presented for the Court's consideration, Defendants respectfully propose the following briefing schedule:

- Opening submissions by Defendants: February 23, 2018
- Opposition submissions by Plaintiffs: March 13, 2018
- Reply submissions by Defendants: March 23, 2018.

For the above reasons, Defendants respectfully request that the Court consider this threshold jurisdictional Motion on the schedule proposed above.

Respectfully submitted,

Penny Shane

cc: All Counsel of Record (via e-mail)

## MEMO ENDORSED

Granted

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ

2/5/18