USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-28-18

RECEIVED
NOV 27 2018
JUDGE KAPLAN'S CHAMBERS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

RICHARD DENNIS, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., AND FRONTPOINT FINANCIAL HORIZONS FUND, L.P., on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE BANK, N.A. AUSTRALIA BRANCH, BNP PARIBAS, S.A., BNP PARIBAS, AUSTRALIA BRANCH, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS N.V., RBS GROUP (AUSTRALIA) PTY LIMITED, UBS AG, UBS AG, AUSTRALIA BRANCH, AUSTRALIA AND NEW ZEALAND BANKING GROUP LTD., COMMONWEALTH BANK OF AUSTRALIA, NATIONAL AUSTRALIA BANK LIMITED, WESTPAC BANKING CORPORATION, DEUTSCHE BANK AG, DEUTSCHE BANK AG, AUSTRALIA BRANCH, HSBC HOLDINGS PLC, HSBC BANK AUSTRALIA LIMITED, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, LLOYDS TSB BANK PLC, AUSTRALIA, MACQUARIE GROUP LTD., MACQUARIE BANK LTD., ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, ROYAL BANK OF CANADA, AUSTRALIA BRANCH, MORGAN STANLEY, MORGAN STANLEY AUSTRALIA LIMITED, CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, ICAP PLC, ICAP AUSTRALIA PTY LTD., TULLETT PREBON PLC, TULLETT PREBON (AUSTRALIA) PTY LTD., AND JOHN DOES NOS. 1-50.

Defendants.

Docket No. 16-cv-06496 (LAK)

[PROPOSED] ORDER GRANTING CONDITIONAL CLASS CERTIFICATION FOR PURPOSES OF CLASS ACTION SETTLEMENT WITH JPMORGAN CHASE & CO. AND JPMORGAN CHASE BANK, N.A.

This putative class action comes before the Court on Plaintiffs' Unopposed Motion for Conditional Class Certification ("Motion") and on the Stipulation and Agreement of Settlement as to Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMorgan") dated November 20, 2018 ("Settlement Agreement") entered into by Representative Plaintiffs and JPMorgan in the above-entitled action ("Action"). The Court has reviewed the Motion and the Settlement Agreement, and attached exhibits, which set forth the terms and conditions for a proposed settlement of and for dismissal of the Action with prejudice as against JPMorgan upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the attached exhibits finds that the Motion is due to be granted.

All defined terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, except as otherwise defined herein. Representative Plaintiffs and JPMorgan are referred to collectively as the "Settling Parties."

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. For purposes of settlement only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court hereby certifies a Settlement Class consisting of all Persons (other than those Persons who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth herein) who purchased, sold, held, traded, or otherwise had any interest in BBSW-Based Derivatives[1] during period January 1, 2003 through December 31, 2012 ("Class Period"), provided that, if Representative Plaintiffs expand the Class in any subsequent amended complaint, class

---

[1] "BBSW-Based Derivatives" means (i) a BBSW-based interest rate swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (ii) an option on a BBSW-based interest rate swap ("swaption") entered into by a U.S. Person, or by a Person from or through a location within the U.S., (iii) a BBSW-based forward rate agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S; (iv) an Australian dollar currency forward agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S., (v) an Australian dollar futures contract on the Chicago Mercantile Exchange ("CME"); (vi) an Australian dollar foreign exchange forward entered into by a U.S. Person, or by a Person from or through a location within the U.S.; and/or (vii) 90-day Bank Accepted Bill futures contracts on the Australian Securities Exchange entered into by a U.S. Person, or by a Person from or through a location within the U.S.

1

motion, or settlement, the defined Class in this Agreement shall be expanded so as to be coterminous with such expansion. Excluded from the Settlement Class are the Defendants (as defined in the Settlement Agreement) and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government. Notwithstanding the sentence above that "[e]xcluded from the Settlement Class are the Defendants (as defined in the Settlement Agreement) and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government," and solely for purposes of this Settlement and this Settlement Class, Investment Vehicles[2] are not to be excluded from the Settlement Class solely on the basis of being deemed to be Defendants or affiliates or subsidiaries of Defendants. However, to the extent that any Defendant or any entity that might be deemed to be an affiliate or subsidiary thereof (i) managed or advised, and (ii) directly or indirectly held a beneficial interest in, said Investment Vehicle during the Class Period, that beneficial interest in the Investment Vehicle is excluded from the Settlement Class.

