UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RICHARD DENNIS, et al.,

                      Plaintiffs

             -against-                                              16-cv-6496 (LAK)

JPMORGAN CHASE & CO., et al.,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/20/2018

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

      This purported class action alleged a widespread conspiracy among defendants to manipulate the Bank Bill Swap Reference Rate ("BBSW"), a rate set at the relevant times in Australia but allegedly used widely elsewhere in the world as a benchmark for the pricing of various financial derivatives.

      This Court filed an opinion on November 26, 2018 resolving defendants' motions to dismiss the action for lack of subject-matter jurisdiction, failure to state a claim upon which relief could be granted, lack of personal jurisdiction, and improper venue (the "Opinion").[1] The matter now is before the Court on three separate motions for reconsideration: (1) defendant RBC Capital Markets LLC moves for clarification or, in the alternative, reconsideration of the portion of the Opinion that sustained plaintiffs' antitrust claim as against RBC Capital Markets LLC [DI 238], (2) defendant Morgan Stanley also moves for reconsideration of the portion of the Opinion that sustained plaintiffs' antitrust claim as against Morgan Stanley [DI 240]; and (3) plaintiffs move for reconsideration of the portion of the Opinion concerning personal jurisdiction and venue [DI 242].

      In the Opinion, the Court sustained the first cause of action in the amended complaint – that is, the antitrust claim alleging a violation of Section 1 of the Sherman Act – as against defendants RBC Capital Markets LLC and Morgan Stanley. These defendants now seek reconsideration on the theory that the amended complaint does not include allegations sufficient to

---

[1]  *Dennis v. JPMorgan Chase & Co.*, No. 16-cv-6496 (LAK), 2018 WL 6169313 (S.D.N.Y. Nov. 26, 2018).

tie them to the alleged antitrust conspiracy. Defendants' motions fail for the simple reason that neither Rule 9(b) of the Federal Rules of Civil Procedure nor the Private Securities Litigation Reform Act govern plaintiffs' pleading with respect to the antitrust claim. The points made in each of RBC Capital Markets LLC's and Morgan Stanley's respective motions can be made in a motion for summary judgment, but they do not carry the day at this early stage in the litigation.

To the extent these defendants argue that the antitrust claim should be dismissed as against them because they did not sit on the BBSW Panel,[2] the Court is unpersuaded. This Court sustained the antitrust claim asserted here, among other reasons, because of the alleged noneconomic transactions of Prime Bank Bills allegedly undertaken by all defendant banks in order to manipulate BBSW submissions.[3] The banks' participation on the BBSW Panel was immaterial to the Court's conclusion.

The RBC Capital Markets LLC and Morgan Stanley motions for reconsideration are denied. Nor is the Court persuaded by plaintiffs' motion for reconsideration.

Plaintiffs' first argument is based on *Charles Schwab Corporation v. Bank of America Corporation.*[4] Although the Court considered *Schwab* at length in the Opinion,[5] it is evident that plaintiffs take issue with the Court's reading of the case. The Court is not persuaded by plaintiffs' arguments and therefore reaffirms its conclusion that the Foreign Defendants lacked minimum contacts with the United States sufficient to form a basis for the Court's exercise of personal jurisdiction.

Plaintiffs assert also that the Court should reconsider its decision to dismiss the Venue Defendants for lack of personal jurisdiction because it is said to have overlooked that venue is proper in this district under the general venue statute and that plaintiffs complied with the service of process provisions in Rule 4(k)(2) of the Federal Rules of Civil Procedure. Plaintiffs might have made this argument in their opposition to defendants' motion to dismiss, but they did not. In any event, even

---

[2] Defined terms are taken from the Opinion.

[3] *Dennis*, 2018 WL 6169313, at *25.

[4] 883 F.3d 68 (2d Cir. 2018).

[5] *Dennis*, 2018 WL 6169313, at *55-56; *see also id.* at *53 (noting that conspiracy alleged in *Schwab* allegedly "was undertaken both because '[b]y understating their true borrowing costs, Defendants were able to project an image of financial stability to investors who were sensitive to risks associated with major banks following the financial crisis that began in 2007' and because '[s]uppressing LIBOR . . . had the immediate effect of lowering Defendants' interest payment obligations on financial instruments tied to LIBOR.'" (quoting *Charles Schwab Corp.*, 883 F.3d at 78)).

if the Court had reached the question, it would have concluded that Rule 4(k)(2) could not have been available to establish personal jurisdiction because the assertion of such jurisdiction would not have comported with due process.[6]

The motions [DI 238, DI 240, DI 242] each are denied in all respects.

SO ORDERED.

Dated:        December 20, 2018

_____
Lewis A. Kaplan
United States District Judge

---

[6] *See Dardana Ltd. v. A.O. Yuganskneftegaz*, 317 F.3d 202, 207 (2d Cir. 2003) ("Rule 4(k)(2) confers personal jurisdiction over a defendant so long as the exercise of jurisdiction comports with the Due Process Clause of the Fifth Amendment."); *accord Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 127 (2d Cir. 2008).