# LOWEY DANNENBERG

January 15, 2019

**VIA HAND DELIVERY**

The Honorable Lewis A. Kaplan
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 1 7 2019

RECEIVED JAN 16 2019 JUDGE KAPLAN'S CHAMBERS

Re: *Richard Dennis, et al. v. JPMorgan Chase & Co., et al.*, No. 16-cv-06496 (LAK)

Dear Judge Kaplan:

As counsel for Plaintiffs, we submit the enclosed proposed order ("Proposed Order") for your consideration, as directed in your order dated November 28, 2018 (ECF No. 229) granting Plaintiffs' Unopposed Motion for Conditional Class Certification for purposes of Class Action Settlement with Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMorgan").[1] JPMorgan consents to the Proposed Order, which will also be filed via ECF. We write this letter to provide you additional information as to the timing and substance of the Proposed Order.

**The critical first step in providing Class Notice is to obtain information identifying Class Members' names and addresses.** The instant Settlement, entered into on November 20, 2018, is the first reached by Plaintiffs in this multi-defendant action. A number of steps must be undertaken to create an effective and efficient settlement process. Plaintiffs have not yet had discovery needed to identify Class members, including documents from relevant exchanges, banks, brokers and futures commission merchants to identify customers that transacted in BBSW-Based Derivatives during the Class Period. Serving subpoenas for such discovery is a standard means for obtaining such information in the administration of class actions of this type. Such information is necessary to allow Class Counsel to make informed judgments as to the scope and timing of the program of Class Notice they will propose. Plaintiffs will need several months to issue and enforce subpoenas, necessarily delaying the start of any notice program.

Courts in this District have held class notice in abeyance pending plaintiffs' discovery of information identifying potential class members. In *Alaska Elec. Pension Fund v. Bank of America, N.A.*, 14 Civ. 7126, 2017 WL 3868461 (S.D.N.Y. July 12, 2017), numerous defendants over several months reached partial settlements of antitrust claims to manipulate ISDAfix. Judge Furman rendered a decision preliminarily approving the latest of the additional settlements and directed plaintiffs to submit a proposed notice plan for approval "[a]t a later date after each of the Additional

---

[1] All defined terms contained in this letter shall have the same meanings set forth in the Stipulation and Agreement of Settlement as to JPMorgan dated November 20, 2018 (the "Settlement Agreement") unless otherwise stated.

www.lowey.com
44 South Broadway, Suite 1100, White Plains, NY 10601  (p) 914-997-0500  (f) 914-997-0035
Four Tower Bridge, 200 Barr Harbor Drive, Suite 400, West Conshohocken, PA 19428-2977  (p): 610-941-2760  (f): 610-862-9777

Settling Defendants produces a list of names and addresses of members of the Settlement Class and transaction data . . . ." *Id.* at *3. Similarly, Judge Schofield granted preliminary approval of partial settlements in *In re Foreign Exchange Benchmark Rates Litig.*, 13 Civ. 07789, 2015 WL 9952596, at *3-4 (S.D.N.Y. Dec. 15, 2015), directing settlement class counsel to submit a proposed notice plan "at a later date," with expenses of identifying potential class members to be paid according to the settlement agreements.

The entities described in paragraph 1 of the Proposed Order do not indefinitely retain their customer records. It is important that subpoenas be issued to these entities to preserve and obtain these records. In Class Counsel's experience, financial institutions sometimes require many months to locate and produce historical records of the names and addresses of customers, in this case involving transactions from many years ago. Pursuant to the Proposed Order, Class Counsel will seek to obtain sufficient records from these entities to effectuate direct mail notices. We propose a period of approximately six months from the approximate date of the Order in our time to assess the likely amount of direct notice and report to the Court.

In order to negotiate the most favorable terms for the Class, Class Counsel have contacted certain settlement administrators to request proposals for their services. We anticipate the administrator's services may include assistance in the preparation and transmission of notices of the pendency of the action, as well as assistance in negotiating and seeking discounts in the costs and terms of publication notice.

With the information obtained from the above steps, Class Counsel will gain information pertinent to the extent of actual mail notice which may be achieved, the resulting need for publication notice, and reasonable estimates of the costs of each. On this more informed basis, Class Counsel should be in a position to propose a robust but practical and cost-effective plan of notice which includes the following:

- a combination of actual mail, e-mail and publication, and appropriate supplementation;
- both a long form notice for individual mailing and a summary form for publication;
- the establishment and maintenance of a website on which will be posted the Class Notice, the Settlement Agreement, additional Court orders or other pertinent documents, the answers to frequently asked questions ("FAQ"), updates in the information or developments in the case, and the means to obtain further information; and
- the establishment of a toll-free telephone number to help enable Class members to obtain answers to particular questions not covered in the FAQ.

Upon these reasons and authorities, Plaintiffs respectfully request that the Court allow until July 31, 2019, for Plaintiffs to (a) report to the Court as to the progress of critical discovery identifying potential class members, (b) submit a Class Notice Plan and the proposed form(s) of class notice, and (c) appoint a Settlement Administrator, subject to Court approval.

However, even after these steps are completed, a further deferment of the issuance of Class Notice and execution of the Class Notice program may be warranted.

