UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD DENNIS, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., AND ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., BNP PARIBAS, S.A., THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS N.V., RBS GROUP (AUSTRALIA) PTY LIMITED, UBS AG, AUSTRALIA AND NEW ZEALAND BANKING GROUP LTD., COMMONWEALTH BANK OF AUSTRALIA, NATIONAL AUSTRALIA BANK LIMITED, WESTPAC BANKING CORPORATION, DEUTSCHE BANK AG, HSBC HOLDINGS PLC, HSBC BANK AUSTRALIA LIMITED, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, MACQUARIE GROUP LTD., MACQUARIE BANK LTD., ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, MORGAN STANLEY, MORGAN STANLEY AUSTRALIA LIMITED, CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, ICAP PLC, ICAP AUSTRALIA PTY LTD., TULLETT PREBON PLC, TULLETT PREBON (AUSTRALIA) PTY LTD., AND JOHN DOES NOS. 1-50,

Defendants.

No. 16-cv-06496 (LAK)

---

[~~PROPOSED~~] JOINT CASE MANAGEMENT PLAN AND SCHEDULING ORDER

Plaintiffs Richard Dennis and Orange County Employees Retirement System ("Plaintiffs") and defendants Australia and New Zealand Banking Group, BNP Paribas S.A., Commonwealth Bank of Australia, Credit Suisse AG, Deutsche Bank AG, Morgan Stanley, Royal Bank of Canada, The Royal Bank of Scotland plc, UBS AG, and Westpac Banking Corporation ("Defendants") (together, the "Parties") submit for this Court's consideration this [Proposed] Joint Case Management Plan and Scheduling Order:[1]

### A. Answers

    a. Defendants' answers to the Second Amended Class Action Complaint shall be filed by June 16, 2020.

### B. Rule 26(a) Initial Disclosures

    a. The parties will exchange Rule 26(a) Initial Disclosures by July 10, 2020.[2]

### C. ESI Protocol and Protective Order

    a. The parties shall agree, and submit to the Court for review, an ESI Protocol and Protective Order by June 12, 2020.

### D. Deposition Protocol

---

[1] To the extent that certain proceedings or potential proceedings are not expressly addressed in this [Proposed] Joint Case Management Plan and Scheduling Order, the Parties agree that they shall proceed as provided for under applicable law, under further agreements between the Parties, or as the Court otherwise directs. By agreeing to this [Proposed] Joint Case Management Plan and Scheduling Order, Defendants reserve all rights and defenses, including lack of personal jurisdiction and improper venue. Further, the Parties neither waive any objections to any document requests nor agree to produce any information the production of which they object to on any grounds. Absent agreement, the Parties may move to compel the production of information subject to an objection, and any production of such information will await a decision by the Court. The deadline for production will otherwise remain in force unless and until it is modified by agreement of the Parties or by the Court.

[2] The Parties shall meet and confer on the scope of their initial disclosures by June 2, 2020.

    a. The parties will submit to the Court a Deposition Protocol by September 11, 2020.

### E. Pre-Class Certification Motion Fact Discovery

    a. The parties may serve Requests for Production ("RFP") beginning on March 27, 2020.

    b. Document productions in response to RFPs shall be made on a rolling basis. To the extent formally requested by Plaintiffs, and not objected to, Defendants will prioritize the production of documents and data (a) previously produced to government regulators, if any, and (b) responsive to Plaintiffs' document requests designated to be prioritized.

    c. Follow up RFPs related to class certification issues must be served on or before September 15, 2020 or within 30 days of production of documents. The production of documents responsive to Plaintiffs' prioritized requests must be substantially complete by December 18, 2020. The issuance of a follow up RFP or the production of documents after December 18, 2020 does not impact the briefing schedule for class certification motions unless a party's production of documents responsive to the prioritized requests was not substantially complete by December 18, 2020.

    d. <u>Interrogatories</u>. Interrogatories will be governed by Rule 33.3 of the Local Civil Rules of the Southern District of New York and Federal Rule of Civil Procedure 33.

### F. Class Certification Briefing and Experts

    a. <u>Expert Discovery Stipulation.</u> The parties will submit to the Court an Expert Discovery Protocol by February 1, 2021.

    b. Plaintiffs' class certification motion, including any expert report(s) in support shall be due on the later of 90 days after the production of documents reasonably related to class certification is substantially complete, or March 30, 2021.

2

c. Discovery regarding Plaintiffs' class certification expert(s) to be completed by the later of June 1, 2021, or 60 days after the filing of the class motion.

d. Defendants' opposition, including any expert report(s) in opposition, to class certification (and any *Daubert* motion) shall be due: by the later of June 28, 2021 or 90 days after the filing of the class motion.

e. Discovery regarding Defendants' class certification expert(s) to be completed: by the later of July 27, 2021 or 30 days after filing of Defendants opposition to class certification.

f. Plaintiffs' reply, including any expert report(s) in support of its class certification motion (and any *Daubert* motion against Defendants' experts) shall be due by the later of August 10, 2021 or 43 days after filing of Defendants opposition to class certification.

g. The Parties will meet and confer in good faith regarding the scope of any additional discovery or submissions, including but not limited to depositions, further *Daubert* motions, and sur-reply briefing relating to Plaintiffs' reply class certification submissions within 7 days after service of any reply class certification expert submissions.

