UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD DENNIS, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., AND ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>                        Plaintiffs,<br><br>      -v.-<br><br>JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., BNP PARIBAS, S.A., THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS N.V., RBS GROUP (AUSTRALIA) PTY LIMITED, UBS AG, AUSTRALIA AND NEW ZEALAND BANKING GROUP LTD., COMMONWEALTH BANK OF AUSTRALIA, NATIONAL AUSTRALIA BANK LIMITED, WESTPAC BANKING CORPORATION, DEUTSCHE BANK AG, HSBC HOLDINGS PLC, HSBC BANK AUSTRALIA LIMITED, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, MACQUARIE GROUP LTD., MACQUARIE BANK LTD., ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, MORGAN STANLEY, MORGAN STANLEY AUSTRALIA LIMITED, CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, ICAP PLC, ICAP AUSTRALIA PTY LTD., TULLETT PREBON PLC, TULLETT PREBON (AUSTRALIA) PTY LTD., AND JOHN DOES NOS. 1-50,<br><br>                        Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 9/23/20<br><br><br>Dkt. No. 16-cv-06496 (LAK) |

**[~~PROPOSED~~] PROTOCOL GOVERNING DEPOSITIONS**

Subject to the approval of the Court, and pursuant to Section D of the Joint Case Management Plan and Scheduling Order entered by the Court on April 10, 2020 ("Scheduling Order"), the undersigned parties in the above-captioned Action stipulate and agree to the following Protocol Governing Depositions ("Protocol"). Defendants enter this stipulation and join in requesting the proposed order without waiving any personal jurisdiction or venue defenses and reserving all rights with respect to such defenses, and subject to and without waiver of any rights that exist under foreign law.

## I. SCOPE OF THE PROTOCOL

1. This Protocol shall govern all fact and expert depositions in the Action, subject to any modifications made pursuant to Paragraph 22 of this Protocol. Any matter not explicitly addressed in this Protocol shall be governed by the applicable Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York ("Local Rules"), and the individual rules of practice of Judge Lewis A. Kaplan ("Individual Rules"). Nothing in this Protocol is intended or shall be construed to alter or supersede the Protective Order entered June 15, 2020 ("Protective Order") or the Scheduling Order.

## II. PARTIES AND NON-PARTIES SUBJECT TO THE PROTOCOL

2. The parties ("Parties") subject to this protocol are as follows:

(a) Plaintiffs: Richard Dennis and Orange County Employees Retirement System ("OCERS").

(b) Defendants: Australia and New Zealand Banking Group Ltd.; BNP Paribas, S.A.; Commonwealth Bank of Australia; Credit Suisse AG; Deutsche Bank AG; Morgan Stanley;

2

Morgan Stanley Australia Limited; Royal Bank of Canada; The Royal Bank of Scotland plc; UBS AG; and Westpac Banking Corporation.[1]

3. Non-parties deposed by the Parties are also subject to this Protocol and counsel for any Party serving a subpoena concerning a deposition of any non-party shall provide a copy of this Protocol to the non-party when the subpoena is served on the non-party.

### III. DEPOSITIONS

4. ***Remote Depositions.*** A "remote deposition," for purposes of this Protocol, is one in which the deposing attorneys are not physically present with the witness, and a "live deposition" is one in which the deposing attorneys are physically present with the witness. Any witness to be deposed shall have the right to be deposed remotely, with the witness testifying from a suitable location of his or her choosing, and any deposing attorney shall have the right to take a deposition remotely. A witness may permit his or her own lawyers to be physically present in the same room as the witness during a remote deposition provided that such lawyers so identify themselves at the start of the deposition. In the event that a deposing Party has good cause to believe that a live deposition could be held safely, taking into account the health of the witness and other participants, the deposing Party may seek relief from this provision pursuant to Paragraph 22 of this Protocol.

