IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD DENNIS, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., AND FRONTPOINT FINANCIAL HORIZONS FUND, L.P., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE BANK, N.A. AUSTRALIA BRANCH, BNP PARIBAS, S.A., BNP PARIBAS, AUSTRALIA BRANCH, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS N.V., RBS GROUP (AUSTRALIA) PTY LIMITED, UBS AG, UBS AG, AUSTRALIA BRANCH, AUSTRALIA AND NEW ZEALAND BANKING GROUP LTD., COMMONWEALTH BANK OF AUSTRALIA, NATIONAL AUSTRALIA BANK LIMITED, WESTPAC BANKING CORPORATION, DEUTSCHE BANK AG, DEUTSCHE BANK AG, AUSTRALIA BRANCH, HSBC HOLDINGS PLC, HSBC BANK AUSTRALIA LIMITED, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, LLOYDS TSB BANK PLC, AUSTRALIA, MACQUARIE GROUP LTD., MACQUARIE BANK LTD., ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, ROYAL BANK OF CANADA, AUSTRALIA BRANCH, MORGAN STANLEY, MORGAN STANLEY AUSTRALIA LIMITED, CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, ICAP PLC, ICAP AUSTRALIA PTY LTD., TULLETT PREBON PLC, TULLETT PREBON (AUSTRALIA) PTY LTD., AND JOHN DOES NOS. 1-50.<br><br>Defendants. | Docket No. 16-cv-06496 (LAK)<br><br>[~~PROPOSED~~] SUPERSEDING ORDER GRANTING CONDITIONAL CLASS CERTIFICATION FOR PURPOSES OF CLASS ACTION SETTLEMENT WITH JPMORGAN CHASE & CO. AND JPMORGAN CHASE BANK, N.A. |

The parties to the Stipulation and Agreement of Settlement as to Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMorgan") dated November 20, 2018 ("Settlement Agreement") entered into by Representative Plaintiffs[1] and JPMorgan in the above-entitled action ("Action"), having previously applied for an order conditionally certifying a Settlement Class; the Court having previously issued an order on November 28, 2018 conditionally certifying a Settlement Class [ECF No. 229] ("the 2018 Order"); Representative Plaintiffs and JPMorgan (together, the "Parties") having executed an Amendment to the Settlement Agreement (the "Amendment"); Plaintiffs having filed an Motion for an Order amending the 2018 Order and for an Order Issuing Class Notice of Proposed Settlement; the Court having reviewed the Settlement Agreement and attached exhibits, and the Amendment and attached exhibits, which set forth the terms and conditions for a proposed settlement of and for dismissal of the Action with prejudice as against JPMorgan upon the terms and conditions set forth therein; and the Court having reviewed and considered the Motion, finds that the Motion is due to be granted.

All defined terms used in this Order shall have the same meanings as set forth in the Settlement Agreement or Amendment, except as otherwise defined herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. This Order supersedes the Court's November 28, 2018 Order [ECF 229].

2. For purposes of settlement only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court hereby certifies a Settlement Class consisting of all Persons (including both natural persons and entities) who purchased, acquired, sold, held, traded, or otherwise had any interest in, BBSW-

---

[1] Representative Plaintiffs are Richard Dennis, Sonterra Capital Master Fund, Ltd., FrontPoint Financial Services Fund, L.P., FrontPoint Asian Event Driven Fund, L.P., FrontPoint Financial Horizons Fund, L.P., Fund Liquidation Holdings, LLC, and any subsequently named plaintiff(s), including Orange County Employees Retirement System ("OCERS").

