**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD DENNIS, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., and ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | Docket No. 16-cv-06496 (LAK) |

Plaintiffs,

-against-

JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., BNP PARIBAS, S.A., THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS N.V., RBS GROUP (AUSTRALIA) PTY LIMITED, UBS AG, AUSTRALIA AND NEW ZEALAND BANKING GROUP LTD., COMMONWEALTH BANK OF AUSTRALIA, NATIONAL AUSTRALIA BANK LIMITED, WESTPAC BANKING CORPORATION, DEUTSCHE BANK AG, HSBC HOLDINGS PLC, HSBC BANK AUSTRALIA LIMITED, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, MACQUARIE GROUP LTD., MACQUARIE BANK LTD., ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, MORGAN STANLEY, MORGAN STANLEY AUSTRALIA LIMITED, CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, ICAP PLC, ICAP AUSTRALIA PTY LTD., TULLETT PREBON PLC, TULLETT PREBON (AUSTRALIA) PTY LTD., AND JOHN DOES NOS. 1-50.

Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUPERSEDING ORDERS FOR CONDITIONAL CLASS CERTIFICATION FOR PURPOSES OF CLASS ACTION SETTLEMENTS WITH JPMORGAN CHASE & CO. AND JPMORGAN CHASE BANK, N.A. AND WESTPAC BANKING CORPORATION, AND FOR ORDERS APPROVING CLASS NOTICE PLAN AND SCHEDULING HEARING FOR FINAL APPROVAL OF THE SETTLEMENTS WITH WESTPAC BANKING CORPORATION, AUSTRALIA AND NEW ZEALAND BANKING GROUP LIMITED, COMMONWEALTH BANK OF AUSTRALIA, NATIONAL AUSTRALIA BANK LIMITED, JPMORGAN CHASE & CO. AND JPMORGAN CHASE BANK, N.A., AND MORGAN STANLEY AND MORGAN STANLEY AUSTRALIA LIMITED**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 2

ARGUMENT ............................................................................................................................... 4

   I.    THE COURT SHOULD APPROVE THE PROPOSED NOTICE PLAN AND
        FORMS OF NOTICE FOR THE SETTLEMENTS ...................................................... 4

   II.   PLAINTIFFS PROPOSE TO RETURN TO THE COURT FOR APPROVAL OF
        THE DISTRIBUTION PLAN AND CLAIM FORM FOLLOWING RECEIPT OF
        COOPERATION MATERIALS AND DISCOVERY FROM NON-SETTLING
        DEFENDANTS ............................................................................................................ 8

   III.  THE COURT SHOULD ISSUE THE SUPERSEDING ORDERS
        CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS IN LIGHT OF
        THE JPMORGAN SECOND AMENDMENT AND THE WESTPAC
        AMENDMENT ............................................................................................................ 9

   IV.  THE COURT SHOULD APPROVE PLAINTIFFS' PROPOSED SCHEDULE ....... 10

CONCLUSION ........................................................................................................................... 11

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*In re "Agent Orange" Prod. Liab. Litig.*,
 818 F.2d 145 (2d Cir. 1987) ............................................................................. 4

*Soberal-Perez v. Heckler*,
 717 F.2d 36 (2d Cir. 1983) ............................................................................... 4

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
 396 F.3d 96 (2d Cir. 2005) ........................................................................ 4, 6, 7

*Weigner v. City of New York*,
 852 F.2d 646 (2d Cir. 1988) ............................................................................. 4

**Rules**

FED. R. CIV. P. 23 (e)(1)(B) ..................................................................................... 4

FED. R. CIV. P. 23(c)(2)(B) ................................................................................... 4, 8

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs[1] respectfully submit this memorandum of law and the Joint Declaration of Vincent Briganti and Christopher McGrath dated January 13, 2022 ("Joint Decl.") in support of their motion seeking approval of a form and plan of notice to the settlement class and the scheduling of a fairness hearing for purposes of Plaintiffs' six proposed class action settlements with Defendants Westpac Banking Corporation ("Westpac"), Australia and New Zealand Banking Group Limited ("ANZ"), Commonwealth Bank of Australia ("CBA"), National Australia Bank Limited ("NAB"), JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan"), and Morgan Stanley and Morgan Stanley Australia Limited (collectively, "Morgan Stanley").[2]  A proposed order for each Settlement is filed herewith.

