**Notice of Class Action Settlement**

**If you transacted in BBSW-Based Derivatives[1] from January 1, 2003 through August 16, 2016, inclusive, then your rights will be affected, and you may be entitled to a benefit. This Notice is only a summary of the proposed settlements and is subject to the terms of the Settlement Agreements[2] and other relevant documents (available as set forth below).**

The United States District Court for the Southern District of New York (500 Pearl St., New York, NY 10007-1312) authorized this Notice. The purpose of this Notice is to inform you of your rights in connection with six proposed settlements ("Settlements") between Plaintiffs and (1) JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan"); (2) Westpac Banking Corporation ("Westpac"); (3) Australia and New Zealand Banking Group Ltd. ("ANZ"); (4) Commonwealth Bank of Australia ("CBA"); (5) National Australia Bank Limited ("NAB"); and (6) Morgan Stanley and Morgan Stanley Australia Limited (collectively, "Morgan Stanley") in the action titled *Dennis et al. v. JPMorgan Chase & Co. et al.*, No. 16-cv-06496 (LAK) (S.D.N.Y.) (the "Action). The Settlements are not settlements with any other Defendant and thus are not dispositive of any of Plaintiffs' claims against the remaining Defendants. The Action as to the remaining Defendants remains ongoing.

The Settlements have been proposed to partially resolve a class action lawsuit concerning the alleged manipulation of the Bank Bill Swap Rate ("BBSW") and the prices of BBSW-Based

---

[1] "BBSW-Based Derivatives" means any financial derivative instrument that is based or priced in whole or in part in any way on the Bank Bill Swap Rate ("BBSW") or in any way includes BBSW as a component of price (whether priced, benchmarked and/or settled by BBSW), entered into by a U.S. person, or by a person from or through a location within the U.S., including, but not limited to: (i) Australian dollar foreign exchange ("FX") derivatives, including Australian dollar FX forwards (also known as "outright forwards" or "outrights"), Australian dollar FX swaps (also known as "currency swaps"), Australian dollar currency options, Australian dollar futures contracts (such as the Chicago Mercantile Exchange ("CME") Australian dollar futures contract) and options on such futures contracts; (ii) BBSW-based interest rate derivatives, including interest rate swaps, swaptions, forward rate agreements ("FRAs"), exchange-traded deliverable swap futures and options on those futures, 90-day bank accepted bill ("BAB") futures and options on those futures, and other over-the-counter ("OTC") contracts or publicly traded vehicles that reference BBSW; (iii) Australian dollar cross-currency swaps; and (iv) any other financial derivative instrument or transaction based in whole or in part on BBSW, or that in any way incorporates BBSW as a component of price, or is alleged by Representative Plaintiffs in this Action to be based in whole or in part on BBSW, or that in any way incorporates BBSW as a component of price. For the avoidance of doubt, BBSW-Based Derivatives do not include: (i) any BBSW-based deposits or loans, including floating rate notes, deposit-taking facilities, and commercial loans that are priced or call for payments due, in whole or in part, based on BBSW, including Australian dollar deposits and loans ("BBSW-Based Deposits or Loans"); or (ii) any negotiable certificates of deposit ("NCDs") and bank accepted bills ("BABs") issued and accepted by Prime Banks (collectively, "Prime Bank Bills") or Prime Bank eligible securities. "Prime Banks" means the banks designated by AFMA as prime banks during the Settlement Class Period.

[2] The "Settlement Agreements" means the Stipulation and Agreement of Settlement with JPMorgan entered into on November 20, 2018, the Amendment to the Stipulation and Agreement of Settlement with JPMorgan entered into on March 1, 2021, and the Second Amendment to the Stipulation and Agreement of Settlement with JPMorgan entered into on January 13, 2022; the Stipulation and Agreement of Settlement with Westpac entered into on March 1, 2021 and the Amendment to the Stipulation and Agreement of Settlement with Westpac entered into on January 13, 2022; the Stipulation and Agreement of Settlement with ANZ entered into on December 10, 2021; the Stipulation and Agreement of Settlement with CBA entered into on December 10, 2021; the Stipulation and Agreement of Settlement with NAB entered into on December 10, 2021; and the Stipulation and Agreement of Settlement with Morgan Stanley entered into on October 1, 2021 and the Amendment to the Stipulation and Agreement of Settlement with Morgan Stanley entered into on January 13, 2022.

