**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD DENNIS, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., and ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | Docket No. 16-cv-06496 (LAK) |
| Plaintiffs, | |
| -against- | |
| JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE BANK, N.A. AUSTRALIA BRANCH, BNP PARIBAS, S.A., BNP PARIBAS, AUSTRALIA BRANCH, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS N.V., RBS GROUP (AUSTRALIA) PTY LIMITED, UBS AG, UBS AG, AUSTRALIA BRANCH, AUSTRALIA AND NEW ZEALAND BANKING GROUP LTD., COMMONWEALTH BANK OF AUSTRALIA, NATIONAL AUSTRALIA BANK LIMITED, WESTPAC BANKING CORPORATION, DEUTSCHE BANK AG, DEUTSCHE BANK AG, AUSTRALIA BRANCH, HSBC HOLDINGS PLC, HSBC BANK AUSTRALIA LIMITED, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, LLOYDS TSB BANK PLC, AUSTRALIA, MACQUARIE GROUP LTD., MACQUARIE BANK LTD., ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, ROYAL BANK OF CANADA, AUSTRALIA BRANCH, MORGAN STANLEY, MORGAN STANLEY AUSTRALIA LIMITED, CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, ICAP PLC, ICAP AUSTRALIA PTY LTD., TULLETT PREBON PLC, TULLETT PREBON (AUSTRALIA) PTY LTD., AND JOHN DOES NOS. 1-50. | **AMENDMENT TO STIPULATION AND AGREEMENT OF SETTLEMENT AS TO DEFENDANT MORGAN STANLEY** |
| Defendants. | |

WHEREAS, in the action *Dennis et al. v. JPMorgan Chase & Co. et al.*, No. 16-cv-06496 (LAK) (S.D.N.Y.) (the "Action"), Representative Plaintiffs filed a motion for conditional certification of the Settlement Class in connection with, *inter alia*, the proposed settlement agreement dated October 1, 2021, between the Representative Plaintiffs, on the one hand, and Morgan Stanley and Morgan Stanley Australia Limited (collectively, "Morgan Stanley"), on the other hand (the "Settlement Agreement") on December 10, 2021 (ECF No. 494); [1]

WHEREAS, Section 25 of the Settlement Agreement sets forth the Parties' agreement as to the impact of any Other Settlement between Representative Plaintiffs and any other Defendant in the Action reached prior to the Fairness Hearing, specifically that "[i]f any Other Settlement is reached prior to the Fairness Hearing, . . . the terms contained within the 'Release and Covenant Not to Sue' . . . shall be no less favorable to Morgan Stanley than the corresponding terms or provisions applicable to any Other Settlement";

WHEREAS, Section 13 of the Settlement Agreement sets forth the Parties' agreement as to the Release and Covenant Not To Sue, which incorporates the term "Releasing Parties" defined in Section 1(MM) of the Settlement Agreement;

WHEREAS, after entering into the proposed settlement with Morgan Stanley, Representative Plaintiffs subsequently entered into proposed settlement agreements with Australian and New Zealand Banking Group Limited ("ANZ"), Commonwealth Bank of Australia ("CBA"), National Australian Bank Limited ("NAB"), and Morgan Stanley, which Representative Plaintiffs filed in the Action on December 10, 2021;

---

[1] Unless otherwise defined herein, all capitalized terms have the meaning ascribed to them in the Settlement Agreement as to Defendant Morgan Stanley, dated October 1, 2021 (ECF No. 490-4).

WHEREAS, Morgan Stanley has asserted that the Release and Covenant Not To Sue provision, including specifically the definition of "Releasing Parties" as that term is contained within the settlement agreements of ANZ, CBA, and NAB, is more favorable than that in the Settlement Agreement, and Representative Plaintiffs have not objected;

WHEREAS, accordingly, the Parties agree that the definition of "Releasing Parties" as a term contained within the Release and Covenant Not to Sue provision in the Settlement Agreement should be amended in accordance with Section 25 of the Settlement Agreement to be coterminous with those of the ANZ, CBA, and NAB settlements;

NOW THEREFORE, in consideration of the mutual covenants contained in this Amendment and in the Settlement Agreement, it is hereby agreed, by Representative Plaintiffs, by and through Plaintiffs' Counsel, and by Morgan Stanley, by and through their undersigned counsel of record in the Action, that the Settlement Agreement is amended as follows:

1.      The definition of "Releasing Parties" in Section 1(MM) of the Settlement Agreement is hereby amended as follows:

> "**Releasing Parties**" means each and every Representative Plaintiff, Fund Liquidation Holdings, LLC, Sonterra Capital Master Fund, Ltd., FrontPoint Financial Services Fund, L.P., FrontPoint Asian Event Driven Fund, L.P., and FrontPoint Financial Horizons Fund, L.P., and each and every Settling Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries, divisions, related entities, associates and affiliates, and on behalf of their current and former officers, directors, advisors, representatives, employees, agents, principals, managers, members, trustees, participants, representatives, fiduciaries, beneficiaries, consultants, attorneys, accountants, auditors, insurers or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing in their capacity as such, whether or not they object to the Settlement or make a claim for payment from the Settlement Fund. Notwithstanding that the U.S. Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasing Parties include any and every Settling Class Member as to which the government entity has the legal

