## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

RICHARD DENNIS, SONTERRA CAPITAL MASTER
FUND, LTD., FRONTPOINT FINANCIAL SERVICES
FUND, L.P., FRONTPOINT ASIAN EVENT DRIVEN FUND,
L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P.,
AND ORANGE COUNTY EMPLOYEES RETIREMENT
SYSTEM, on behalf of themselves and all others similarly
situated,

Docket No. 16-cv-06496 (LAK)

Plaintiffs,

-against-

JPMORGAN CHASE & CO., JPMORGAN CHASE BANK,
N.A., JPMORGAN CHASE BANK, N.A. AUSTRALIA
BRANCH, BNP PARIBAS, S.A., BNP PARIBAS,
AUSTRALIA BRANCH, THE ROYAL BANK OF
SCOTLAND GROUP PLC, THE ROYAL BANK OF
SCOTLAND PLC, RBS N.V., RBS GROUP (AUSTRALIA)
PTY LIMITED, UBS AG, UBS AG, AUSTRALIA BRANCH,
AUSTRALIA AND NEW ZEALAND BANKING GROUP
LTD., COMMONWEALTH BANK OF AUSTRALIA,
NATIONAL AUSTRALIA BANK LIMITED, WESTPAC
BANKING CORPORATION, DEUTSCHE BANK AG,
DEUTSCHE BANK AG, AUSTRALIA BRANCH, HSBC
HOLDINGS PLC, HSBC BANK AUSTRALIA LIMITED,
LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC,
LLOYDS TSB BANK PLC, AUSTRALIA, MACQUARIE
GROUP LTD., MACQUARIE BANK LTD., ROYAL BANK
OF CANADA, RBC CAPITAL MARKETS LLC, ROYAL
BANK OF CANADA, AUSTRALIA BRANCH, MORGAN
STANLEY, MORGAN STANLEY AUSTRALIA LIMITED,
CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, ICAP
PLC, ICAP AUSTRALIA PTY LTD., TULLETT PREBON
PLC, TULLETT PREBON (AUSTRALIA) PTY LTD., AND
JOHN DOES NOS. 1-50.

**[AMENDED PROPOSED] ORDER
GRANTING CONDITIONAL
CLASS CERTIFICATION FOR
PURPOSES OF CLASS ACTION
SETTLEMENT WITH MORGAN
STANLEY**

Defendants.

The parties to the Stipulation and Agreement of Settlement as to Defendants Morgan Stanley and Morgan Stanley Australia Limited (collectively, "Morgan Stanley") dated October 1, 2021 ("Settlement Agreement") entered into by Representative Plaintiffs and Morgan Stanley (together, the "Parties") in the above-referenced action ("Action"), having previously applied for an order conditionally certifying a Settlement Class as to Morgan Stanley Settlement on December 10, 2021 [ECF Nos. 488-90, 494] (the "Motion"); Representative Plaintiffs and Morgan Stanley having executed an Amendment to the Settlement Agreement dated January 13, 2022 (the "Amendment"); the Court having reviewed the Motion, the Settlement Agreement and attached exhibits, and the Amendment and attached exhibits, which set forth the terms and conditions for a proposed settlement of and for dismissal of the Action with prejudice as against Morgan Stanley upon the terms and conditions set forth therein; and the Court having read and considered the Motion, finds that the Motion should be granted.

All defined terms used in this Order shall have the same meanings as set forth in the Settlement Agreement or Amendment, except as otherwise defined herein.   Representative Plaintiffs and Morgan Stanley are referred to collectively as the "Parties."

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      For purposes of settlement only, pursuant to FED. R. CIV. P. 23(a) and (b)(3), the Court hereby certifies a Settlement Class consisting of all Persons (including both natural persons and entities) who purchased, acquired, sold, held, traded, or otherwise had any interest in, BBSW-Based Derivatives during the period January 1, 2003 through August 16, 2016, inclusive (the "Settlement Class Period"), provided that, if Representative Plaintiffs expand the putative or certified class in this Action in or through any subsequent amended complaint, class motion, or Other Settlement, the defined Settlement Class in this Order and the Settlement Agreement shall

be expanded so as to be coterminous with such expansion.  Excluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government.  Investment Vehicles are not to be excluded from the Settlement Class solely on the basis of being deemed to be Defendants or affiliates, subsidiaries, parents or agents of Defendants or controlled by Defendants or affiliates, subsidiaries, parents or agents of Defendants.  However, to the extent that any Defendant or any entity that might be deemed to be an affiliate, subsidiary, parent or agent thereof (i) managed or advised, and (ii) directly or indirectly held a beneficial interest in, said Investment Vehicle during the Settlement Class Period, that beneficial interest in the Investment Vehicle is excluded from the Settlement Class.

