IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/1/2022
```

RICHARD DENNIS, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., AND ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., BNP PARIBAS, S.A., THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS N.V., RBS GROUP (AUSTRALIA) PTY LIMITED, UBS AG, AUSTRALIA AND NEW ZEALAND BANKING GROUP LTD., COMMONWEALTH BANK OF AUSTRALIA, NATIONAL AUSTRALIA BANK LIMITED, WESTPAC BANKING CORPORATION, DEUTSCHE BANK AG, HSBC HOLDINGS PLC, HSBC BANK AUSTRALIA LIMITED, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, MACQUARIE GROUP LTD., MACQUARIE BANK LTD., ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, MORGAN STANLEY, MORGAN STANLEY AUSTRALIA LIMITED, CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, ICAP PLC, ICAP AUSTRALIA PTY LTD., TULLETT PREBON PLC, TULLETT PREBON (AUSTRALIA) PTY LTD., AND JOHN DOES NOS. 1-50.

Defendants.

Docket No. 16-cv-06496 (LAK)

[~~PROPOSED~~] ORDER APPROVING CLASS NOTICE PLAN AND
SCHEDULING HEARING FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT WITH DEFENDANTS
JPMORGAN CHASE & CO. AND JPMORGAN CHASE BANK, N.A.

This matter comes before the Court on Representative Plaintiffs' Motion for an Order Approving Class Notice Plan and Scheduling Hearing for Final Approval of the Settlements (the "Motion"). The Court having reviewed the Motion and considered all papers filed and proceedings had in the Action, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Except for the terms expressly defined herein, the Court adopts and incorporates the definitions in the Stipulation and Agreement of Settlement with JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan") dated November 20, 2018 (the "Stipulation"), including to the extent modified by the Amendment to the Stipulation and Agreement of Settlement dated March 1, 2021 (the "Amendment") and the Second Amendment to the Stipulation and Agreement of Settlement dated January 13, 2022 ("Second Amendment" and together with the Stipulation and Amendment, the "Settlement Agreement"). ECF Nos. 225-1, 452-2, Exhibit 4 to the Joint Declaration of Vincent Briganti and Christopher McGrath, dated January 13, 2022 ("Joint Declaration"). Representative Plaintiffs and JPMorgan are referred to collectively as the "Parties."

2. A hearing (the "Fairness Hearing") will be held on a date of the Court's convenience on __Oct. 13__, 2022 at __4:00__ [a.m./p.m.] [at~~ least 285 days after entry of this Order~~] in Courtroom 21B of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement Agreement. The foregoing date, time, and place of the Fairness Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the Settlement

Class Members, other than that which may be posted at the Court or on the Settlement Website at www.BBSWSettlement.com (the "Settlement Website").

3. The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

4. The Court appoints A.B. Data, Ltd. as Settlement Administrator for purposes of the Settlement.

5. Representative Plaintiffs, all Settlement Class Members and their legally authorized representatives, unless and until they have submitted a valid request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined, pending determination by the Court of whether the Settlement should be approved, (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on the Released Claims.

6. ~~Within ninety (90) days after entry of this Order~~ On or before 5/2/2022, the Settlement Administrator shall cause copies of the mailed notice, in the form (without material variation) of Exhibit 2 to the Joint

2

Declaration to begin being mailed by United States first class mail, postage prepaid, to the following: (a) JPMorgan's and any other Settling Defendants' known counterparties for BBSW-Based Derivatives during the Class Period based on transactional and other data provided by (or to be provided by) JPMorgan and any other Settling Defendants; (b) non-settling Defendants' known counterparties for BBSW-Based Derivatives, to the extent they are identified during the course of discovery and prior to the deadline to complete mailing pursuant to this Order; (c) market participants that provided names of counterparties in BBSW-Based Derivatives pursuant to a subpoena and prior to the deadline to complete mailing pursuant to this Order; and (iv) A.B. Data's proprietary list of banks, brokers, and other nominees, which are likely to trade or hold BBSW-Based Derivatives on behalf of themselves and/or their clients. The foregoing initial mailing shall be completed no later than one hundred fifty (150) days after the date of the entry of this Order.