2. Solely for the purposes of effectuating the Settlement, the Court finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) have been satisfied as follows:

   (a) the members of the Settlement Class are so numerous that joinder of all class members is impracticable;

   (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions;

   (c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class;

   (d) Representative Plaintiffs and Class Counsel will fairly and adequately

---

[2] "Investment Vehicles" means any investment company, separately managed account or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds; and (ii) employee benefit plans

2

represent and protect the interests of all of the Settlement Class Members; and

(e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. If for any reason the Effective Date of the Settlement, as defined in Section 1(Q) and Section 18 of the Settlement Agreement, does not occur, the Settlement Agreement, including any amendment(s) thereof, and this Order conditionally certifying the Settlement Class solely for purposes of the Settlement shall, without the need for further action by the Court or either of the Settling Parties, be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity. Each party shall be restored to his, her or its respective position as it existed as of June 5, 2018. In such circumstances, each of the Settling Parties shall retain its currently existing rights to seek or to object to the certification of this litigation as a class action under Fed. R. Civ. P. 23, or any state or federal rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

4. The Court appoints Lowey Dannenberg, P.C. and Lovell Stewart Halebian Jacobson LLP as Class Counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

5. The Court appoints Citibank N.A. as Escrow Agent for purposes of the Settlement Fund defined in the Settlement Agreement. The Court preliminarily approves the establishment of the Settlement Fund as qualified settlement funds pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

6. Richard Dennis, Sonterra Capital Master Fund, Ltd., FrontPoint Financial Services

3

Fund, L.P., FrontPoint Asian Event Driven Fund, L.P., FrontPoint Financial Horizons Fund, L.P., and Fund Liquidation Holdings, LLC will serve as representatives of such Settlement Class for purposes of the Settlement.

7. The timing, plan, and forms of the Class Notice to the Settlement Class and the date of the Fairness Hearing before this Court to consider any member(s) of the Settlement Class's objections to final approval of the Settlement and to consider the fairness, adequacy and reasonableness of the proposed Settlement and Settlement Agreement shall all be determined by separate order of this Court. *The parties shall submit a proposed order on or before 1/15/19.*

8. At a later date, Class Counsel shall submit for the Court's approval a proposed plan of distribution of the Settlement Fund.

9. This civil action was commenced after February 18, 2005. The Court directs JPMorgan to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"). Counsel for JPMorgan shall, at or before the Fairness Hearing, file with the Court proof of compliance with CAFA.

10. All proceedings in the Action as to JPMorgan, other than proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court. Pending determination of whether the Settlement should be approved, Representative Plaintiffs, Class Counsel and Settlement Class Members are barred and enjoined from commencing or prosecuting any Released Claims against any of the Released Persons.

11. Neither this Order, the Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or Settlement, whether or not the Settlement shall become final, is or shall be deemed or construed to be an admission, adjudication, or evidence of (i) any violation of any statute or law or of the

4

validity of any claims, alleged wrongdoing, or liability of JPMorgan or any Released Party; (ii) the incurrence of any damage, loss, or injury by Representative Plaintiffs or any Person; (iii) the existence or amount of any artificiality; (iv) any fault or omission of JPMorgan in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (v) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither this Order, the Settlement Agreement, nor the Settlement contained therein, whether or not the Settlement shall become final, nor any negotiations, documents and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which either Settlement Agreement is asserted as a defense (in which case this paragraph does not apply). All rights of JPMorgan and Representative Plaintiffs are reserved and retained if either Settlement does not become final in accordance with the terms of the Settlement Agreement.

12. Neither this Order, the Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement is or may be used as an admission or evidence that the claims of Representative Plaintiffs lacked merit in any proceeding against anyone other than JPMorgan in any court, administrative agency, or other tribunal.

13. Except as otherwise provided herein, in the event that the Settlement Agreement is terminated, vacated, not approved, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date and the Settlement Amount, and all interest earned in the Settlement Fund on that Settlement Amount, shall be refunded, reimbursed, and repaid to the Settling Defendant to the extent provided

5

in the Settlement Agreement.

14. All funds held by the Escrow Agent shall be deemed and considered to be *in custodial legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement, returned to the Person(s) paying the same pursuant to the Settlement Agreement and/or further order(s) of the Court.

15. If the Settlement is terminated pursuant to Section 21 of the Settlement Agreement or if the Settlement is ultimately not approved or does not become final for any reason, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

16. The Court's conditional certification of the Settlement Class and appointment of Representative Plaintiffs as class representatives, as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Representative Plaintiffs to certify a class. The Court's findings in this Conditional Certification Order shall have no effect on the Court's ruling on any motion to certify any class in this litigation, or appoint class representatives, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

17. The Clerk shall terminate DI 223.

ENTERED this 28th day of November

Hon. Lewis A. Kaplan
United States District Judge