**The Court should allow Plaintiffs to defer giving Class Notice in anticipation of including additional settlements, thereby minimizing the costs of Class Notice and conserving Settlement Funds for the Class, if so appropriate.** The Federal Rules of Civil Procedure "should be construed, administered, and employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. A common practice under Rule 23, for example, has been to achieve efficiency by combining the required Rule 23(c)(2)(B) notice to the class of the pendency of the action with the simultaneous Rule 23(e)(1) notice of a proposed settlement. The Advisory Committee Notes to the December 1, 2018 Amendments to Rule 23 justify the amendment to Rule 23(c)(2)(b) by noting:

> It is common to send notice to the class simultaneously under both Rule 23(e)(1) and Rule 23(c)(2)(B), including a provision for class members to decide by a certain date whether to opt out. This amendment recognizes the propriety of this combined notice practice.

Judge Lynch acknowledged the potential efficiencies in deferring notice procedures in multi-defendant class actions, and provided in preliminary approval orders that

> [i]n the interests of conserving expenses to the Settlement Class, the Court shall defer until a later date the preliminary approval of a proposed notice and notice procedures for the Settlement, and the scheduling of a hearing for final approval of the [Sandler O'Neill] Settlement . . . .

*In re Refco, Inc. Sec. Litig.*, 05 Civ. 8626, 2010 WL 11586941, at *3 (S.D.N.Y. May 11, 2010) (quoting Order Preliminarily Approving Proposed Settlement with Sandler O'Neill & Partners L.P. (ECF No. 536), at 4-5. *See also id.*, Order (ECF No. 459), at 2 (same); *id.*, Order (ECF No. 508), at 2 (same).

Other courts in this Circuit have employed informal procedures to order modifications to the class notice after subsequent settlements with additional defendants. For example, the docket in *Precision Assoc., Inc. v. Panalpina World Transport (Holding) Ltd.*, 08 CV 00042(BMC)(PK) (E.D.N.Y.) reflects the following orders modifying class notice to add new settlements:

| 10/10/2012 | 666 | ORDER granting 596 Motion To Approve Class Notice Program: Please see attached order for further explanation and instructions. In addition, on or before October 11, 2012, class counsel shall file a letter with the court via ECF clarifying whether an interim distribution is expected. Ordered by Judge John Gleeson on 10/10/2012. (Talbott, Rebecca) (Entered: 10/10/2012) |

| 11/19/2012 | | ORDER approving the 681 Amended Notice Papers. Ordered by Judge John Gleeson on 11/19/2012. (Kim, Scarlet) (Entered: 11/19/2012) |
|---|---|---|
| 01/04/2013 | | ORDER approving the 705 Amended Notice Papers. Ordered by Judge John Gleeson on 1/4/2013. (Kim, Scarlet) (Entered: 01/04/2013) |
| 02/11/2013 | | ORDER granting plaintiffs' 722 motion to approve their revised class notice papers, on the condition that the fairness hearing scheduled for August 12, 2013 at 10:00 AM be revised to August 9, 2013 at 10:00 AM. Ordered by Judge John Gleeson on 2/11/2013. (Kim, Scarlet) (Entered: 02/11/2013) |

The foregoing deferments of class notice were acknowledged by Plaintiffs' Consolidated Memorandum of Law in Support of Final Approval of Ten Proposed Settlements and Plan of Allocation, *Precision Assoc., Inc. v. Panalpina World Transport (Holding) Ltd.*, 08 CV 00042(BMC)(PK) (E.D.N.Y.), ECF No. 855, at 14:

> Because of ongoing negotiations with other Defendants, Plaintiffs repeatedly interrupted the planned program in order to provide more value and savings to the Class. This Court repeatedly permitted Plaintiffs to delay providing notice in order to incorporate subsequent settlements reached with KN, Morrison, UTi, and ABX.

For further example, the docket in *In re NASDAQ Market-Makers Antitrust Litig.*, 94 Civ. 3996(RWS), MDL No. 1023(S.D.N.Y.) reflects the following orders modifying class notice to add new settlements:

| 07/30/1997 | 187 | Plaintiffs' Proposed Program of Class Notice. (ae) (Entered: 08/04/1997) |
|---|---|---|
| 01/22/1998 | 239 | STIPULATION and ORDER, plaintiffs and settling defendants hereby withdraw their respective proposed programs of class notice currently pending before the Court ; as used herein, the term "Settling Defendants" shall mean those defendants that are parties to the Stipulation and Agreement of Settlement dated 12/23/97; pursuant to the Settlement Agreement, Plaintiffs and the Settling Defendants shall propose a program for class notice and a proposed form of notice, which they believe should apply as to all parties ( signed by Judge Miriam G. Cedarbaum). (ae) (Entered: 01/23/1998) |
| 01/30/1998 | 244 | Agreed program of class notice proposed by plaintiffs and subsequently settling defendants. (kw) (Entered: 02/09/1998) |
| 02/06/1998 | 243 | ORDER; agreed program of class notice proposed by pltffs and subsequently settling defts (signed by Judge Robert W. Sweet); Copies mailed (sac) (Entered: 02/09/1998) |

Accordingly, at the time Plaintiffs seek approval of the Settlement Administrator, the Class Notice plan and form(s) of Class Notice, they will seek further direction from the Court as to the timing of the issuance of Class Notice and scheduling of the Fairness Hearing, as described in the Proposed Order.

Plaintiffs respectfully request that, upon the foregoing authorities, the Court "so order" the Proposed Order.

We are available to address any questions Your Honor may have.

Respectfully submitted,

/s/Vincent Briganti
Lowey Dannenberg, P.C.

/s/Christopher Lovell
Lovell Stewart Halebian Jacobson LLP

cc: All Counsel of Record (via email)

Enc.