G. **Post-Class Certification Motion Discovery, Including Merits Experts Reports**

<span style="color:red">Phased Proceedings Item 1: The Parties' competing views on phased proceedings have resulted in competing proposals for the completion of discovery, including the exchange of merits experts reports</span> ~~[struck through]~~

~~a. Plaintiffs' Proposal~~



i. <u>Requests to Admit</u>. Requests to Admit, if any, must be served by September 29, 2021.

ii. All fact discovery shall be completed by November 15, 2021.

iii. Merits expert reports will be simultaneously served on the later of two weeks after fact discovery is complete, or December 14, 2021.

3

Rebuttal merits expert reports will be simultaneously served on February 18, 2022.

a. ~~Defendants' Proposal~~

  i. By April 29, 2021, the parties shall meet and confer regarding additional discovery or preparations for additional discovery, if any, that that may efficiently be pursued in advance of the Court's ruling on Plaintiffs' class certification motion so as to enable "the just, speedy, and inexpensive determination of [this] action," Fed. R. Civ. P. 1.

  ii. Within one week of the Court's ruling on Plaintiffs' class certification motion, the parties shall submit a joint letter advising the Court of how much time they need to complete any additional discovery in light of the Court's ruling and the discovery already completed.

  iii. Unless the Court orders otherwise, if class certification is denied, the parties shall complete all fact discovery within 120 days of the Court's ruling on Plaintiffs' class certification motion.

  iv. Requests to Admit, if any, must be served within 60 days of the Court's ruling on Plaintiffs' class certification motion.

  v. Merits expert reports will be simultaneously served one month after fact discovery is complete. Rebuttal merits expert reports will be simultaneously served 60 days after service of the merits expert reports.

  vi. The parties will meet and confer in good faith regarding the need, if any, for depositions of merits experts or reply reports and any necessary associated scheduling adjustments.

**H. Summary Judgment**

a. If any Party intends to move for summary judgment, that Party shall notify opposing counsel at least 30 days before filing any such motion and shall supply an outline of their proposed Rule 56.1 Statement of Facts.

b. Within 7 days of such notice, the Parties shall meet and confer in good faith to develop a plan for briefing summary judgment and submitting the rule 56.1 Statement in an efficient and coordinated fashion by the time the motion is to be filed. The Parties shall consider the procedures used for briefing summary judgment in *In re Parmalat Securities Litigation*, 04 MD 1653. The parties shall submit the plan for any such motions to the court within 21 days following such notice.

~~Phased Proceedings Item 2: The Parties' competing views on phased proceedings have resulted in competing briefing schedules for summary judgment~~

c. Plaintiffs' Proposal

   i. Any Party moving for summary judgment will file its motion by no later than March 21, 2022. For any summary judgment motion filed March 21, 2022, oppositions to motions for summary judgment will be due on May 20, 2022. Any reply will be filed on July 25, 2022.

c. Defendants' Proposal

   i. Any Party moving for summary judgment shall file their motion by no later than 30 days after the service of the rebuttal merits expert reports.

   ii. Opposition briefs shall be filed no later than 60 days after the filing of a motion for summary judgment.

   iii. Reply briefs in support of a Party's motion for summary judgment shall be filed no later than 30 days after the filing of the opposition brief.

5

I. Trial

   a. <u>Parties' Positions Regarding a Jury Trial</u>: Plaintiffs' position is that this case is to be tried by a jury. Defendants' position is that Plaintiffs have waived their right to a jury trial.

   b. The following trial materials shall be filed at least 28 days before trial:

      i. Trial brief stating the legal and factual issues and authorities relied upon and discussing any anticipated substantive or procedural problems.

      ii. Motions <u>in limine</u> to exclude evidence.

         1. Papers in opposition to motions <u>in limine</u> shall be filed 14 days before trial.

         2. Reply papers in support of motions in limine shall be filed 7 days before trial.

   **Phased Proceedings Item 3:** The Parties' ~~competing views on phased proceedings have resulted in~~ competing proposals for the due date for ~~the joint pre-trial order~~

   c. ~~Plaintiffs' Proposal~~

      i. If no party moves for summary judgment, then filing of pretrial order and, if there is to be a jury trial, proposed jury instructions and requested voir dire questions, shall be filed by May 3, 2022.

      ii. If a party moves for summary judgment, filing of pretrial order, and, if there is to be a jury trial, proposed jury instructions and requested voir dire questions will be due: September 12, 2022.

   ~~c. Defendants' Proposal~~

      i. If no Party moves for summary judgment, a pretrial order and, if there is to be a jury trial, proposed jury instructions and

6

<div style="text-decoration: line-through;">
requested voir dire questions, shall be filed no later than 90 days after the completion of discovery.

ii. If a Party does move for summary judgment, a pretrial order and, if there is to be a jury trial, proposed jury instructions and requested voir dire questions, shall be filed no later than 30 days after a ruling on all summary judgment motions filed by any party.
</div>

## J. Coordination

a. The Parties shall agree in advance on a system of numbering deposition exhibits to ensure that unique exhibit numbers suitable for use at trial and in all motion papers and other submissions to the Court are employed.

## K. Modification

a. This Order may not be modified or the dates herein extended, except by further Order of the Court for good cause shown.

Dated: 4/10/2020

_____
The Honorable Lewis A. Kaplan
United States District Judge

7