(a) ***Presence of Others and Communication with Deponent during a Remote Deposition.*** Subject to the provisions of Paragraph 4(b) below, no individual may be physically present in the same room as the witness, except for the witness's attorneys, while the witness is giving deposition testimony on the record during a remote deposition. All individuals participating in person shall engage in social distancing as required by the jurisdiction in which the deposition

---

[1] The parties subject to the Protocol are different than the parties in the case-caption because of the Court's prior, partial dismissal rulings. *See Dennis* v. *JPMorgan Chase & Co.*, 343 F. Supp. 3d 122 (S.D.N.Y. 2018); *Dennis* v. *JPMorgan Chase & Co.*, 439 F. Supp. 3d 256 (S.D.N.Y. 2020).

3

occurs. If the witness's attorneys are physically present with the witness, the witness and the witness's attorneys shall be visible on screen (as distinct from the video recording of the witness while giving record testimony). No individual shall communicate with the witness via outside means, including, but not limited to, electronic message, text message, or voice call, while the witness is giving deposition testimony on the record regardless of whether or not a question is then pending before the witness. The witness's attorneys may communicate with the witness with respect to instructions not to answer a pending question on the basis of privilege, and to the extent permitted by the Federal Rules of Civil Procedure, the Local Rules or any applicable rule of evidence.

(b) *Presence of Court Reporter and Administration of Required Oath.* Remote depositions shall be recorded by stenographic means consistent with the requirements of Fed. R. Civ. P. 30(b)(3). If the witness agrees, the court reporter may be present in the same room as the witness. But if the witness does not agree to the court reporter being physically present, the court reporter need not be physically present with the witness whose deposition is being taken. The Parties agree that the court reporter is an "Officer" as defined by Fed. R. Civ. P. 28(a)(2) and shall be permitted to administer the oath to the witness via the remote platform. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides. Before the deposition begins, the court reporter must affirm that he or she can clearly hear the witness and Participants (defined in Paragraph 4(e) below). The court reporter's transcript shall constitute the official record. At the outset of each deposition, the court reporter shall:

        (i) state his or her name, business name, and business address;

        (ii) state the current date and time;

        (iii) state the caption of the case;

        (iv) state the name of the witness; and

        (v) state the name of the Party on whose behalf the deposition is being taken.

    (c)    ***Required Technology.*** As further discussed below, the Party noticing a deposition to be conducted remotely must arrange for their chosen deposition service provider to provide all Participants (defined in Paragraph 4(e) below) with access to real time audio, video, and live transcription feeds of the deposition and access to all exhibits. The witness and all Participants in a remote deposition are responsible for obtaining access to the following technology:

        (i) a reliable Internet connection capable of supporting video feeds;

        (ii) computer or personal tablet with a camera; and

        (iii) telephone and/or audio capabilities through computer or tablet.

    (d)    ***Use of Technology by Witness.*** Apart from the technology needed to participate in the remote deposition, as set forth in Paragraph 4(c) above, the witness shall not use any technology, including, but not limited to, a computer, personal tablet, smartphone or smartphone extension (such as a smartwatch), while giving deposition testimony on the record. This provision does not prohibit the witness from using such technology to communicate with his or her counsel before or after the deposition, to the extent permitted by Paragraph 4(a), or during breaks when the witness is not providing sworn testimony on the record and no question is pending, in accordance with and to the extent permitted by the Federal Rules of Civil Procedure or any applicable rules of evidence and the Local Rules.

    (e)    ***Deposition Participation.*** The designated deposition service provider shall provide invitations and access to the remote deposition to the witness and all attorneys

participating in the deposition, including counsel of record, personal counsel for the witness, and counsel for Defendants or a non-party witness (collectively, "Participants"). This invitation to the deposition cannot be forwarded to anyone other than individuals who are employed by the Participants for purposes of assisting with the deposition. All Participants shall announce themselves, and who they represent, on the record at the beginning of the deposition. All Participants, other than the witness, court reporter, deposing attorney and any attorney raising an objection, will set their audio connection to mute to avoid unintentional noise. Only the witness, the defending attorney, and the deposing attorney shall appear on the video feed, provided that, as stated in Paragraph 4(a) above, the witness's attorneys shall appear on the video feed if they are physically present with the witness during the deposition; any other individual or Participant may appear only by telephone and/or audio and shall not appear on the video feed.