2

Based Derivatives[2] during the period January 1, 2003 through August 16, 2016, inclusive, provided that, if Representative Plaintiffs expand the putative or certified class in this Action in or through any subsequent amended complaint, class motion, or Other Settlement, the defined Settlement Class in this Order and the Settlement Agreement shall be expanded so as to be coterminous with such expansion. Excluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government. Notwithstanding the sentence above that "[e]xcluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government," and solely for purposes of this Settlement and this Settlement Class, Investment Vehicles[3] are not to be excluded from the Settlement Class solely on the basis of being deemed to be Defendants or affiliates, subsidiaries, parents or agents of Defendants or controlled by Defendants or affiliates, subsidiaries, parents or agents of Defendants. However, to the extent that any Defendant or any entity that might be deemed to be an affiliate, subsidiary, parent or agent thereof (i) managed or advised, and (ii) directly or indirectly held a beneficial interest in, said Investment Vehicle during the

---

[2] "BBSW-Based Derivatives" means any financial derivative instrument that is based or priced in whole or in part in any way on BBSW or in any way includes BBSW as a component of price (whether priced, benchmarked and/or settled by BBSW), entered into by a U.S. Person, or by a person from or through a location within the U.S., including, but not limited to: (i) Australian dollar foreign exchange ("FX") derivatives, including Australian dollar FX forwards (also known as "outright forwards" or "outrights"), Australian dollar FX swaps (also known as "currency swaps"), Australian dollar currency options, Australian dollar futures contracts (such as the Chicago Mercantile Exchange ("CME") Australian dollar futures contract) and options on such futures contracts; (ii) BBSW-based interest rate derivatives, including interest rate swaps, swaptions, forward rate agreements ("FRAs"), exchange-traded deliverable swap futures and options on those futures, 90-day bank accepted bill ("BAB") futures and options on those futures, and other over-the-counter ("OTC") contracts or publicly traded vehicles that reference BBSW; (iii) Australian dollar cross-currency swaps; and (iv) any other financial derivative instrument or transaction based in whole or in part on BBSW, or that in any way incorporates BBSW as a component of price, or is alleged by Representative Plaintiffs in this Action to be based in whole or in part on BBSW, or to in any way incorporate BBSW as a component of price. For the avoidance of doubt, BBSW-Based Derivatives do not include: (i) any BBSW-Based Deposits or Loans; or (ii) any Prime Bank Bills or Prime Bank eligible securities.

[3] "Investment Vehicles" means any investment company, separately managed account or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds; and (ii) employee benefit plans.

3

Settlement Class Period, that beneficial interest in the Investment Vehicle is excluded from the Settlement Class.

3. Solely for the purposes of effectuating the Settlement, the Court conditionally finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) have been satisfied as follows:

(a) the members of the Settlement Class are so numerous that joinder of all class members is impracticable;

(b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions;

(c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class;

(d) Representative Plaintiffs and Class Counsel will fairly and adequately represent and protect the interests of all of the members of the Settlement Class; and

(e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court appoints Lowey Dannenberg, P.C. and Lovell Stewart Halebian Jacobson LLP as Class Counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

5. The Court appoints A.B. Data, Ltd. as Settlement Administrator for purposes of the Settlement.

6. The Court appoints Citibank, N.A. as Escrow Agent for purposes of the Settlement Fund defined in the Settlement Agreement. The Court approves the establishment of the Settlement Fund as qualified settlement funds pursuant to Section 468B of the Internal Revenue

4

Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

7. The Court appoints Richard Dennis, Sonterra Capital Master Fund, Ltd., FrontPoint Financial Services Fund, L.P., FrontPoint Asian Event Driven Fund, L.P., FrontPoint Financial Horizons Fund, L.P., and Fund Liquidation Holdings, LLC, and any subsequently named plaintiff(s), including Orange County Employees Retirement System ("OCERS"), will serve as representatives of such Settlement Class for purposes of the Settlement.

8. All proceedings in the Action as to JPMorgan, other than proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

9. A hearing (the "Fairness Hearing") will be held on a date of the Court's convenience on __Jan. 5__, 2022 at __10:00__ [a.m./~~p.m.~~] ~~[at least 300 days after entry of this Order]~~ in Courtroom 21B of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement Agreement. The foregoing date, time, and place of the Fairness Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the members of the Settlement Class, other than that which may be posted at the Court or on the Settlements website at www.BBSWSettlement.com.

10. The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

11. Representative Plaintiffs, all members of the Settlement Class and their legally authorized representatives, unless and until they have submitted a valid request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined, pending determination by the Court of whether the Settlement should be approved, (i) from filing,

5

commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any members of the Settlement Class (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on the Released Claims.