Plaintiffs additionally request that the Court enter superseding orders conditionally certifying the Settlement Class with respect to the Westpac and JPMorgan Settlements in light of the amendment of the JPMorgan and Westpac Settlement Agreements.[3]

---

[1] For purposes of this motion "Plaintiffs" means Plaintiffs Richard Dennis ("Dennis") and Orange County Employees Retirement System ("OCERS").  Unless otherwise noted, ECF citations are to the docket in *Richard Dennis, et al. v. JPMorgan Chase & Co., et al.*, No. 16-cv-06496 (LAK) (S.D.N.Y.) and internal citations and quotation marks are omitted.

[2] For purposes of this motion, "Settlement Agreements" or "Settlements" collectively refers to the six above-referenced Settlement Agreements. *See* ECF Nos. 452-1, Joint Decl. Ex. 5 (Westpac Settlement); ECF No. 490-1 (ANZ Settlement); ECF No. 490-2 (CBA Settlement); ECF No. 490-3 (NAB Settlement); ECF Nos. 225-1, 452-2, Joint Decl., Ex. 4 (JPMorgan Settlement); ECF Nos. 490-4, Joint Decl. Ex. 6 (Morgan Stanley Settlement).  "Settling Defendants" collectively refers to Westpac, ANZ, CBA, NAB, JPMorgan and Morgan Stanley.

[3] Plaintiffs and Morgan Stanley have also entered into an amendment of the Morgan Stanley Settlement Agreement.  However, as the Court has not yet granted conditional certification of the Settlement Class as to the Morgan Stanley Settlement, Plaintiffs have submitted an amended proposed order seeking conditional certification of the Settlement Class that incorporates the amendment to the Morgan Stanley Settlement, which is attached as Exhibit 9 to the Joint  Declaration and is filed herewith as a proposed order.

## PRELIMINARY STATEMENT

**Proposed Settlements**.  Plaintiffs have reached Settlements with six defendants.[4]  The Settlements provide for non-reversionary cash payments totaling **$137,000,000**, plus cooperation from each Settling Defendant.  Mem. Of Law in Support of Mot. To Certify Class Conditionally for Purposes of Class Action Settlements, ECF No. 489 at 1.  The Court previously granted conditional certification of a settlement class in connection with Plaintiffs' proposed settlements with Westpac and JPMorgan.  *See* Order Granting Conditional Class Certification for Purposes of Class Action Settlement with Westpac Banking Corporation, ECF No. 459 ¶3; Superseding Order Granting Conditional Class Certification for Purposes of Class Action Settlement with JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A., ECF No. 460 ¶3.  On December 10, 2021, Plaintiffs filed a motion seeking conditional certification in connection with their proposed settlements with ANZ, CBA, NAB and Morgan Stanley.  *See* ECF Nos. 488-494.[5]

**Notice Plan**.  The multi-pronged notice plan proposed by Plaintiffs herein is the same notice plan the Court previously approved, which the Court found to be the best notice practicable under the circumstances and to otherwise satisfy Fed. R. Civ. P. 23 and due process.  *Compare* ECF Nos. 459 ¶17, 460 ¶17 *with* "I.A" below.  The proposed notice plan, which includes mail

---

[4] The remaining six non-settling defendants are: BNP Paribas, S.A. ("BNPP"); Credit Suisse AG ("CS"); Deutsche Bank AG ("DB"); Royal Bank of Canada ("RBC"); Royal Bank of Scotland plc ("RBS"); and UBS AG ("UBS").

[5] The Settlement Class is defined as:

> All Persons (including both natural persons and entities) who purchased, acquired, sold, held, traded, or otherwise had any interest in, BBSW-Based Derivatives during the Settlement Class Period, provided that, if Representative Plaintiffs expand the putative or certified class in this Action in or through any subsequent amended complaint, class motion, or Other Settlement, the defined Settlement Class in this Settlement Agreement shall be expanded so as to be coterminous with such expansion. Excluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government.

notice, broad publication notice (both print and electronic) and a settlement website is the same type of notice plan that has repeatedly been approved in prior class action settlements. *See* "I" below.

 **Form of Notice**.  The forms of the proposed mail notice and publication notice are substantially similar to the forms of notice previously approved by the Court in connection with the Westpac and JPM Settlements, which the Court found satisfied Fed. R. Civ. P. 23(c)(2)(B). *Compare* ECF Nos. 459 ¶¶13-17, 460 ¶¶12-17 *with* "I.B" below.  Plaintiffs have updated the previously approved notices to include the same types of information concerning the additional four settlements. *See* Joint Decl. Exs. 2-3.