Derivatives from January 1, 2003 through August 16, 2016, inclusive. JPMorgan, Westpac, ANZ, CBA, NAB, and Morgan Stanley each has denied and continues to deny each and every claim asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. They have agreed to the Settlements solely to avoid the continuing cost and burden of, and expense associated with, continued litigation. Accordingly, the Settlements may not be construed as an admission of any wrongdoing by JPMorgan, Westpac, ANZ, CBA, NAB or Morgan Stanley. The Settlements will provide the following amounts for the benefit of qualifying members of the Settlement Class (see below) who transacted in BBSW-Based Derivatives from January 1, 2003 through August 16, 2016, inclusive:

| JPMorgan Settlement: | $7,000,000 | Westpac Settlement: | $25,000,000 |
|---|---|---|---|
| ANZ Settlement: | $35,500,000 | CBA Settlement: | $35,500,000 |
| NAB Settlement: | $27,000,000 | Morgan Stanley Settlement: | $7,000,000 |

**TOTAL: $137,000,000**

If you qualify, you may send in a Proof of Claim and Release form to potentially get benefits. You may exclude yourself from one or more of the Settlements, or object to one or more of the Settlements. The Court will hold a Fairness Hearing to decide whether to approve the Settlements (see below).

**Who Is a Member of the Settlement Class?**

You are a member of the "Settlement Class" if you purchased, sold, held, traded or otherwise had any interest in BBSW-Based Derivatives at any time from January 1, 2003 through August 16, 2016, inclusive. Excluded from the Settlement Class are (i) the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant; and (ii) the United States Government.

You may contact your brokerage firm to see if you purchased, sold, held, traded, or otherwise had any interest in BBSW-Based Derivatives. If you are not sure you are included, you can get more information, including the Settlement Agreements, Mail Notice and other important documents, at www.BBSWSettlement.com ("Settlement Website") or by calling toll free 1-XXX-XXX-XXXX.

**What Is The Nature of This Action?**

Plaintiffs allege that each Defendant, from January 1, 2003 through August 16, 2016, inclusive, manipulated or aided and abetted the manipulation of BBSW and the prices of BBSW-Based Derivatives. Plaintiffs allege that Defendants did so by using several means of manipulation. For example, Plaintiffs allege that Defendants coordinated manipulative, uneconomic transactions of Prime Bank Bills during the daily BBSW "Fixing Window" in order to move the published BBSW rate in a direction that benefitted their BBSW-Based Derivatives trading positions and that inter-dealer brokers, intermediaries between buyers and sellers in the money markets and derivatives markets, assisted Defendants' effort to manipulate BBSW. Plaintiffs have asserted legal claims under various theories, including federal antitrust law, the Commodity Exchange Act, the Racketeering Influenced and Corrupt Organizations Act and common law.

2

JPMorgan, Westpac, ANZ, CBA, NAB and Morgan Stanley and the other Defendants each has consistently and vigorously denied and continues to deny each and every allegation of any wrongdoing that has or could have been asserted by or on behalf of Plaintiffs. JPMorgan, Westpac, ANZ, CBA, NAB, and Morgan Stanley further deny they have violated, in any way and to any degree, *inter alia*, the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any claim available under U.S. common law, and maintain that they have meritorious defenses to all claims alleged in this Action. JPMorgan, Westpac, ANZ, CBA, NAB and Morgan Stanley each entered into its respective Settlement Agreement with Plaintiffs, despite believing that it is not liable for the claims asserted against it, solely to avoid the continuing cost and burden of, and business interruption associated with, the Action.