2

right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party.   For the avoidance of doubt, the "Releasing Parties" include all Persons (including both natural persons and entities) entitled to bring or release claims on behalf of Settling Class Members relating to the Released Claims, including, but not limited to, the Settling Class Members' transactions, interests or positions in, or ownership of, BBSW-Based Derivatives, BBSW-Based Deposits or Loans, or any similar financial instruments priced, benchmarked, or settled to BBSW held by Representative Plaintiffs, Fund Liquidation Holdings, LLC, Sonterra Capital Master Fund, Ltd., FrontPoint Financial Services Fund, L.P., FrontPoint Asian Event Driven Fund, L.P., and FrontPoint Financial Horizons Fund, L.P., or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.).

2.      To reflect the amended provisions of the Settlement Agreement set forth in this Amendment, the Parties hereby replace Exhibits B and C appended to the Settlement Agreement (respectively, the [Proposed] Final Approval Order and [Proposed] Final Judgment) with Exhibits B and C appended hereto.

3.      As soon as practicable after execution of this Amendment, Plaintiffs' Counsel shall submit this Amendment to the Court and shall file a motion for entry of the Superseding Conditional Certification order, which order shall be substantially in the form attached hereto as Exhibit A.

4.      This Amendment and any claims relating to or arising from it shall be governed by, construed by, and interpreted in accordance with the laws of the State of New York without reference to the principles of conflicts of laws.   For the avoidance of doubt, unless explicitly set forth above, nothing in this Amendment is intended to modify or amend any other provision of the Settlement Agreement, the terms of which shall remain in full force and effect.

*[remainder of page intentionally left blank]*

Dated:  January 13, 2022

By: _____
Vincent Briganti
Geoffrey M. Horn
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500
vbriganti@lowey.com


By: _____
Christopher Lovell
LOVELL STEWART HALEBIAN
JACOBSON LLP
500 Fifth Avenue, Suite 2440
New York, New York 10110
Telephone: (212) 608-1900
clovell@lshllp.com

*Counsel for Representative Plaintiffs and the Proposed Class*


Dated:  January 13, 2022

By: _____
Jon R. Roellke
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004
Telephone: (202) 739-5754
jon.roellke@morganlewis.com

*Counsel for Defendants Morgan Stanley and Morgan Stanley Australia Limited*

4

Dated:  January 13, 2022        By: _____
                                   Vincent Briganti
                                   Geoffrey M. Horn
                                   LOWEY DANNENBERG, P.C.
                                   44 South Broadway, Suite 1100
                                   White Plains, New York 10601
                                   Telephone: (914) 997-0500
                                   vbriganti@lowey.com


                                By: *Christopher Lovell*
                                   Christopher Lovell
                                   LOVELL STEWART HALEBIAN
                                   JACOBSON LLP
                                   500 Fifth Avenue, Suite 2440
                                   New York, New York 10110
                                   Telephone: (212) 608-1900
                                   clovell@lshllp.com

                                   *Counsel for Representative Plaintiffs and the Proposed Class*


Dated:  January 13, 2022        By: _____
                                   Jon R. Roellke
                                   MORGAN, LEWIS & BOCKIUS LLP
                                   1111 Pennsylvania Ave. NW
                                   Washington, DC 20004
                                   Telephone: (202) 739-5754
                                   jon.roellke@morganlewis.com

                                   *Counsel for Defendants Morgan Stanley and Morgan Stanley Australia Limited*

4

Dated:  January 13, 2022          By: _____
                                              Vincent Briganti
                                              Geoffrey M. Horn
                                              LOWEY DANNENBERG, P.C.
                                              44 South Broadway, Suite 1100
                                              White Plains, New York 10601
                                              Telephone: (914) 997-0500
                                              vbriganti@lowey.com

                                By: _____
                                              Christopher Lovell
                                              LOVELL STEWART HALEBIAN
                                              JACOBSON LLP
                                              500 Fifth Avenue, Suite 2440
                                              New York, New York 10110
                                              Telephone: (212) 608-1900
                                              clovell@lshllp.com

*Counsel for Representative Plaintiffs and the Proposed Class*

Dated:  January 13, 2022          By: _____
                                              Jon R. Roellke
                                              MORGAN, LEWIS & BOCKIUS LLP
                                              1111 Pennsylvania Ave. NW
                                              Washington, DC 20004
                                              Telephone: (202) 739-5754
                                              jon.roellke@morganlewis.com