2.      Solely for the purposes of effectuating the Settlement, the Court conditionally finds and concludes that the requirements of FED. R. CIV. P. 23(a) and 23(b)(3) have been satisfied as follows:

(a)      the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class which predominate over any individual questions;

(c)      the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class;

(d)      Representative Plaintiffs and Class Counsel will fairly and adequately represent and protect the interests of all of the Settlement Class Members; and

(e)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.     If for any reason the Effective Date of the Settlement, as defined in Section 1(N) and Section 19 of the Settlement Agreement, does not occur, the Settlement Agreement, including any amendment(s) thereof, and this Order conditionally certifying the Settlement Class solely for purposes of the Settlement shall, without the need for further action by the Court or the Parties, be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity.  Each party shall be restored to his, her or its respective position as it existed as of February 19, 2021.  In such circumstances, each of the Parties shall retain its currently existing rights to seek or to object to the certification of this litigation as a class action under Fed. R. Civ. P. 23, or any state or federal rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

4.     The Court appoints Lowey Dannenberg, P.C. and Lovell Stewart Halebian Jacobson LLP as Class Counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

5.     The Court appoints Citibank, N.A. as Escrow Agent for purposes of the Settlement Fund defined in the Settlement Agreement.  The Court preliminarily approves the establishment of the Settlement Fund as qualified settlement funds pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

6.     Plaintiffs Richard Dennis and Orange County Employees Retirement System ("OCERS") will serve as representatives of the Settlement Class for purposes of the Settlement.

7.      The timing, plan, and forms of the Class Notice to the Settlement Class and the date of the Fairness Hearing before this Court to consider any member(s) of the Settlement Class's objections to final approval of the Settlement and to consider the fairness, adequacy and reasonableness of the proposed Settlement and Settlement Agreement shall all be determined by separate order of this Court.

8.      At a later date, Class Counsel shall submit for the Court's approval a proposed plan of distribution of the Settlement Funds.

9.      This civil action was commenced after February 18, 2005.  The Court directs Morgan Stanley to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA").  Counsel for Morgan Stanley shall, at or before the Fairness Hearing, file with the Court a notice regarding its compliance with CAFA.

10.     All proceedings in the Action as to Morgan Stanley, other than proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.  Pending determination of whether the Settlement should be approved, Representative Plaintiffs, Class Counsel and Settlement Class Members are barred and enjoined from commencing or prosecuting any Released Claims against any of the Released Persons.

11.     Neither this Order, the Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or Settlement, whether or not the Settlement shall become Final, is or shall be deemed or construed to be an admission, adjudication, or evidence of (i) any violation of any statute or law or of the validity of any claims, alleged wrongdoing, or liability of Morgan Stanley or any Released Party; (ii) the truth of any of the claims, defenses or allegations alleged in the Action; (iii) the incurrence

of any damage, loss, or injury by Representative Plaintiffs or any Person; (iv) the existence or amount of any artificiality of any benchmark or other interest rate; (v) any fault or omission of Morgan Stanley or any Released Party in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (vi) the propriety of certification of a class other than solely for purposes of the Settlement.  Further, neither this Order, the Settlement Agreement (including its exhibits), nor the Settlement contained therein, whether or not the Settlement shall become Final, nor any negotiations, documents and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which the Settlement Agreement is asserted as a defense (in which case this paragraph does not apply).  All rights of Morgan Stanley and Representative Plaintiffs are reserved and retained if the Settlement does not become Final in accordance with the terms of the Settlement Agreement.

12.    Neither this Order, the Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement is or may be used as an admission or evidence that the claims of Representative Plaintiffs lacked merit in any proceeding against anyone in any court, administrative agency, or other tribunal.

13.    Except as otherwise provided herein, in the event that the Settlement Agreement is terminated, vacated, not approved, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status in the Action as of February 19, 2021 and the Settlement Amount, and all interest earned in the Settlement Fund on that Settlement

Amount, shall be refunded, reimbursed, and repaid to the Morgan Stanley to the extent provided in the Settlement Agreement.

14.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodial legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement, returned to the Person(s) paying the same pursuant to the Settlement Agreement and/or further order(s) of the Court.

15.     If the Settlement is terminated pursuant to Sections 22 or 23 of the Settlement Agreement or if the Settlement is ultimately not approved or does not become final for any reason, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

16.     The Court's conditional certification of the Settlement Class and appointment of Representative Plaintiffs as class representatives, as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Representative Plaintiffs to certify a class.  The Court's findings in this Conditional Certification Order shall have no effect on the Court's ruling on any motion to certify any class in this litigation, or appoint class representatives, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

17.     The Court hereby orders Morgan Stanley to produce documents to the Representative Plaintiffs consistent with and solely to the extent of its cooperation obligations provided in Section 5 of the Settlement Agreement.

18.     If any deadline herein falls on a Saturday, Sunday or legal holiday, such deadline shall be extended until the next Business Day that is not a Saturday, Sunday or legal holiday.

**ENTERED** this _____ day of _____, _____.

_____
Hon. Lewis A. Kaplan
United States District Judge