7. ~~Within ninety (90) days after entry of this Order~~ On or before 5/2/2022, the Settlement Administrator shall begin to cause to be published a publication notice, without material variation from Exhibit 3 to the Joint Declaration, as follows: (a) one time in the Wall Street Journal, Investor's Business Daily, The Financial Times, Stocks & Commodities, Global Capital, Hedge Fund Alert, and Grant's Interest Rate Observer; (b) for at least two weeks on websites Zacks.com, Traders.com, GlobalInvestorGroup.com, and GlobalCapital.com; (c) once in e-newsletters from Global Investor Group, Stocks & Commodities, Zacks.com, and Barchart.com; (d) one email "blast" to subscribers of Stocks & Commodities and Zacks.com; and (e) one news release via PR Newswire's US1 Newsline.

8. The Settlement Administrator shall continue to maintain the Settlement Website, www.BBSWSettlement.com, until the termination of the administration of the Settlement. The Settlement Website shall include copies of the Settlement Agreement (including exhibits), this and

3

any previous Orders, the mailed and publication notices, the motions for conditional certification and all exhibits attached thereto, and the proposed Distribution Plan following submission to the Court; shall identify important deadlines; and shall provide answers to frequently asked questions. The Settlement Website may be amended as appropriate during the course of the administration of the Settlement. The Settlement Website, www.BBSWSettlement.com, shall be searchable on the Internet.

9. The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

10. The Court approves, in form and substance, the mailed notice, the publication notice, and the Settlement Website as described herein. The Class Notice specified herein (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency and status of this Action and of their right to object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable rules or laws.

11. ~~At least ninety (90) days prior to the Fairness Hearing~~ On or before 7/15/2022, Representative Plaintiffs shall file with the Court a copy of the proposed Distribution Plan and Proof of Claim and Release. The proposed Distribution Plan and Proof of Claim and Release shall be posted on the Settlement Website as soon as practicable after it is filed with the Court.

4

12. ~~At least sixty (60) days prior to the Fairness Hearing~~ on or before 7/1/2022, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 6-9 of this Order.

13. Any Settlement Class Member that has not requested exclusion and that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for attorneys' fees and expenses, or the Final Approval Order and Final Judgment, or who otherwise wishes to be heard or intervene, may appear in person or by his or her attorney at the Fairness Hearing to present evidence or argument that may be proper and relevant. However, except for good cause shown, no such Person other than Class Counsel and JPMorgan's counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any such Person shall be considered by the Court unless, not later than 8/15/2022 ~~sixty (60) days prior to the Fairness Hearing~~, the Settlement Class Member files with the Court (and serves the same on or before the date of such filing by hand or overnight mail on Class Counsel and JPMorgan's counsel) a statement of the objection or motion to intervene, as well as the specific legal and factual reasons for each objection or motion to intervene, including all support that the objecting Settlement Class Member wishes to bring to the Court's attention and all evidence the objecting Settlement Class Member wishes to introduce in support of his, her, or its objection or motion. Such submission must contain: (1) a heading that refers to this Action by case name and case number; (2) a statement of whether the objecting or intervening Person intends to appear at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number; (3) a statement of the specific legal and factual basis for each objection or intervention argument, including whether the objection applies only to the objecting Person, a specific subset of the Settlement Class or the entire Settlement Class; (4) a description

5

of any and all evidence the objecting Person may offer at the Fairness Hearing, including but not limited to, (a) the names, addresses, and expected testimony of any witnesses, (b) all exhibits intended to be introduced at the Fairness Hearing, and (c) documentary proof of the objecting Person's membership in the Settlement Class; (5) a description of the BBSW-Based Derivatives transactions entered into by the Settlement Class Member that fall within the Settlement Class definition, including, (a) the number and extent of the transactions in BBSW-Based Derivatives which the Settlement Class Member purchased, acquired, sold, held, traded, or otherwise had any interest in during the Settlement Class Period, (b) the notional value or amount of each of the aforementioned transactions, and (c) the effective and maturity date and/or trade and value dates for each of the aforementioned transactions; and (6) a list of other cases in which the objector or intervenor or counsel for the objector or intervenor has appeared either as an objector or counsel for an objector in the last five years. Persons who have timely submitted a valid Request for Exclusion are not Settlement Class Members and are not entitled to object.