    (f) ***Remote Deposition Exhibits.*** For remote depositions, the deposition service provider shall utilize technology that allows each Participant to the deposition, including the witness, to control their version of any electronic exhibit introduced at the deposition. Specifically, the witness, and each Participant, shall have the ability to scroll through the entire exhibit on his or her own, using the controls on his or her computer. The deposing attorney may, however, utilize technology to direct the witness and Participants to particular parts of an exhibit.

    If the selected deposition service provider is unable to provide the witness and each Participant with access and control of the exhibits during the deposition, the deposing attorney shall provide the witness and Participants copies of the exhibits such that they receive them at least 24 hours in advance of the deposition's start time via physical mail in sealed envelopes or electronic means (*e.g.*, by email or secure file transfer). If physical copies of exhibits are sent in advance, the witness and receiving Participants shall open the exhibits' sealed envelope on screen

at the instruction of the deposing attorney and shall not open or review any such exhibits until instructed to do so by the deposing attorney after the deposition has commenced. If the exhibits are sent via electronic means, the deposing attorney may withhold a password to access the exhibits until immediately prior to the deposition's start time. A witness or Participant in receipt of exhibits in advance of the deposition's start time shall not review any exhibit until the deposing attorney offers the exhibit to the witness. Counsel for the witness shall advise the witness of this obligation. The deposing attorney shall not begin questioning a witness about an exhibit until the defending attorney has acknowledged that he or she and the witness have accessed a copy of the exhibit.

If a witness who has not requested a remote deposition would prefer to review the exhibits in hard copy, the Parties will meet and confer in advance of the deposition to determine how best to accomplish this in a manner consistent with the above procedure without unnecessarily delaying the deposition or prejudicing the deposing Party. However, in no event will a witness or Participant have access to exhibits in advance of the deposition's start time.

If the platform utilized does not permit the court reporter to mark exhibits remotely, the deposing attorney shall be responsible for pre-marking exhibits.

(g)     ***Videographer and Video Recording.*** To the extent that the noticing Party desires the deposition to be video recorded, that Party shall arrange for the use of a videographer and only those portions of the deposition that are on the record shall be recorded. Only the witness shall be recorded on both video and audio. No other Participants in the deposition shall be recorded on video, and only their audio will be recorded. The videographer shall also attend and be given access to participate in the remote deposition. If the witness agrees, the videographer may be present in the same room as the witness.

The Parties agree that these video-recorded remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at a trial or hearing, and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

(h) *Live Feed.* All Participants involved in a remote deposition shall have access to a live feed of the questioning and testimony, provided by the court reporter, if desired. The live feed shall not be recorded.

(i) *Technological Issues.* Participants and the witness shall login to the remote platform at least 15 minutes before the deposition is scheduled to start to allow any technological issues to be resolved prior to the start of the deposition. If any Participant has technological issues, he or she may request a break to address the technological issue. Should technological issues arise during the course of the remote deposition that prevent the witness, the court reporter, the deposing attorney, and/or the defending attorney from participating in the deposition, and such technological issues cannot be resolved in less than an hour, the deposition will be adjourned, and the Parties shall meet and confer regarding continuing and completing the remote deposition. For other technological issues that may arise during the deposition, the Parties will meet and confer in good faith to determine whether adjournment of the deposition is necessary. Any time lost to technological issues will not count against the deposing Party's allotted time of seven hours.

5. *Exhibit Numbers.* Each document marked for identification at a deposition shall be numbered with a new exhibit number. Exhibit numbers will be assigned by the court reporter service sequentially regardless of what Party marks the exhibit, and numbering of exhibits at each successive deposition will resume where the numbering at the preceding deposition ended.

8

Counsel will make their best efforts to use the previously marked exhibit number in subsequent depositions. The index of exhibits annexed to each deposition transcript shall contain both the document production number and the exhibit number for each document marked for identification at the deposition, and each exhibit referenced in the deposition. The index of exhibits annexed to each deposition transcript shall contain the document production number, the exhibit number for each exhibit marked for identification at the deposition, and each exhibit referenced in the deposition.