12. Within one hundred and twenty (120) days after entry of this Order, the Settlement Administrator shall cause copies of the mailed notice, in the form (without material variation) of Exhibit 4 to the Joint Declaration of Vincent Briganti and Christopher McGrath, dated March 1, 2021 ("Joint Decl."), to begin being mailed by United States first class mail, postage prepaid, to the following: (a) JPMorgan's and any other settling Defendants' known counterparties for BBSW-Based Derivatives during the Class Period based on transactional and other data provided by (or to be provided by) JPMorgan and any other settling Defendants'; (b) non-settling Defendants' known counterparties for BBSW-Based Derivatives, to the extent they are identified during the course of discovery and prior to the deadline to complete mailing pursuant to this Order; (c) market participants that provided names of counterparties in BBSW-Based Derivatives pursuant to a subpoena and prior to the deadline to complete mailing pursuant to this Order; and (iv) A.B. Data's proprietary list of banks, brokers, and other nominees, which are likely to trade or hold BBSW-Based Derivatives on behalf of themselves and/or their clients. The foregoing initial mailing shall be completed no later than one hundred eighty (180) days after the date of the entry of this Order.

6

Case 1:16-cv-06496-LAK-GWG   Document 450-1   Filed 03/02/21   Page 7 of 18

13.     To any extent that the reasonably available names and last known addresses of JPMorgan's known counterparties for BBSW-Based Derivatives during the Class Period are believed to be protected by foreign countries' laws or regulations relating to bank secrecy, data protection, data privacy, or confidentiality, JPMorgan (or an agent of JPMorgan) shall obtain copies of the mailed notice from the Settlement Administrator and cause such copies to be mailed to such customers. Properly documented and reasonable fees, costs and expenses actually incurred by JPMorgan or its agent(s) in connection with notifying members of the Settlement Class in accordance with this paragraph 13 shall be paid from the Settlement Fund. Any mailing in accordance with this paragraph must be completed no later than one hundred eighty (180) days after the date of the entry of this Order. To the extent this provision applies, JPMorgan (or an agent or agents of JPMorgan) shall file a declaration or declarations with the Court attesting to their compliance with this provision of the Order no later than sixty (60) calendar dates before the Fairness Hearing.

14.     Within one hundred and twenty (120) days after entry of this Order, the Settlement Administrator shall begin to cause to be published a publication notice, without material variation from Exhibit 5 to the Joint Decl., as follows: (a) one time in the Wall Street Journal, Investor's Business Daily, The Financial Times, Stocks & Commodities, Global Capital, Hedge Fund Alert, and Grant's Interest Rate Observer; (b) for at least two weeks on websites Zacks.com, Traders.com, GlobalInvestorGroup.com, and GlobalCapital.com; (c) once in e-newsletters from Global Investor Group, Stocks & Commodities, Zacks.com, and Barchart.com; (d) one email "blast" to subscribers of Stocks & Commodities and Zacks.com; and (e) one news release via PR Newswire's US1 Newsline.

15.     The Settlement Administrator shall continue to maintain a Settlements website, www.BBSWSettlement.com, until the termination of the administration of the Settlement

7

Case 1:16-cv-06496-LAK-GWG   Document 450-1   Filed 03/02/21   Page 8 of 18
Case 1:16-cv-06496-LAK-GWG   Document 460   Filed 03/30/21   Page 8 of 18

("Settlements website"). The website shall include copies of the Settlement Agreement (including exhibits), this and any previous Orders, the mailed and publication notices, the motions for conditional certification and all exhibits attached thereto, and the proposed Distribution Plan following submission to the Court, shall identify important deadlines, and provide answers to frequently asked questions. The website may be amended as appropriate during the course of the administration of the Settlement. The Settlements website, www.BBSWSettlement.com, shall be searchable on the Internet.

16. The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

17. The Court approves, in form and substance, the mailed notice, the publication notice, and the website as described herein. The Class Notice plan specified herein (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency and status of this Action and of their right to object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws.

18. At least ninety (90) days prior to the Fairness Hearing, Representative Plaintiffs shall file with the Court a copy of the proposed Distribution Plan and Proof of Claim and Release. The proposed Distribution Plan and Proof of Claim and Release shall be posted on the Settlements website as soon as practicable after it is filed with the Court.