 **Amendments to Settlements.**  Following the filing of the ANZ, CBA, and NAB Settlement Agreements, and pursuant to the terms of their respective Settlements, Plaintiffs entered into (i) a Second Amendment to the JPMorgan Settlement Agreement (the "JPMorgan Second Amendment"), (ii) an Amendment to the Westpac Settlement Agreement (the "Westpac Amendment"), and (iii) an Amendment to the Morgan Stanley Settlement Agreement (the "Morgan Stanley Amendment") in which the "Releasing Parties" term was amended to be coterminous with that in the ANZ, CBA, and NAB Settlements.[6]  No monetary or other terms were amended. *See* "III" below.

 **Schedule Leading to Fairness Hearing**.  Plaintiffs have proposed a schedule that would, among other things, set (a) a date for a fairness hearing, (b) deadlines for executing the proposed the notice plan, and (c) deadlines for class members to object to the settlements and request exclusion from the class. *See* "IV" below.

---

[6] *See* Joint Decl. Exs. 4, 5 and 6.

## <u>ARGUMENT</u>

I.   **THE COURT SHOULD APPROVE THE PROPOSED NOTICE PLAN AND FORMS OF NOTICE FOR THE SETTLEMENTS**

   A.   **The Proposed Notice Plan Satisfies Fed. R. Civ. P. 23(e) and 23(c)(2)(B)**

   <u>Legal Standard</u>.   Rule 23 and due process require that the settlement class receive "adequate" notice of a class action settlement. *See Wal-Mart Stores v. Visa U.S.A.*, 396 F.3d 96, 113-14 (2d Cir. 2005). Whether notice is "adequate" depends on whether it is reasonable given the circumstances. *See* FED. R. CIV. P. 23 (e)(1)(B) ("The court must direct notice in a reasonable manner to all class members who would be bound by the proposal . . . ."); FED. R. CIV. P. 23(c)(2)(B) (Rule 23(b)(3) class members must be given "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."); *see also Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988) (due process does not require actual notice to every class member, as long as class counsel "acted reasonably in selecting means likely to inform persons affected."); *Soberal-Perez v. Heckler*, 717 F.2d 36, 43 (2d Cir. 1983) (noting the "basic standard to be applied is one of reasonableness."). Accordingly, courts are afforded "considerable discretion" in fashioning a notice plan. *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 168 (2d Cir. 1987).

   <u>The Proposed Notice Plan</u>.   Plaintiffs' proposed notice plan is the same plan the Court previously approved in connection with Plaintiffs' proposed settlements with Westpac and JPMorgan.[7]   *See* ECF Nos. 459 ¶¶13-16, 460 ¶¶12-16.   The Court found that this plan of notice satisfied Fed. R. Civ. P. 23(c)(2)(B) and was the best notice practicable under the circumstances. ECF Nos. 459 ¶17, 460 ¶17.

---

[7] The notice with respect to Plaintiffs' settlements with Westpac and JPM was held in abeyance so that notice of those two settlements could be efficiently combined with notice of Plaintiffs' proposed settlements with ANZ, CBA, NAB and Morgan Stanley.  ECF No. 461.

The proposed multi-pronged notice plan is as follows. First, the Settlement Administrator (*see* below) will cause the mail notice (Joint Decl., Ex. 2) to be sent, via First-Class Mail, postage prepaid, to the following categories of potential class members: (i) Settling Defendants' known counterparties for BBSW-Based Derivatives during the Class Period based on transactional and other data provided by Settling Defendants; (ii) non-settling Defendants' known counterparties for BBSW-Based Derivatives, to the extent they are identified during the course of discovery and prior to the completion of the notice plan; (iii) counterparties in BBSW-Based Derivatives that were identified by market participants, including banks, brokers, and futures commission merchants, pursuant to subpoenas issued by Plaintiffs' Counsel; and (iv) the Settlement Administrator's proprietary list of banks, brokers, and other nominees, which are likely to trade or hold BBSW-Based Derivatives on behalf of themselves and their clients. *Id.*, Ex. 1 at 2. The mail notice also requests that certain categories of recipients forward the notice to their clients or provide their list of clients to the Settlement Administrator for the purpose of sending individual notice. The foregoing mail notice is reasonably calculated to reach class members that can be identified through reasonable effort. The database of these recipients will be continually updated to capture any address changes, including any changes to the counterparty information made available to the Settlement Administrator.