**What Do the Settlements Provide?**

Under the Settlements, JPMorgan agreed to pay $7,000,000, Westpac agreed to pay $25,000,000, ANZ agreed to pay $35,500,000, CBA agreed to pay $35,500,000, NAB agreed to pay $27,000,000 and Morgan Stanley agreed to pay $7,000,000 for the benefit of the Settlement Class. Under the terms of their respective Settlements, JPMorgan, Westpac, ANZ, CBA, NAB, and Morgan Stanley have each agreed to provide Plaintiffs with certain cooperation materials solely for use in connection with the prosecution of the Action against non-settling Defendants or to provide notice of the Settlements to the Settlement Class. If the Court approves the Settlements, potential members of the Settlement Class who qualify and submit valid and timely Proof of Claim and Release forms may receive a share of the Net Settlement Funds. The Settlement Agreements, available at the Settlement Website, describe all of the details about the proposed Settlements. The method of distributing the Net Settlement Funds to Authorized Claimants will be determined in accordance with a Distribution Plan, which will be submitted to the Court by Class Counsel (Lowey Dannenberg, P.C. and Lovell Stewart Halebian Jacobson LLP) before the below deadlines to object or to request exclusion from one or more of the Settlements. The proposed Distribution Plan and Proof of Claim and Release form will be posted on the Settlement Website at the time they are submitted to the Court for approval. The exact amount each qualifying Settling Class Member will receive from the Net Settlement Funds cannot be determined until (1) the Court finally approves the Settlements; (2) the Court determines to approve certain fees and expenses identified in the full Settlement Agreements to be deducted from the Settlement Funds; and (3) the number of participating Class Members and the amount of their claims are determined pursuant to the Distribution Plan approved by the Court. In addition, each Settling Class Member's share of the Settlement Fund will vary depending on the information the Settling Class Member provides on their Proof of Claim and Release form. The number of claimants who send in claims varies widely from case to case. If less than 100% of the Settlement Class sends in a Proof of Claim and Release form, you could get more money.

**How Do You Request a Payment?**

If you are a member of the Settlement Class, you may seek to participate in the Settlements by submitting a Proof of Claim and Release form to the Settlement Administrator (A.B. Data, Ltd.) at the address set forth below that is postmarked no later than _____, 20, __.

BBSW Settlement
c/o A.B. Data, Ltd.
P.O. Box 17____
Milwaukee, WI 53217

You may obtain a Proof of Claim and Release form on the Settlement Website or by calling the toll-free number referenced above.  If you are a member of the Settlement Class but do not timely file a Proof of Claim and Release, you will still be bound by the releases set forth in the Settlement Agreements if the Court enters an order approving the Settlement Agreements, and you will not be eligible to share in the Net Settlement Funds.

**How Do You Request Exclusion or Object to the Settlements?**

All requests to be excluded from one or more of the Settlements must be made in accordance with the instructions set forth in the Mail Notice (available on the Settlement Website) and must be received by the Settlement Administrator no later than _____, 20__.  All objections to one or more of the Settlements, including objections to Class Counsel's requests for an award of attorneys' fees and reimbursement of expenses, must be made in accordance with the instructions set forth in the Mail Notice (available on the Settlement Website) and must be filed with the Court and received by Class Counsel and counsel for JPM, Westpac, ANZ, CBA, NAB and Morgan Stanley no later than _____, 20__.

All requests for exclusion and objections must comply with the requirements set forth in the Mail Notice and the Notice Order issued by the Court.  If you exclude yourself from one or more of the Settlements, you will not be bound by the respective Settlement Agreement(s) and may independently pursue claims at your own expense.  However, if you exclude yourself, you will not be eligible to share in the Net Settlement Funds or otherwise participate in the Settlement(s) for which you have sought to be excluded.  If you chose to remain in the Settlement Class and the Court approves the Settlements, you will be bound by the releases set forth in the Settlements and any judgments or other orders entered by the Court with respect to the Settlements.

The Court will hold a Fairness Hearing concerning the Settlements on _____, 20__, to consider whether to approve the Settlements and to consider a request by Class Counsel, which represent all Settlement Class Members, for an award of attorneys' fees of no more than one-third of the Settlement Funds for the Settlements and for reimbursement of litigation costs and expenses in the amount of no more than $_____.  Class Counsel may also seek additional awards of fees, and reimbursement of costs and expenses in connection with services provided after the Fairness Hearing.  The Representative Plaintiffs may seek an award from the Settlement Fund of no more than $_____ as reimbursement of their own expenses and compensation for their time devoted to this litigation.  To the extent approved by the Court, the foregoing payments will be deducted from the Settlement Funds for the Settlements before any distributions are made to the Settlement Class.

You may ask to appear at the Fairness Hearing, but you do not have to.  You may enter an appearance through an attorney if you so desire, but you do not have to.  For more information, call toll free 1-XXX-XXX-XXXX or visit the website www.BBSWSettlement.com.  The time and date of the Fairness Hearing may be continued from time to time without further notice, and you

4

are advised to confirm the time and location if you wish to attend.  As soon as practicable after any change in the scheduled date, time or venue, such change will be posted on the Settlement Website.

Contact:    Vincent Briganti, Esq.
            (914) 733-7221
            vbriganti@lowey.com

            Christopher Lovell, Esq.
            (212) 608-1900
            clovell@lshllp.com