*Counsel for Defendants Morgan Stanley and Morgan Stanley Australia Limited*

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD DENNIS, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., and ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | Docket No. 16-cv-06496 (LAK) |
| Plaintiffs, | |
| -against- | **EXHIBIT A** |
| JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE BANK, N.A. AUSTRALIA BRANCH, BNP PARIBAS, S.A., BNP PARIBAS, AUSTRALIA BRANCH, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS N.V., RBS GROUP (AUSTRALIA) PTY LIMITED, UBS AG, UBS AG, AUSTRALIA BRANCH, AUSTRALIA AND NEW ZEALAND BANKING GROUP LTD., COMMONWEALTH BANK OF AUSTRALIA, NATIONAL AUSTRALIA BANK LIMITED, WESTPAC BANKING CORPORATION, DEUTSCHE BANK AG, DEUTSCHE BANK AG, AUSTRALIA BRANCH, HSBC HOLDINGS PLC, HSBC BANK AUSTRALIA LIMITED, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, LLOYDS TSB BANK PLC, AUSTRALIA, MACQUARIE GROUP LTD., MACQUARIE BANK LTD., ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, ROYAL BANK OF CANADA, AUSTRALIA BRANCH, MORGAN STANLEY, MORGAN STANLEY AUSTRALIA LIMITED, CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, ICAP PLC, ICAP AUSTRALIA PTY LTD., TULLETT PREBON PLC, TULLETT PREBON (AUSTRALIA) PTY LTD., AND JOHN DOES NOS. 1-50. | **[AMENDED PROPOSED] ORDER GRANTING CONDITIONAL CLASS CERTIFICATION FOR PURPOSES OF CLASS ACTION SETTLEMENT WITH MORGAN STANLEY** |
| Defendants. | |

The parties to the Stipulation and Agreement of Settlement as to Defendants Morgan Stanley and Morgan Stanley Australia Limited (collectively, "Morgan Stanley") dated October 1, 2021 ("Settlement Agreement") entered into by Representative Plaintiffs and Morgan Stanley (together, the "Parties") in the above-referenced action ("Action"), having previously applied for an order conditionally certifying a Settlement Class as to Morgan Stanley Settlement on December 10, 2021 [ECF Nos. 488-90, 494] (the "Motion"); Representative Plaintiffs and Morgan Stanley having executed an Amendment to the Settlement Agreement dated January 13, 2022 (the "Amendment"); the Court having reviewed the Motion, the Settlement Agreement and attached exhibits, and the Amendment and attached exhibits, which set forth the terms and conditions for a proposed settlement of and for dismissal of the Action with prejudice as against Morgan Stanley upon the terms and conditions set forth therein; and the Court having read and considered the Motion, finds that the Motion should be granted.

All defined terms used in this Order shall have the same meanings as set forth in the Settlement Agreement or Amendment, except as otherwise defined herein. Representative Plaintiffs and Morgan Stanley are referred to collectively as the "Parties."

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    For purposes of settlement only, pursuant to FED. R. CIV. P. 23(a) and (b)(3), the Court hereby certifies a Settlement Class consisting of all Persons (including both natural persons and entities) who purchased, acquired, sold, held, traded, or otherwise had any interest in, BBSW-Based Derivatives during the period January 1, 2003 through August 16, 2016, inclusive (the "Settlement Class Period"), provided that, if Representative Plaintiffs expand the putative or certified class in this Action in or through any subsequent amended complaint, class motion, or Other Settlement, the defined Settlement Class in this Order and the Settlement Agreement shall

1

be expanded so as to be coterminous with such expansion.  Excluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government.  Investment Vehicles are not to be excluded from the Settlement Class solely on the basis of being deemed to be Defendants or affiliates, subsidiaries, parents or agents of Defendants or controlled by Defendants or affiliates, subsidiaries, parents or agents of Defendants.  However, to the extent that any Defendant or any entity that might be deemed to be an affiliate, subsidiary, parent or agent thereof (i) managed or advised, and (ii) directly or indirectly held a beneficial interest in, said Investment Vehicle during the Settlement Class Period, that beneficial interest in the Investment Vehicle is excluded from the Settlement Class.

2.     Solely for the purposes of effectuating the Settlement, the Court conditionally finds and concludes that the requirements of FED. R. CIV. P. 23(a) and 23(b)(3) have been satisfied as follows:

(a)     the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable;

(b)     there are questions of law and fact common to the Settlement Class which predominate over any individual questions;

(c)     the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class;

(d)     Representative Plaintiffs and Class Counsel will fairly and adequately represent and protect the interests of all of the Settlement Class Members; and

(e)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.     If for any reason the Effective Date of the Settlement, as defined in Section 1(N) and Section 19 of the Settlement Agreement, does not occur, the Settlement Agreement, including any amendment(s) thereof, and this Order conditionally certifying the Settlement Class solely for purposes of the Settlement shall, without the need for further action by the Court or the Parties, be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity.  Each party shall be restored to his, her or its respective position as it existed as of February 19, 2021.  In such circumstances, each of the Parties shall retain its currently existing rights to seek or to object to the certification of this litigation as a class action under Fed. R. Civ. P. 23, or any state or federal rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

4.     The Court appoints Lowey Dannenberg, P.C. and Lovell Stewart Halebian Jacobson LLP as Class Counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

5.     The Court appoints Citibank, N.A. as Escrow Agent for purposes of the Settlement Fund defined in the Settlement Agreement.  The Court preliminarily approves the establishment of the Settlement Fund as qualified settlement funds pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

6.     Plaintiffs Richard Dennis and Orange County Employees Retirement System ("OCERS") will serve as representatives of the Settlement Class for purposes of the Settlement.