14.  Any objection to the Settlement or motion to intervene submitted by a member of the Settlement Class pursuant to paragraph 13 of this Order must be signed by the member of the Settlement Class (or his, her, or its legally authorized representative), even if the member of the Settlement Class is represented by counsel. The right to object to the proposed Settlement or to intervene must be exercised individually by a member of the Settlement Class or the Person's attorney, and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by a member of the Settlement Class's legally authorized representative.

15.  Any motion to intervene must comply with the Federal Rules of Civil Procedure and the Local Rules of the Court.

6

16. All objectors shall make themselves available to be deposed by any Party in the Southern District of New York or the county of the objector's residence or principal place of business within seven (7) business days of service of the objector's timely written objection.

17. Any Settlement Class Member that fails to object or move to intervene in the manner described in paragraphs 13-16 of this Order shall be deemed to have waived the right to object (including any right of appeal) or to intervene and shall be forever barred from raising such objection or seeking to intervene in this or any other action or proceeding related to or arising out of the Settlement. Discovery concerning any purported objections to the Settlement and any purported motions to intervene shall be completed no later than seven (7) days before the Fairness Hearing. Class Counsel, JPMorgan's counsel, and any other Persons wishing to reply to or otherwise oppose timely-filed objections in writing may do so not later than seven (7) days before the Fairness Hearing.

18. The Settlement Administrator shall furnish Class Counsel and JPMorgan's counsel with copies of any and all objections, motions to intervene, notices of intention to appear, and any other communications from purported Settlement Class Members concerning objections that come into its possession (except as otherwise expressly provided in the Settlement Agreement) as they become available.

19. Any Request for Exclusion from the Settlement by a member of the Settlement Class must be sent in writing by U.S. first class mail (or, if sent from outside the U.S., by a service that provides for guaranteed delivery within five (5) or fewer calendar days of mailing) to the Settlement Administrator at the address in the mailed notice ~~and received no later than sixty (60) days before the Fairness Hearing~~ *not later than 8/15/2022* (the "Exclusion Bar Date"). Any Request for Exclusion must contain the following information:

7

a. the name, address, and telephone number of the Settlement Class Member;

b. a list of all trade names or business names that the Settlement Class Member requests to be excluded;

c. the name of this Action ("*Dennis, et al. v. JPMorgan Chase & Co., et al.*, No. 16-cv-06496 (LAK) (S.D.N.Y.)");

d. a statement certifying such person is a Settlement Class Member;

e. a description of the BBSW-Based Derivatives transactions entered into by the Settlement Class Member that fall within the Settlement Class definition, including:

i. the number and extent of the transactions in BBSW-Based Derivatives which the Settlement Class Member purchased, acquired, sold, held, traded, or otherwise had any interest in during the Settlement Class Period;

ii. the notional value or amount of each of the aforementioned transactions; and

iii. the effective and maturity date and/or trade and value dates for each of the aforementioned transactions; and

f. a statement that "I/we hereby request that I/we be excluded from the proposed Settlement Class in *Dennis, et al. v. JPMorgan Chase & Co., et al.*, No. 16-cv-06496 (LAK) (S.D.N.Y.) for the Settlement with JPMorgan"; and

20. Any Request for Exclusion from the Settlement submitted by a member of the Settlement Class pursuant to paragraph 19 of this Order must be signed by the member of the Settlement Class (or his, her, or its legally authorized representative) and notarized, even if the member of the Settlement Class is represented by counsel. The right to be excluded from the proposed Settlement must be exercised individually by a member of the Settlement Class or his,

8

her, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by the Settlement Class Member's legally authorized representative. A Request for Exclusion shall not be effective unless it provides all of the required information listed in paragraph 19 of this Order, complies with this paragraph 20, and is received by the Exclusion Bar Date.

21. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in paragraphs 19-20 shall be excluded from the Settlement Class as to the JPMorgan Settlement, shall have no rights with respect to the Settlement Agreement, shall receive no payment from the sums provided for in the Settlement Agreement and shall be deemed to have excluded themselves from the Action as against JPMorgan, including but not limited to any and all future prosecution of the Action against JPMorgan.

22. Any Settlement Class Member who does not submit a timely and valid written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Action that relate to the Settlement.

23. The Parties may request leave of the Court to seek discovery, including by subpoena, from any Settlement Class Member who submits any Request for Exclusion.

24. The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide to Class Counsel and JPMorgan's counsel copies of the log, each Request for Exclusion (including all documents submitted with such requests), and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and in no event later than two business days after receipt.

25. At least fifteen (15) days before the Fairness Hearing, the Settlement Administrator shall prepare an opt-out list identifying all Persons, if any, who submitted a timely and valid

9

Request for Exclusion from the Settlement Class, as provided in the Settlement Agreement, and an affidavit attesting to the accuracy of the opt-out list. Class Counsel shall file the opt-out list and affidavit of the Settlement Administrator attesting to the accuracy of such list with the Court.

26. All Proof of Claim and Release forms shall be submitted by Settlement Class Members to the Settlement Administrator as directed in the mailed notice and must be postmarked no later than ~~seventy-five (75) days after the Fairness Hearing~~ 12/30/2022.

27. To effectuate the Settlement and the notice provisions, the Settlement Administrator shall be responsible for: (a) establishing a P.O. Box (to be identified in the mailed notice and the publication notice described in paragraphs 6-7 above), a toll-free interactive voice response telephone system and call center, and the Settlement Website for the purpose of communicating with Settlement Class Members; (b) effectuating the Class Notice plan, including by running potential Settlement Class Members' addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from Settlement Class Members, including Proofs of Claim and Release, and other documents relating to the Settlement and its administration; (d) administering claims for allocation of funds among Settlement Class Members; (e) determining the timeliness of each Proof of Claim and Release submitted by Settlement Class Members, and the adequacy of the supporting documents submitted by Settlement Class Members; (f) corresponding with Settlement Class Members regarding any deficiencies in their Proofs of Claim and Release and regarding the final value of any allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the Distribution Plan; (h) determining the timeliness and validity of all Requests for Exclusion received from Settlement Class Members; (i) preparing the opt-out list and an affidavit attaching and attesting to the accuracy of such list, and providing same to Class Counsel and JPMorgan's

10

counsel; and (j) providing Class Counsel and JPMorgan's counsel with copies of any Requests for Exclusion (including all documents submitted with such requests).

28. The Settlement Administrator shall maintain a copy of all paper communications related to the Settlement for a period of one (1) year after distribution of the Net Settlement Fund and shall maintain a copy of all electronic communications related to the Settlement for a period of three (3) years after distribution of the Net Settlement Fund, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

29. Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlement ~~at least~~ no later than 7/29/2023 ~~seventy-five (75) days prior to the Fairness Hear~~ing. Any reply briefs concerning Class Counsel's motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlement shall be filed no later than 10/7/2022 ~~seven (7) days prior to the Fairness Hearing~~.

30. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to members of the Settlement Class, other than that which may be posted at the Court or on the Settlement Website, www.BBSWSettlement.com. Class Counsel may move the Court for permission to combine notice of the Settlement with any other settlements that may be reached.

31. Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

ENTERED this _1st_ day of _February_, _2022_.

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ

11

———————————————
Hon. Lewis A. Kaplan
United States District Judge