6. ***Length of Depositions.*** A deposition may proceed for longer than 7 testimonial hours only when (i) an agreement for a longer duration is reached between counsel for the Party that noticed the deposition and counsel for the deponent, or (ii) permitted by order of the Court.

7. ***Deposition Time.*** The Party that noticed the deposition is entitled to examine the witness for 7 hours of on-the-record time. For Party depositions, any other Party attending the deposition may examine the witness for additional time not to be counted against the 7 hours of on-the-record time to which the Party that noticed the deposition is entitled. For Non-party depositions, the Parties will meet and confer in good faith to explore whether the 7 hours of on-the-record time for examination can be divided in a manner that is mutually acceptable before cross-noticing any deposition or seeking intervention from the Court. In the event any Plaintiff notices a deposition and any Defendant notices the same witness (or vice versa), the deposition shall be scheduled for an additional consecutive day if the noticing Parties deem it necessary. The Parties may agree to a different arrangement in advance of the deposition or as ordered by the Court for good cause. Allotted time that is unused by the Party or Parties entitled to it may be used by any other Party at the deposition. These limitations may be modified if the length of a deposition is extended pursuant to this Protocol.

9

8. ***Number of Party Depositions.*** The Parties will negotiate in good faith a reasonable number of depositions that Plaintiffs may notice of each Defendant and that Defendants (collectively) may notice of each Plaintiff pursuant to Fed. R. Civ. P. 30(b)(1) and Fed. R. Civ. P. 30(b)(6). This Paragraph shall not apply to depositions of non-parties conducted pursuant to Fed. R. Civ. P. 45. Nothing herein prevents a party from seeking an order from the Court for additional depositions beyond the limit set forth in Fed. R. Civ. P. 30. Plaintiffs anticipate they will need more than 10 depositions. Defendants reserve all rights to object to any request for depositions beyond those permitted by right under Fed. R. Civ. P. 30(a).

9. ***Rule 30(b)(6) Depositions.*** To the extent practicable, 40 calendar days prior to any Fed. R. Civ. P. 30(b)(6) deposition, the Party that noticed the deposition shall provide to the Party that received the notice of deposition a list of topics about which the noticing Party intends to ask during the deposition. Seven calendar days prior to any Fed. R. Civ. P. 30(b)(6) deposition, the receiving Party shall provide to the noticing Party the name(s) and title(s) of the witness or witnesses who will be providing testimony on that Party's behalf, along with the specific topics to which the witness or witnesses will be testifying.

10. ***Number of Depositions per Day.*** The Parties shall use reasonable efforts to avoid having more than one deposition taken on any one day.

11. ***Deposition Notices.*** Deposition notices shall be governed by Fed. R. Civ. P. 30. The Parties shall meet and confer in good faith and attempt to schedule depositions at mutually convenient times to the extent practicable.

12. ***Daily Schedule.*** Unless otherwise agreed by counsel with respect to a specific deposition, no deposition shall take place between the hours of 11:00 p.m. and 8:30 a.m. (in the time zone where the witness is located) Monday through Friday. To the extent practicable, the

Parties shall make reasonable efforts to ensure (a) that depositions conclude by 7:30 p.m. in the time zone where the witness is located, and (b) that depositions not take place between the hours of 11:00 p.m. and 7:00 a.m. in the Eastern time zone. The Parties recognize that "(a)" and "(b)" may not both be practicable for certain remote depositions given the different time zones and locations of witnesses and deposing counsel (*e.g.*, New York City and Australia). This Paragraph shall not be construed to modify the durational limits on a deposition contained in Fed. R. Civ. P. 30 or to prejudice the examining Party's right to examine a witness for the hours allotted under this Protocol.

13. ***Holidays.*** Unless otherwise agreed among all Parties for good cause, no depositions shall be scheduled on the dates of in-person Court hearings, or on national or religious holidays. For the purposes of this Protocol, such holidays are: Rosh Hashanah (two days), Yom Kippur, Columbus Day, Veterans Day, Thanksgiving (Thursday and Friday), three business days before Christmas Day, New Year's Day, Martin Luther King Jr.'s birthday, President's Day, Good Friday and Easter Monday, Passover (first two days and preceding day), Memorial Day, Independence Day, and Labor Day. The deposition of a witness who resides outside of the United States shall not be scheduled on a national or religious holiday of the country where such witness resides.