19. At least sixty (60) days prior to the Fairness Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 12-16 of this Order.

20. Any member of the Settlement Class that has not requested exclusion and that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for attorneys' fees and expenses, or the Final Approval Order and Final Judgment, or who otherwise wishes to be heard or intervene, may appear in person or by his or her attorney at the Fairness Hearing to present evidence or argument that may be proper and relevant. However, except for good cause shown, no such Person other than Class Counsel and JPMorgan's counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any such Person shall be considered by the Court unless, not later than sixty (60) days prior to the Fairness Hearing, the member of the Settlement Class files with the Court (and serves the same on or before the date of such filing by hand or overnight mail on Class Counsel and JPMorgan's counsel) a statement of the objection or motion to intervene, as well as the specific legal and factual reasons for each objection or motion to intervene, including all support that the objecting member of the Settlement Class wishes to bring to the Court's attention and all evidence the objecting member of the Settlement Class wishes to introduce in support of his, her, or its objection or motion. Such submission must contain: (1) a heading that refers to this Action by case name and case number; (2) a statement of whether the objecting or intervening Person intends to appear at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number; (3) a statement of the specific legal and factual basis for each objection or intervention argument, including whether the objection applies only to the objecting Person, a specific subset of the Settlement Class or the entire Settlement Class; (4) a description of any and all evidence the objecting Person may offer at the Fairness Hearing, including

9

but not limited to, (a) the names, addresses, and expected testimony of any witnesses; (b) all exhibits intended to be introduced at the Fairness Hearing; and (c) documentary proof of the objecting Person's membership in the Settlement Class; (5) a description of the BBSW-Based Derivatives transactions entered into by the member of the Settlement Class that fall within the Settlement Class definition, including, (a) the number and extent of the transactions in BBSW-Based Derivatives which the member of the Settlement Class purchased, acquired, sold, held, traded, or otherwise had any interest in during the Settlement Class Period, (b) the notional value or amount of each of the aforementioned transactions; and (c) the effective and maturity date and/or trade and value dates for each of the aforementioned transactions; and (6) a list of other cases in which the objector or intervenor or counsel for the objector or intervenor has appeared either as an objector or counsel for an objector in the last five years. Persons who have timely submitted a valid Request for Exclusion are not members of the Settlement Class and are not entitled to object.

21. Any objection to the Settlement or motion to intervene submitted by a member of the Settlement Class pursuant to paragraph 20 of this Order must be signed by the member of the Settlement Class (or his, her, or its legally authorized representative), even if the member of the Settlement Class is represented by counsel. The right to object to the proposed Settlement or to intervene must be exercised individually by a member of the Settlement Class or the Person's attorney, and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by a member of the Settlement Class's legally authorized representative.

22. Any motion to intervene must comply with the Federal Rules of Civil Procedure and the Local Rules of the Court.

10

23. All objectors shall make themselves available to be deposed by any Party in the Southern District of New York or the county of the objector's residence or principal place of business within seven (7) days of service of the objector's timely written objection.

24. Any Settlement Class Member that fails to object or move to intervene in the manner described in paragraphs 20-23 of this Order shall be deemed to have waived the right to object (including any right of appeal) or to intervene and shall be forever barred from raising such objection or seeking to intervene in this or any other action or proceeding related to or arising out of the Settlement. Discovery concerning any purported objections to the Settlement and any purported motions to intervene shall be completed no later than seven (7) days before the Fairness Hearing. Class Counsel, JPMorgan's counsel, and any other Persons wishing to reply to or otherwise oppose timely-filed objections in writing may do so not later than seven (7) days before the Fairness Hearing.

25. The Settlement Administrator shall furnish Class Counsel and JPMorgan's Counsel with copies of any and all objections, motions to intervene, notices of intention to appear, and any other communications from purported members of the Settlement Class concerning objections that come into its possession (except as otherwise expressly provided in the Settlement Agreement) as they become available.