Second, the Settlement Administrator will cause the publication notice (Joint Decl., Ex. 3) to be published in The Wall Street Journal, Investor's Business Daily, The Financial Times, Stocks & Commodities, Global Capital, Hedge Fund Alert, and Grant's Interest Rate Observer, and on websites Zacks.com, Traders.com, GlobalInvestorGroup.com, and GlobalCapital.com. In addition, the Settlement Administrator will cause the publication notice to be published in e-newsletters from Global Investor Group, Stocks & Commodities, Zacks.com, and Barchart.com,

as well as in email "blasts" to subscribers of Stocks & Commodities and Zacks.com. The Settlement Administrator also will disseminate a news release via PR Newswire's US1 Newsline distribution list to announce the Settlements, which will be distributed to the news desks of approximately 10,000 newsrooms, including print, broadcast, and digital websites across the United States. Class members that do not receive the notice via direct mail may receive it through one of the foregoing publications or by word of mouth.

Third, the Settlement Administrator will maintain a Settlement Website (www.BBSWSettlement.com) that will serve as a source for class members to obtain necessary information regarding the Settlements. From the Settlement Website, class members may review and obtain: (i) the Settlement Agreements with Settling Defendants; (ii) the full-length mail and publication notices; (iii) Court orders and key pleadings; (iv) the proposed Distribution Plan (when available); and (v) a Proof of Claim form for the Settlements (when available). The notices and Settlement Website will be supplemented by a toll-free telephone number that class members can use to contact the Settlement Administrator with questions and to facilitate the filing of claims. Plaintiffs' Counsel's contact information is also reflected in the notices and Settlement Website and they remain available to answer questions and assist class members.

This type of multi-faceted notice program, which combines individual mail notice and publication notice, has routinely been approved by federal courts in complex class actions, including those prosecuted in this Circuit. *See, e.g., Wal-Mart Stores*, 396 F.3d at 105 (affirming "notice plan that required mailing the settlement notice to class members and publishing a condensed version of the settlement notice in numerous widely-distributed publications."). The notice plan proposed in this case is similar to notice plans that have been approved for use in other

complex class actions in this District, including class actions that involved alleged manipulation of interest rates.[8]

**The Settlement Administrator**.   The proposed notice plan will be executed by the Settlement Administrator, which Plaintiffs have proposed to be A.B. Data, Ltd. ("A.B. Data"). The Court previously approved the appointment of A.B. Data as Settlement Administrator in connection with the JPMorgan and Westpac Settlements.  ECF Nos. 329, 332, 450, 459. Plaintiffs' Counsel selected A.B. Data to develop the notice plan based on A.B. Data's substantial expertise in administering class action settlements involving financial instruments traded in over-the-counter and exchange markets, including futures contracts, options contracts, swaps, and forwards, which are amongst the financial instruments included in the proposed settlements.  *See* Declaration of Linda Young, attached as Ex. 1 to the Joint Decl.  As described above, the notice plan readily satisfies Rule 23's requirements and due process. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 113-14 (2d Cir. 2005).

****

Plaintiffs respectfully request that the Court approve the notice plan, the form of the mail and publication notices and appoint A.B. Data as Settlement Administrator.

**B.**     **The Mail Notice and Publication Notice Satisfy Fed. R. Civ. P. 23(c)(2)(B)**

**Legal Standard**.  The Federal Rules require that a class notice include: "(i) the nature of the action; (ii) the definition of the [settlement] class certified; (iii) the class claims, issues, or defenses; (iv) [a directive] that a class member may enter an appearance through an attorney if the

---

[8] *See, e.g., Laydon v. Mizuho Bank, Ltd.*, No. 12-cv-3419 (S.D.N.Y) and *Sonterra Capital Master Fund, Ltd. v. UBS AG*, No. 15-cv-5844 (S.D.N.Y.) (Euroyen-based derivatives); *Sullivan v. Barclays plc*, No. 13-cv-2811 (S.D.N.Y.) (Euribor products); *In re Libor-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262 (NRB) (S.D.N.Y.) (exchange-based products); *In re Crude Oil Commodity Futures Litig.*, No. 11-cv-3600 (S.D.N.Y.) (exchange-traded products).