7.      The timing, plan, and forms of the Class Notice to the Settlement Class and the date of the Fairness Hearing before this Court to consider any member(s) of the Settlement Class's objections to final approval of the Settlement and to consider the fairness, adequacy and reasonableness of the proposed Settlement and Settlement Agreement shall all be determined by separate order of this Court.

8.      At a later date, Class Counsel shall submit for the Court's approval a proposed plan of distribution of the Settlement Funds.

9.      This civil action was commenced after February 18, 2005.  The Court directs Morgan Stanley to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA").  Counsel for Morgan Stanley shall, at or before the Fairness Hearing, file with the Court a notice regarding its compliance with CAFA.

10.     All proceedings in the Action as to Morgan Stanley, other than proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.   Pending determination of whether the Settlement should be approved, Representative Plaintiffs, Class Counsel and Settlement Class Members are barred and enjoined from commencing or prosecuting any Released Claims against any of the Released Persons.

11.     Neither this Order, the Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or Settlement, whether or not the Settlement shall become Final, is or shall be deemed or construed to be an admission, adjudication, or evidence of (i) any violation of any statute or law or of the validity of any claims, alleged wrongdoing, or liability of Morgan Stanley or any Released Party; (ii) the truth of any of the claims, defenses or allegations alleged in the Action; (iii) the incurrence

4

of any damage, loss, or injury by Representative Plaintiffs or any Person; (iv) the existence or amount of any artificiality of any benchmark or other interest rate; (v) any fault or omission of Morgan Stanley or any Released Party in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (vi) the propriety of certification of a class other than solely for purposes of the Settlement.  Further, neither this Order, the Settlement Agreement (including its exhibits), nor the Settlement contained therein, whether or not the Settlement shall become Final, nor any negotiations, documents and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which the Settlement Agreement is asserted as a defense (in which case this paragraph does not apply).  All rights of Morgan Stanley and Representative Plaintiffs are reserved and retained if the Settlement does not become Final in accordance with the terms of the Settlement Agreement.

12.    Neither this Order, the Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement is or may be used as an admission or evidence that the claims of Representative Plaintiffs lacked merit in any proceeding against anyone in any court, administrative agency, or other tribunal.

13.    Except as otherwise provided herein, in the event that the Settlement Agreement is terminated, vacated, not approved, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status in the Action as of February 19, 2021 and the Settlement Amount, and all interest earned in the Settlement Fund on that Settlement

Amount, shall be refunded, reimbursed, and repaid to the Morgan Stanley to the extent provided in the Settlement Agreement.

14.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodial legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement, returned to the Person(s) paying the same pursuant to the Settlement Agreement and/or further order(s) of the Court.

15.     If the Settlement is terminated pursuant to Sections 22 or 23 of the Settlement Agreement or if the Settlement is ultimately not approved or does not become final for any reason, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

16.     The Court's conditional certification of the Settlement Class and appointment of Representative Plaintiffs as class representatives, as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Representative Plaintiffs to certify a class.  The Court's findings in this Conditional Certification Order shall have no effect on the Court's ruling on any motion to certify any class in this litigation, or appoint class representatives, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

17.     The Court hereby orders Morgan Stanley to produce documents to the Representative Plaintiffs consistent with and solely to the extent of its cooperation obligations provided in Section 5 of the Settlement Agreement.

18.     If any deadline herein falls on a Saturday, Sunday or legal holiday, such deadline

shall be extended until the next Business Day that is not a Saturday, Sunday or legal holiday.

**ENTERED** this _____ day of _____, _____.

_____
Hon. Lewis A. Kaplan
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD DENNIS, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., and ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | Docket No. 16-cv-06496 (LAK) |
| Plaintiffs, | **EXHIBIT B** |
| -against- | **[PROPOSED]** **FINAL APPROVAL ORDER OF CLASS ACTION SETTLEMENT WITH MORGAN STANLEY** |
| JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE BANK, N.A. AUSTRALIA BRANCH, BNP PARIBAS, S.A., BNP PARIBAS, AUSTRALIA BRANCH, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS N.V., RBS GROUP (AUSTRALIA) PTY LIMITED, UBS AG, UBS AG, AUSTRALIA BRANCH, AUSTRALIA AND NEW ZEALAND BANKING GROUP LTD., COMMONWEALTH BANK OF AUSTRALIA, NATIONAL AUSTRALIA BANK LIMITED, WESTPAC BANKING CORPORATION, DEUTSCHE BANK AG, DEUTSCHE BANK AG, AUSTRALIA BRANCH, HSBC HOLDINGS PLC, HSBC BANK AUSTRALIA LIMITED, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, LLOYDS TSB BANK PLC, AUSTRALIA, MACQUARIE GROUP LTD., MACQUARIE BANK LTD., ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, ROYAL BANK OF CANADA, AUSTRALIA BRANCH, MORGAN STANLEY, MORGAN STANLEY AUSTRALIA LIMITED, CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, ICAP PLC, ICAP AUSTRALIA PTY LTD., TULLETT PREBON PLC, TULLETT PREBON (AUSTRALIA) PTY LTD., AND JOHN DOES NOS. 1-50. | |
| Defendants. | |