14. ***Conduct of Counsel at Depositions.*** Depositions, including those conducted outside the United States or remotely, shall be governed by the Federal Rules of Civil Procedure, Local Rules, and Individual Rules.

(a) As provided in these rules, objections must be stated concisely in a nonargumentative and nonsuggestive manner. For example, "Objection, Form" or "Objection, calls for a legal conclusion" will be sufficient. The objection of counsel for one Defendant, or one

11

Plaintiff, to a question shall be deemed to have been made on behalf of all Defendants, or all Plaintiffs, and need not be repeated by counsel for another Defendant, or Plaintiff. Any objection to the form of a question by counsel for any Defendant or Plaintiff shall be deemed to have been made on all grounds for a form objection. Notwithstanding anything to the contrary in Fed. R. Civ. P. 32(d)(3), no objection other than an objection to the form of the question shall be waived by failure to assert it during the deposition.

(b) Counsel shall refrain from conducting or defending depositions in an abusive or dilatory manner. Nothing shall preclude counsel from seeking a protective order from the Court in appropriate circumstances. In that event, counsel shall cooperate in deferring answers to the contested questions until later in the deposition to permit counsel to contact the Court.

(c) If a privilege is claimed, the witness will nevertheless answer questions relevant to the existence, extent, or waiver of the privilege (without it being considered a waiver of the claimed privilege), such as, for example, the date of the communication, who made the statement, who, if anyone, was present other than counsel, and others to whom the communication was made known.

15. *Attendance at Depositions.* All Parties and their counsel may attend any live deposition and access any remote deposition noticed in this Action. Parties must provide reasonable notice of the number and identity of Participants prior to each scheduled deposition.

16. *Court Reporters.* The Party that noticed the deposition will be responsible for arranging for the deposition space, court reporter, and (if necessary) videographer. In the event that more than one Party notices a deposition, the Party that first notices the deposition will be so responsible. The court-reporting service(s) shall have remote access, teleconferencing, video-recording, and LiveNote capabilities for all depositions whenever possible. The court-reporting

service(s) shall record all conference calls with the Court that occur during any deposition as part of that day's deposition transcript. Each Party is responsible for ordering and paying for its own copies of the transcripts and/or video, unless the Parties agree to share costs.

17. ***Completion and Reopening of Depositions.*** Except by consent of the relevant Parties and the deponent or, where there is no agreement or consent, upon order of the Court, the deposition of any individual shall be taken only once.

18. ***Running Time.*** The court-reporting service shall maintain a total running time for on-the-record deposition testimony to record how much examination time is taken in each deposition.

19. ***Standard Stipulation.*** The following stipulation will apply to all depositions taken in this Action and shall be included in each transcript by the court reporter:

> Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. The witness shall have 30 days from the day of receipt, with extensions as agreed upon by the parties, within which to review, make any correction, sign the deposition transcript under penalty of perjury, and return it to counsel. The witness's counsel shall then promptly forward the original transcript plus corrections to the court reporter, with a copy to all parties. The time for review may be extended with the consent of the examining party.
>
> If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any corrections to testimony by the witness.
>
> If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes. The court reporter is otherwise relieved of any statutory duties relating to a witness's review of his or her transcript.

20. ***Confidentiality Provisions.*** Confidentiality of deposition testimony is governed by the Protective Order.

13

21. *Notification of Objections by Non-Parties.* In the event that a non-party seeks relief pursuant to Fed. R. Civ. P. 45 with respect to a subpoena served in connection with this case in any jurisdiction other than the United States District Court for the Southern District of New York, the Party that served the subpoena on the non-party will promptly notify the Court in this Action and the other Parties of such application.

### IV. MODIFICATIONS TO THE PROTOCOL

22. This Protocol shall continue in effect until modified by agreement of the Parties or order of the Court.

DATED: 9/23/2020

SO ORDERED.

_____
The Honorable Lewis A. Kaplan
United States District Judge

14