26. Any Request for Exclusion from the Settlement by a member of the Settlement Class must be sent in writing by U.S. first class mail (or, if sent from outside the U.S., by a service that provides for guaranteed delivery within five (5) or fewer calendar days of mailing) to the Settlement Administrator at the address in the mailed notice and received no later than sixty (60) days before the Fairness Hearing (the "Exclusion Bar Date"). Any Request for Exclusion must contain the following information:

11

(a) the name, address, and telephone number of the member of the Settlement Class;

(b) a list of all trade names or business names that the member of the Settlement Class requests to be excluded;

(c) the name of this Action ("*Dennis, et al. v. JPMorgan Chase & Co., et al.*, No. 16-cv-06496 (LAK) (S.D.N.Y.)");

(d) a statement certifying such person is a member of the Settlement Class;

(e) a description of the BBSW-Based Derivatives transactions entered into by the member of the Settlement Class that fall within the Settlement Class definition, including,

    i. the number and extent of the transactions in BBSW-Based Derivatives which the member of the Settlement Class purchased, acquired, sold, held, traded, or otherwise had any interest in during the Settlement Class Period;

    ii. the notional value or amount of each of the aforementioned transactions; and

    iii. the effective and maturity date and/or trade and value dates for each of the aforementioned transactions;

(f) a statement that "I/we hereby request that I/we be excluded from the Settlement Class in *Dennis, et al. v. JPMorgan Chase & Co., et al.*, No. 16-cv-06496 (LAK) (S.D.N.Y.) for the Settlement with JPMorgan"; and

(g) a statement specifying whether such person is requesting exclusion from the Settlement Class as it relates to the Settlement.

27. Any Request for Exclusion from the Settlement submitted by a member of the Settlement Class pursuant to paragraph 26 of this Order must be signed by the Settlement Class

12

Member (or his, her, or its legally authorized representative) even if the member of the Settlement Class is represented by counsel. The right to be excluded from the proposed Settlement must be exercised individually by a member of the Settlement Class or his, her, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by a member of the Settlement Class's legally authorized representative. A Request for Exclusion shall not be effective unless it provides all of the required information listed in paragraph 26 of this Order, complies with this paragraph 27, and is received by the Exclusion Bar Date, as set forth in the Class Notice.

28. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in paragraphs 26-27 shall be excluded from the Settlement Class as to the JPMorgan Settlement, shall have no rights with respect to the Settlement Agreement, shall receive no payment from the sums provided for in the Settlement Agreement and shall be deemed to have excluded themselves from the Action as against JPMorgan, including but not limited to any and all future prosecution of the Action against JPMorgan.

29. The Parties may request leave of the Court to seek discovery, including by subpoena, from any Settlement Class Member who submits any Request for Exclusion.

30. The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide to Class Counsel and JPMorgan's Counsel copies of the log, each Request for Exclusion (including all documents submitted with such requests), and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and in no event later than two business days after receipt.

31. At least fifteen (15) days before the Fairness Hearing, the Settlement Administrator shall prepare an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from the Settlement Class, as provided in the Settlement Agreement, and an affidavit

attesting to the accuracy of the opt-out list. Class Counsel shall file the opt-out list and affidavit of the Settlement Administrator attesting to the accuracy of such list with the Court.

32. Any member of the Settlement Class who does not submit a timely and valid written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Action that relate to the Settlement.

33. All Proofs of Claim and Release shall be submitted by members of the Settlement Class to the Settlement Administrator as directed in the mailed notice and must be postmarked no later than seventy-five (75) days after the Fairness Hearing.

34. To effectuate the Settlement and the notice provisions, the Settlement Administrator shall be responsible for: (a) establishing a P.O. Box (to be identified in the mailed notice and the publication notice described in paragraphs 12 and 14 above), a toll-free interactive voice response telephone system and call center, and a website for the purpose of communicating with members of the Settlement Class; (b) effectuating the Class Notice plan, including by running potential members of the Settlement Class's addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from members of the Settlement Class, including Proofs of Claim and Release, and other documents relating to the Settlement and its administration; (d) administering claims for allocation of funds among members of the Settlement Class; (e) determining the timeliness of each Proof of Claim and Release submitted by members of the Settlement Class, and the adequacy of the supporting documents submitted by members of the Settlement Class; (f) corresponding with members of the Settlement Class regarding any deficiencies in their Proofs of Claim and Release and regarding the final value of any allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the Distribution Plan; (h) determining the timeliness and validity of all Requests for Exclusion received from members of the Settlement Class; (i) preparing the opt-out list and an affidavit attaching and attesting to the

14

Case 1:16-cv-06496-LAK-GWG Document 450-1 Filed 02/02/21 Page 15 of 18

accuracy of such list, and providing same to Class Counsel and JPMorgan's Counsel; and (j) providing Class Counsel and JPMorgan's Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests).