7

member so desires; (v) that the court will exclude from the class any member who [timely] requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members [of the settlement class] under Rule 23(c)(3)." *See* FED. R. CIV. P. 23(c)(2)(B).

**The Class Notice**.   The mail and publication notices satisfy each of the foregoing requirements of Fed. R. Civ. P. 23(c)(2)(B).   The notices carefully detail the nature of the action, identify in clear and concise terms the definition of the settlement class, and include an ample "Background of the Litigation," which provides class members with an overview of the procedural history of the case, describes the claims, issues, and defenses presented in the action, and explains that, upon approval of the Settlements and entry of final judgment, the releases and judgments will be binding on all class members that do not opt out.   Joint Decl., Exs. 2-3.   The notices also explain that the Releasing Parties will release the Released Parties from the Released Claims.   *Id.*, Ex. 2 at 11-16, Ex. 3 at 4.   The notices will permit class members to fully consider the material terms of the proposed Settlements and understand the range of options available to them, including their right to object to or opt out of the Settlements (including the time and manner for requesting exclusion), their right to appear in Court and be heard concerning the adequacy of the Settlements (including through an attorney if they so desire), and their right to participate in the Settlements. *Id.*, Ex. 2 at 2-16, 18, Ex. 3 at 3-4.

II.    **PLAINTIFFS PROPOSE TO RETURN TO THE COURT FOR APPROVAL OF THE DISTRIBUTION PLAN AND CLAIM FORM FOLLOWING RECEIPT OF COOPERATION MATERIALS AND DISCOVERY FROM NON-SETTLING DEFENDANTS**

In connection with Plaintiffs' proposed settlements with Westpac and JPMorgan, the Court approved Plaintiffs' request to submit the proposed Distribution Plan and Claim Form to the Court

(and publish same on the Settlement Website) after the mail and publication notice but at least 90 days before the fairness hearing.  ECF Nos. 459 ¶18, 460 ¶18.

The Court is not required to approve the Distribution Plan before conditionally certifying the settlement class.  Courts routinely approve settlements before any plan to distribute settlement proceeds among class members exists.[9]  At the same time the Distribution Plan and Claim Form are submitted to the Court for approval, they will be also published on the Settlement Website for class members to review approximately thirty (30) days prior to the deadline to file objections or opt out of the Settlements.  The mail and publication notices advise class members to check the Settlement Website for the Distribution Plan and Claim Form.  Joint Decl., Ex. 2 at 11; Ex. 3 at 3.

## III.   THE COURT SHOULD ISSUE THE SUPERSEDING ORDERS CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS IN LIGHT OF THE JPMORGAN SECOND AMENDMENT AND THE WESTPAC AMENDMENT

The JPMorgan Second Amendment and the Westpac Amendment do not affect the Settlement Class for which those settlements were conditionally certified.  It is therefore appropriate for the Court to enter the superseding orders as to JPMorgan and Westpac.  The amendments effectuate the terms contained in the JPMorgan and Westpac Settlement Agreements

---

[9] *See* Order Preliminarily Approving Proposed Settlement with Deutsche Bank AG and DB Group Services (UK) Ltd., Scheduling Hearing for Final Approval of Proposed Settlements with Barclays plc, Barclays Bank plc, Barclays Capital Inc., HSBC Holding plc, HSBC Bank plc, Deutsche Bank AG and DB Group Services (UK) Ltd., and Approving the Proposed Form and Program of Notice to the Class ¶ 23, *Sullivan v. Barclays plc et al.*, No. 13-cv-2811 (PKC) (S.D.N.Y. Jul. 6, 2017), ECF No. 364 (deferring submission and consideration of the distribution plan to a later date); Order Preliminarily Approving Settlements, Conditionally Certifying the Settlement Classes, and Appointing Class Counsel and Class Representatives for the Settlement Classes ¶ 8, *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-cv-7789 (LGS) (S.D.N.Y. Dec. 15, 2015), ECF No. 536 (same); *see also In re Agent Orange*, 818 F.2d at 170 (holding that there is "no absolute requirement that such a [distribution] plan be formulated prior to notification of the class."); *Precision Assocs. v. Panalpina World Transp., Ltd.*, No. 08-cv-0042 (JG)(VVP), 2013 WL 4525323, at *13 (E.D.N.Y. Aug. 27, 2013) (simultaneously entering final approval of settlement and approving plan of allocation).

that provide for such amendment if later settlements contained certain terms that would be more

favorable to JPMorgan and Westpac.  *See* Westpac Settlement, ECF No. 452-1 § 25; JPMorgan

Settlement, ECF Nos. 225-1 § 24.  As a result of the amendments, JPMorgan's and Westpac's

Settlements are on the same footing as the ANZ, CBA, and NAB Settlements with respect to the

defined term "Releasing Parties."