This matter came for a duly-noticed hearing on _____ 202__ (the "Fairness Hearing"), upon the Representative Plaintiffs'[1] Motion for Final Approval of Class Action Settlement with Morgan Stanley and Morgan Stanley Australia Limited (collectively, "Morgan Stanley") in the action captioned *Richard Dennis, et al. v. JPMorgan Chase & Co., et al.*, No. 16-cv-06496 (LAK) (S.D.N.Y.) (the "Action"), which was consented to by Morgan Stanley (together with Representative Plaintiffs, the "Parties"). Due and adequate notice of the Stipulation and Agreement of Settlement, dated October 1, 2021 and Amendment to the Stipulation and Agreement of Settlement, dated January 13, 2022 (together, the "Settlement Agreement") having been given to the Settlement Class Members, the Fairness Hearing having been held and the Court having considered all papers filed and proceedings had in the Action, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Final Approval Order hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. For purposes only of the settlement of the Released Claims[2] set forth in the Settlement Agreement (the "Settlement"), the Court hereby finally certifies the Settlement Class:

---

[1] "Representative Plaintiffs" are Richard Dennis, Orange County Employees Retirement System ("OCERS"), and any subsequently named plaintiff(s).

[2] "Released Claims" means any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, set-offs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to the claims, allegations or conduct alleged in the Action, or which could have been alleged in the Action against the Released Parties, concerning any:

All Persons (including both natural persons and entities) who purchased, acquired, sold, held, traded, or otherwise had any interest in BBSW-Based Derivatives during the period January 1, 2003 through August 16, 2016, inclusive. Excluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government.

3.       Based on the record, the Court reconfirms that the applicable provisions of Rule 23

of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

4.       In so holding, the Court finds that, solely for purposes of settlement, the Settlement

Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3).  The Court

hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous

that joinder of all Settlement Class Members is impracticable, FED. R. CIV. P. 23(a)(1); (ii)

common questions of law and fact exist with regard to Morgan Stanley's alleged manipulation of

BBSW and the prices of BBSW-Based Derivatives, FED. R. CIV. P. 23(a)(2); (iii) the

---

(i)   BBSW-Based Derivatives;

(ii)  BBSW-Based Deposits or Loans (to the extent such financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.);

(iii) Prime Bank Bills or Prime Bank eligible securities purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, members of the Settlement Class, and/or Settling Class Members (to the extent such financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.); or

(iv) any similar financial instruments priced, benchmarked, or settled to BBSW purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, members of the Settlement Class, and/or Settling Class Members (to the extent such financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), including additional financial instruments or claims subsequently alleged in the Action, or in which any of the foregoing otherwise had any interest;

including, but not limited to, any alleged manipulation of BBSW under any statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or of other improper conduct relating to BBSW (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq*., the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or the common law).  The following claims shall not be released by this Settlement: (i) any claims against former Morgan Stanley employees arising solely from those former employees' conduct or alleged conduct that occurred while not employed by Morgan Stanley; (ii) any claims against the named Defendants in this Action other than Morgan Stanley and other than any John Doe Defendants to the extent they are current or former employees of Morgan Stanley (solely in their capacity as employees of Morgan Stanley); or (iii) any claims against any Defendant not affiliated with Morgan Stanley who may be subsequently added in this Action.  *See* Settlement Agreement § 13.

Representative Plaintiffs' claims in this litigation are typical of those of the Settlement Class Members, FED. R. CIV. P. 23(a)(3); and (iv) the Representative Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members; and (v) Lowey Dannenberg, P.C. and Lovell Stewart Halebian Jacobson LLP ("Class Counsel") have adequately represented the interests of the Settlement Class, FED. R. CIV. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3).

5.      Representative Plaintiffs are hereby approved to serve as representatives of such Settlement Class for purposes of the Settlement.

6.      Lowey Dannenberg, P.C. and Lovell Stewart Halebian Jacobson LLP are appointed Class Counsel to the Settlement Class for the purposes of the Settlement.

7.      In the Action only and solely for purposes of the Settlement, this Court: (i) has personal jurisdiction over Representative Plaintiffs and Morgan Stanley, and all Settlement Class Members, and (ii) subject matter jurisdiction over the Action to consider the Settlement Agreement and all exhibits attached thereto.

8.      The Court finds that the mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and approved by the Court in the Order dated _____, 202__: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Distribution Plan, and of Class Counsel's application for an award of attorneys' fees, Incentive Award(s), and for reimbursement

3

of expenses associated with the Action; (c) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process, and any other applicable rules or law. Based upon Morgan Stanley's submission to the Court dated _____, 202__, the Court further finds that Morgan Stanley has complied with the obligations imposed on it under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

9.      The Court finds that ____ Settlement Class Members have validly requested to be excluded from the Settlement Class as it relates to the Settlement.   Those excluded members of the Settlement Class are identified at ECF No. __ and in Exhibit 1 hereto. The excluded members of the Settlement Class as to the Settlement with Morgan Stanley identified in Exhibit 1 hereto shall have no rights with respect to the Settlement Agreement, shall receive no payment from the sums provided for in the Settlement Agreement and shall be deemed to have excluded themselves from the Action as against Morgan Stanley, including but not limited to any and all future prosecution of the Action against Morgan Stanley.