35. Neither this Order, the Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or Settlement, whether or not the Settlement shall become Final, is or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of the validity of any claims, alleged wrongdoing, or liability of JPMorgan or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any artificiality of any interest benchmark or other interest rate; (e) any fault or omission of JPMorgan in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (f) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither this Order, the Settlement Agreement (including its exhibits), nor the Settlement contained therein, whether or not the Settlement shall become Final, nor any negotiations, documents and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which the Settlement Agreement is asserted as a defense (in which case this paragraph does not apply). All rights of JPMorgan and Representative Plaintiffs are reserved and retained if the Settlement does not become Final in accordance with the terms of the Settlement Agreement.

36. Neither this Order, the Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement

15

or the Settlement is or may be used as an admission or evidence that the claims of Representative Plaintiffs lacked merit in any proceeding against anyone in any court, administrative agency, or other tribunal.

37. Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlement at least seventy-five (75) days prior to the Fairness Hearing. Any reply briefs concerning Class Counsel's motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlement shall be filed no later than seven (7) days prior to the Fairness Hearing.

38. If the Settlement is approved by the Court following the Fairness Hearing, a Final Approval Order and Final Judgment will be entered as described in the Settlement Agreement.

39. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to members of the Settlement Class, other than that which may be posted at the Court or on the Settlement website, www.BBSWSettlement.com. Class Counsel may move the Court for permission to combine notice of the Settlement with any other settlements that may be reached.

40. In the event that the Settlement is terminated in accordance with its provisions, such terminated Settlement Agreement and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with it, and any Requests for Exclusion from the Settlement previously submitted and deemed to be valid and timely, shall, without the need for further action by the Court or either of the Parties, be null and void and be of no force and effect, except as expressly provided to the contrary in the Settlement Agreement, and shall be without prejudice to the *status quo ante* rights of the Parties and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity. Each Party shall be restored to his, her or its respective position as

Case 1:16-cv-06496-LAK-GWG Document 450-1 Filed 02/02/21 Page 17 of 18

it existed as of June 5, 2018. In such circumstances, each of the Parties shall retain its currently existing rights to seek or to object to the certification of this litigation as a class action under FED. R. CIV. P. 23, or any state or federal rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

41. Except as otherwise provided herein, in the event that the Settlement Agreement is terminated, vacated, not approved, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status in the Action as of June 5, 2018 and the Settlement Amount, and all interest earned in the Settlement Fund on that Settlement Amount, shall be refunded, reimbursed, and repaid to JPMorgan to the extent provided in the Settlement Agreement.

42. All funds held by the Escrow Agent shall be deemed and considered to be *in custodial legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement, returned to the Person(s) paying the same pursuant to the Settlement Agreement and/or further order(s) of the Court.

43. If the Settlement is terminated pursuant to Section 21 of the Settlement Agreement or if the Settlement is ultimately not approved or does not become final for any reason, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

44. Counsel for JPMorgan shall, at or before the Fairness Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA").

45. The Court's conditional certification of the Settlement Class and appointment of Representative Plaintiffs as class representatives, as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Representative Plaintiffs to certify a class. The Court's findings in this Conditional Certification Order shall have no effect on

17

the Court's ruling on any motion to certify any class in this litigation, or appoint class representatives, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

46. If any deadline falls on a Saturday, Sunday, or legal holiday, such deadline shall be extended until the next business day that is not a Saturday, Sunday, or legal holiday.

ENTERED this 30th day of March 2021.

Hon. Lewis A. Kaplan
United States District Judge

18