## IV.     THE COURT SHOULD APPROVE PLAINTIFFS' PROPOSED SCHEDULE

The proposed orders submitted herewith propose that the Court set a fairness hearing at the

Court's convenience, but no earlier than 285 days after the date the Court enters the proposed

orders.  The proposed orders include the following deadlines for events leading up to the fairness

hearing:

| Event | Proposed Date |
|---|---|
| Begin distribution of mailed notice to Class | No later than 90 days after entry of the Notice Order ("Notice Date") |
| Commencement of the distribution of the publication notice; launch of Settlement Website | No later than the Notice Date |
| Complete initial distribution of mailed notice | 60 days after the Notice Date |
| Deadline to submit a proposed Distribution Plan and Proof of Claim and Release form | 90 days prior to the Fairness Hearing |
| Deadline to file motions for final approval of the Settlements, an award of attorneys' fees and expenses, and incentive awards. | 75 days prior to the Fairness Hearing |
| Deadline to object to the Settlements, Distribution Plan for settlement proceeds, request for an award of attorneys' fees and expenses, or application for incentive awards | 60 days prior to the Fairness Hearing |
| Deadline to request exclusion from the Settlement Class | 60 days prior to the Fairness Hearing |

| Event | Proposed Date |
|---|---|
| | |
| Deadline to file reply papers in support of final approval of the Settlements, request for an award of attorneys' fees and expenses, and request for incentive awards. | 7 days prior to the Fairness Hearing |
| Fairness Hearing | At the Court's convenience, but no earlier than 285 days after entry of the Notice Order |
| Last day for submitting Proof of Claim and Release forms | 75 days after the Fairness Hearing or such other time as set by the Court |

## CONCLUSION

Plaintiffs respectfully request that the Court enter the proposed orders filed concurrently herewith that, among other things: (1) approve the proposed plan and forms of the notice to the settlement class; (2) appoint A.B. Data as Settlement Administrator for each of the Settlements; and (3) set a fairness hearing and schedule leading up to the Court's consideration of final approval of the Settlements.   Plaintiffs also respectfully request that the Court enter the proposed superseding orders with respect to the conditional certification of the Settlement Class as to the JPMorgan and Westpac settlements.

***

The six proposed orders approving the plan and forms of notice to the Settlement Class, appointing A.B. Data as Settlement Administrator and setting a single fairness hearing for each of the six proposed Settlements are being submitted by ECF concurrently herewith.

The two proposed superseding orders granting conditional certification with respect to the Westpac and JPMorgan Settlements are attached as Exhibits 7 and 8 to the Joint Declaration.

The proposed amended conditional certification order with respect to the Morgan Stanley Settlement is attached as Exhibit 9 to the Joint Declaration.

11

The three proposed conditional certification orders with respect to the ANZ, CBA and NAB Settlements previously submitted to the Court are attached as Exhibits 10, 11 and 12 to the Joint Declaration.

Dated: January 13, 2022
White Plains, New York

**LOWEY DANNENBERG, P.C.**

By: */s/ Vincent Briganti*
Vincent Briganti
Geoffrey M. Horn
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: 914-997-0500
Fax: 914-997-0035
vbriganti@lowey.com
ghorn@lowey.com

**LOVELL STEWART HALEBIAN JACOBSON LLP**

By: */s/ Christopher McGrath*
Christopher Lovell
Christopher McGrath
500 Fifth Avenue, Suite 2440
New York, NY 10110
Tel: (212) 608-1900
clovell@lshllp.com
cmcgrath@lshllp.com

*Counsel for Plaintiffs and the Proposed Class*

Todd Seaver
Carl N. Hammarskjold
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel.: (415) 433-3200
Fax: (415) 433-6382
tseaver@bermantabacco.com
chammarskjold@bermantabacco.com

Patrick T. Egan (PE-6812)
**BERMAN TABACCO**
One Liberty Square

12

Boston, MA 02109
Tel.: (617) 542-8300
Fax: (617) 542-1194
pegan@bermantabacco.com

*Additional Plaintiffs' Counsel for Orange County Employees Retirement System*