10.      The Court finds that __ objections to the proposed Settlement have been submitted. Notwithstanding the [lack of] objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement. [The Court finds all objections are without merit and they are hereby overruled.]

11.      It is hereby determined that all Settling Class Members are bound by the Settlement Agreement and this Final Approval Order regardless of whether such Settling Class Members execute and deliver a Proof of Claim and Release.

12.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement, and finds that the

Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including the Representative Plaintiffs. In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, and that Class Counsel and the Representative Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement. The Court finds that the relief provided by the Settlement is adequate and Settlement Class Members are treated equitably. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

13. Notwithstanding the entry of this Final Approval Order, if the Settlement Agreement is validly terminated by Representative Plaintiffs or Morgan Stanley, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become Final in accordance with its terms, then the provisions of this Final Approval Order shall be null and void with respect to the Settlement; Representative Plaintiffs' and Settling Class Members' claims shall be reinstated; Morgan Stanley's defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with it, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it

and the releases set forth in the Settlement Agreement, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed.  Notwithstanding the language in this section, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive their termination shall continue to have the same force and effect intended by the Parties.

14.     The Settlement Fund defined in the Settlement Agreement has been established as a trust and as a fiduciary account (the "Settlement Fiduciary Account").  The Court approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as qualified settlement funds pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

15.     Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order.  The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreement, the Settlement, or the Settlement Fund (except for such disputes and controversies as are subject to Section 42 of the Settlement Agreement, which disputes and controversies shall be governed by the respective terms of such section), to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order, and to consider or approve the amounts of distributions to Settlement Class Members.  In addition, without affecting the finality of this Final Approval Order, the Representative Plaintiffs, Morgan Stanley, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute

arising out of or relating to this Final Approval Order or the Settlement Agreement. Any disputes involving the Representative Plaintiffs, Morgan Stanley, or Settling Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

16.     Each Settling Class Member must execute a release and covenant not to sue, in conformity with the Settlement Agreement, as incorporated into the Proof of Claim and Release form, in order to receive the Settling Class Member's share, if any, of the Net Settlement Fund defined in the Settlement Agreement. The Court hereby confirms the appointment of A.B. Data, Ltd. as Settlement Administrator and directs that the Settlement Administrator shall ensure that each Proof of Claim and Release form provided to Settling Class Members contains a copy of such release and covenant not to sue. However, Settling Class Members' claims shall be released pursuant to Section 13 of the Settlement Agreement regardless of whether the Settling Class Member executes a release and covenant not to sue.

17.     The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against the Released Parties involving the Released Claims that are maintained by or on behalf of any Releasing Party regardless of whether the Releasing Party previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Releasing Party never received actual notice of the Action or the proposed Settlement.

18.     The Court hereby approves the release and covenant not to sue set forth in Section 13 of the Settlement and directs dismissal of the Action as against Morgan Stanley (but not any other Defendant) fully, finally and with prejudice, pursuant to the terms of the Settlement and the Final Judgment to be entered concurrently herewith.

19.     The Court permanently bars and enjoins the Releasing Parties and all Settling Class Members from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Morgan Stanley or any Released Parties based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Morgan Stanley or any Released Parties based on the Released Claims; (c) organizing members of the Settlement Class into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against Morgan Stanley or any Released Parties based on the Released Claims; or (d) assisting any third party in the prosecution of any Released Claims against Morgan Stanley or any Released Parties.

20.     The Court permanently bars and enjoins claims by any Person against Morgan Stanley or any Released Parties for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment or otherwise.  To the extent permitted by law, the Court permanently bars and enjoins claims against Morgan Stanley and any Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise by (a) any of the other Defendants currently named in the Action; (b) any other Person formerly named as a party in the Action; or (c) any other Person subsequently added or joined as a party in the Action.  Should any court determine that any Defendant is or was legally entitled to any kind of set-off, apportionment,

contribution, or indemnification from Morgan Stanley or any Released Parties arising out of or related to Released Claims, any money judgment subsequently obtained by the Releasing Parties against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for set-off, apportionment, contribution, indemnification, or similar claims against Morgan Stanley or any Released Parties.

21.     The Court permanently bars and enjoins claims by Morgan Stanley or any Released Parties against any other Defendants for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment or otherwise.  To the extent permitted by law, the Court permanently bars and enjoins claims by Morgan Stanley and any Released Parties for contribution or indemnification (however denominated) from other Defendants for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise against any of the other Defendants currently named in the Action and absolves the other Defendants against any claims for contribution, indemnification, or similar claims from the Released Parties arising out of or related in any way to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply for claims of contribution, indemnification, or similar claims against any of the other Defendants.  For the avoidance of doubt, this paragraph shall not bar any claims, including claims for contribution or indemnification (however denominated) by Morgan Stanley and/or any Released Parties against any third parties other than other Defendants in this Action.

22.     Neither the Settlement Agreement (nor its respective exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged among counsel for the Representative Plaintiffs and Morgan Stanley in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall

be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of the validity of any claims, alleged wrongdoing, or liability of Morgan Stanley or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any artificiality of any interest benchmark or other interest rate; (e) any fault or omission of Morgan Stanley in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (f) the propriety of certification of a class other than solely for purposes of the Settlement.  Further, neither the Settlement Agreement (nor its exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged among counsel for the Representative Plaintiffs and Morgan Stanley in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense.  Notwithstanding anything to the contrary herein, the foregoing provisions do not apply to discovery or cooperation materials provided by Morgan Stanley to the Representative Plaintiffs or by the Representative Plaintiffs to the Morgan Stanley in connection with the Settlement or the Action.  The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settling Class Members.

23. The Court finds that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other.

24. Any data or other information provided by Settlement Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class. In no event shall a Settlement Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

25. The Distribution Plan and the Proof of Claim and Release Form are each approved as fair, reasonable, and adequate.

26. The word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

27. The Court's certification of the Settlement Class and appointment of the Representative Plaintiffs as class representatives, as provided herein, is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by the Representative Plaintiffs to certify a class. The Court's findings in this Final Approval Order shall have no effect on the Court's ruling on any motion to certify any class or to appoint class representatives in this litigation or any challenge to the Representative Plaintiffs' capacity to litigate or to represent a putative class, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any such motion or challenge.

11

28.     Class Counsel's request for attorneys' fees and reimbursement of expenses (and Incentive Awards for the Representative Plaintiffs) shall be the subject of a separate order by the Court.

**IT IS SO ORDERED.**

Signed this _____ day of _____ 202___.

_____
Hon. Lewis A. Kaplan
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD DENNIS, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., and ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM,  on behalf of themselves and all others similarly situated, | Docket No. 16-cv-06496 (LAK) |
| Plaintiffs, | |
| -against- | |
| JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE BANK, N.A. AUSTRALIA BRANCH, BNP PARIBAS, S.A., BNP PARIBAS, AUSTRALIA BRANCH, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS N.V., RBS GROUP (AUSTRALIA) PTY LIMITED, UBS AG, UBS AG, AUSTRALIA BRANCH, AUSTRALIA AND NEW ZEALAND BANKING GROUP LTD., COMMONWEALTH BANK OF AUSTRALIA, NATIONAL AUSTRALIA BANK LIMITED, WESTPAC BANKING CORPORATION, DEUTSCHE BANK AG, DEUTSCHE BANK AG, AUSTRALIA BRANCH, HSBC HOLDINGS PLC, HSBC BANK AUSTRALIA LIMITED, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, LLOYDS TSB BANK PLC, AUSTRALIA, MACQUARIE GROUP LTD., MACQUARIE BANK LTD., ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, ROYAL BANK OF CANADA, AUSTRALIA BRANCH, MORGAN STANLEY, MORGAN STANLEY AUSTRALIA LIMITED, CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, ICAP PLC, ICAP AUSTRALIA PTY LTD., TULLETT PREBON PLC, TULLETT PREBON (AUSTRALIA) PTY LTD., AND JOHN DOES NOS. 1-50. | **EXHIBIT C**<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE OF MORGAN STANLEY** |
| Defendants. | |

This matter came for a duly-noticed hearing on _____ 202__ (the "Fairness Hearing"), upon Representative Plaintiffs'[1] Motion for Final Approval of Class Action Settlement with Morgan Stanley and Morgan Stanley Australia Limited (collectively, "Morgan Stanley") in the action captioned *Richard Dennis, et al. v. JPMorgan Chase & Co., et al.*, No. 16-cv-06496 (LAK) (S.D.N.Y.) (the "Action"), which was consented to by Morgan Stanley (together with Representative Plaintiffs, the "Parties").  The Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Final Judgment hereby incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated October 1, 2021 between Representative Plaintiffs and Morgan Stanley, ECF No. 490-4, and the Amendment to the Stipulation and Agreement of Settlement dated January 13, 2022 ("together, the "Settlement Agreement"), and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. Upon the Effective Date of the Settlement, the Action, including each claim in the Action, is hereby dismissed with prejudice on the merits as to Morgan Stanley (but not any other Defendant) without fees or costs except as provided by the terms of the Settlement.

3. Upon the Effective Date of the Settlement, the Action shall be dismissed fully, finally and in its entirety against Morgan Stanley and any John Doe Defendants to the extent they are current or former Morgan Stanley employees (solely in that capacity) with prejudice.

---

[1] The "Representative Plaintiffs" are Richard Dennis, Orange County Employees Retirement System ("OCERS"), and any subsequently named plaintiff(s).  Unless otherwise noted, ECF citations are to the docket in *Richard Dennis, et al. v. JPMorgan Chase & Co., et al.*, No. 16-cv-06496 (LAK) (S.D.N.Y.).

4.     The Releasing Parties [2] fully, finally and forever released, relinquished and discharged from and covenanted not to sue the Released Parties[3] for any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, set-offs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several),

---

[2] "Releasing Parties" means each and every Representative Plaintiff, Fund Liquidation Holdings, LLC, Sonterra Capital Master Fund, Ltd., FrontPoint Financial Services Fund, L.P., FrontPoint Asian Event Driven Fund, L.P., and FrontPoint Financial Horizons Fund, L.P., and each and every Settling Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries, divisions, related entities, associates and affiliates, and on behalf of their current and former officers, directors, advisors, representatives, employees, agents, principals, managers, members, trustees, participants, representatives, fiduciaries, beneficiaries, consultants, attorneys, accountants, auditors, insurers or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing in their capacity as such, whether or not they object to the Settlement or make a claim for payment from the Settlement Fund. Notwithstanding that the U.S. Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasing Parties include any and every Settling Class Member as to which the government entity has the legal right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party. For the avoidance of doubt, the "Releasing Parties" include all Persons (including both natural persons and entities) entitled to bring or release claims on behalf of Settling Class Members relating to the Released Claims, including, but not limited to, the Settling Class Members' transactions, interests or positions in, or ownership of, BBSW-Based Derivatives, BBSW-Based Deposits or Loans, or any similar financial instruments priced, benchmarked, or settled to BBSW held by Representative Plaintiffs, Fund Liquidation Holdings, LLC, Sonterra Capital Master Fund, Ltd., FrontPoint Financial Services Fund, L.P., FrontPoint Asian Event Driven Fund, L.P., and FrontPoint Financial Horizons Fund, L.P., or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.).

[3] "Released Parties" means Morgan Stanley, its predecessors, successors and assigns, its past, present, and future direct and indirect parents, subsidiaries, divisions, related entities, associates and affiliates, and each of Morgan Stanley's and each of the foregoing's respective current, former and future officers, directors, advisors, representatives, employees, principals, managers, members, partners, participants, agents (in their capacity as agents of Morgan Stanley), shareholders (in their capacity as shareholders of Morgan Stanley), representatives, fiduciaries, beneficiaries, consultants, attorneys, accountants, auditors, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, trustees and assigns of each of the foregoing and any John Doe Defendants named or subsequently named in this Action (to the extent they are current or former employees of any of the foregoing but solely in that capacity). As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party. For the avoidance of doubt, for purposes of this Settlement, "Released Parties" shall not include any named Defendants other than Morgan Stanley and Morgan Stanley Australia Limited.

known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class

Members or any of them ever had, now has, or hereafter can, shall or may have, representatively,

derivatively or in any other capacity, against the Released Parties arising from or relating in any

way to the claims, allegations or conduct alleged in the Action, or which could have been alleged

in the Action against the Released Parties, concerning any:

      a.  BBSW-Based Derivatives;

      b.  BBSW-Based Deposits or Loans (to the extent such financial instruments were

entered into by a U.S. Person, or by a Person from or through a location within the

U.S.);

      c.  Prime Bank Bills or Prime Bank eligible securities purchased, sold, held, traded,

and/or transacted by the Representative Plaintiffs, members of the Settlement Class,

and/or Settling Class Members (to the extent such financial instruments were entered

into by a U.S. Person, or by a Person from or through a location within the U.S.); or

      d.  any similar financial instruments priced, benchmarked, or settled to BBSW

purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs,

members of the Settlement Class, and/or Settling Class Members (to the extent such

financial instruments were entered into by a U.S. Person, or by a Person from or through

a location within the U.S.), including additional financial instruments or claims

subsequently alleged in the Action, or in which any of the foregoing otherwise had any

interest;

including, but not limited to, any alleged manipulation of BBSW under any statute, regulation, or

common law, or any purported conspiracy, collusion, racketeering activity, or of other improper

conduct relating to BBSW (including, but not limited to, all claims under Section 1 of the Sherman

3

Antitrust Act, 15 U.S.C. § 1 *et seq*., the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or the common law).

5.      The following claims shall not be released by the Settlement: (i) any claims against former Morgan Stanley employees arising solely from those former employees' conduct or alleged conduct that occurred while not employed by Morgan Stanley; (ii) any claims against the named Defendants in this Action other than Morgan Stanley and other than any John Doe Defendants to the extent they are current or former employees of Morgan Stanley (solely in their capacity as employees of Morgan Stanley); or (iii) any claims against any Defendant not affiliated with Morgan Stanley who may be subsequently added in this Action.

6.      Although the foregoing release is not a general release, the foregoing release constitutes a waiver by the Parties and each Settling Class Member of any and all rights and provisions under Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. Releasing Parties and Settling Class Members shall be deemed to acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of the Settlement Agreement, but that it is their

intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts.  In entering and making this Settlement Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

7.      Upon the Effective Date, each of the Releasing Parties shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties and agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in prosecuting any Released Claims against any Released Party.

8.      The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that the judgment of dismissal as to Morgan Stanley shall be final and entered forthwith.

**IT IS SO ORDERED.**

Signed this ___ day of _____, 202__.

_____
Hon. Lewis A. Kaplan
United States District Judge

5