**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD DENNIS, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., AND ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | Docket No. 16-cv-06496 (LAK) |
| Plaintiffs, | |
| -against- | |
| JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., BNP PARIBAS, S.A., THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS N.V., RBS GROUP (AUSTRALIA) PTY LIMITED, UBS AG, AUSTRALIA AND NEW ZEALAND BANKING GROUP LTD., COMMONWEALTH BANK OF AUSTRALIA, NATIONAL AUSTRALIA BANK LIMITED, WESTPAC BANKING CORPORATION, DEUTSCHE BANK AG, HSBC HOLDINGS PLC, HSBC BANK AUSTRALIA LIMITED, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, MACQUARIE GROUP LTD., MACQUARIE BANK LTD., ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, MORGAN STANLEY, MORGAN STANLEY AUSTRALIA LIMITED, CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, ICAP PLC, ICAP AUSTRALIA PTY LTD., TULLETT PREBON PLC, TULLETT PREBON (AUSTRALIA) PTY LTD., AND JOHN DOES NOS. 1-50. | |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION FOR PURPOSES OF CLASS ACTION SETTLEMENTS WITH DEFENDANTS CREDIT SUISSE AG AND CREDIT SUISSE GROUP AG, AND DEFENDANTS BNP PARIBAS, S.A., DEUTSCHE BANK AG, ROYAL BANK OF CANADA, THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG, AND FOR ORDERS APPROVING CLASS NOTICE PLAN AND <u>SCHEDULING HEARING FOR FINAL APPROVAL</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ................................................................................................................... 3

    A.  Settlement Negotiations ................................................................................................ 4

ARGUMENT ......................................................................................................................... 5

    I.    The Court Should Conditionally Certify the Settlement Class Defined in the Settlements 5

        A.       The Settlement Class Meets the Rule 23(a) requirements. ...................................5

           1.     Numerosity........................................................................................................... 5

           2.     Commonality........................................................................................................ 6

           3.     Typicality ............................................................................................................. 6

           4.     Adequacy ............................................................................................................. 7

                a. Plaintiffs are adequate representatives for the Class. ...............................8

                b. Plaintiffs' Counsel are adequate. ...............................................................9

                c. The Court Should Conditionally Appoint Lowey Dannenberg and Lovell Stewart as Class Counsel under Rule 23(g)(1). ...........................................9

        B.       The Proposed Settlement Class Satisfies Rule 23(b)(3). ....................................10

           1.     Predominance...................................................................................................... 10

            2.     Superiority........................................................................................................... 11

    II.   The Court Should Approve the Proposed Plan and Form of Class Notice .......................12

        A.       The Proposed Notice Plan Satisfies FED. R. CIV. P. 23(e) and 23(c)(2)(B)...........12

        B.       The Mail Notice and Publication Notice Satisfy FED. R. CIV. P. 23(c)(2)(B) .......16

    III.  Plaintiffs Propose to Return to the Court for Approval of the Distribution Plan and Claim Form Following Receipt of Cooperation Materials ........................................................17

    IV.  The Court Should Appoint Citibank, N.A. as Escrow Agent ...........................................18

    V.   The Court Should Approve Plaintiffs' Proposed Schedule ..............................................18

    CONCLUSION...................................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Amchem Prods., Inc. v. Windsor*,
　521 U.S. 591 (1997) ............................................................................................ 11

*Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*,
　222 F.3d 52 (2d Cir. 2000) ............................................................................... 7, 8

*Bolanos v. Norwegian Cruise Lines Ltd.*,
　212 F.R.D. 144 (S.D.N.Y. 2002) .......................................................................... 6

*Brown v. Kelly*,
　609 F.3d 467 (2d Cir. 2010) ............................................................................... 10

*In re "Agent Orange" Prod. Li*ab. Litig.,
　818 F.2d 145 (2d Cir. 1987) .......................................................................... 12, 18

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
　MDL No. 1775, 2014 WL 7882100 (E.D.N.Y. Oct. 15, 2014) .............................. 10

*In re Amaranth Nat. Gas Commodities Litig.*,
　269 F.R.D. 366 (S.D.N.Y. 2010) .......................................................................... 7

*In re Corrugated Container Antitrust Litig.*,
　643 F.2d 195 (5th Cir. 1981) ................................................................................ 8

*In re Currency Conversion Fee Antitrust Litig.*,
　224 F.R.D. 555 (S.D.N.Y. 2004) ........................................................................ 12

*In re Currency Conversion Fee Antitrust Litig.*,
　264 F.R.D. 100 (S.D.N.Y. 2010) .......................................................................... 7

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
　574 F.3d 29 (2d Cir. 2009) ................................................................................... 7

*In re Global Crossing Secs. and ERISA Litig.*,
　225 F.R.D. 436 (S.D.N.Y. 2004) .......................................................................... 8

*In re GSE Bonds Antitrust Litig.*,
　414 F. Supp. 3d 686 (S.D.N.Y. 2019) ................................................. 9, 10, 11, 12

*In re Initial Pub. Offering Sec. Litig.*,
　260 F.R.D. 81 (S.D.N.Y. 2009) ......................................................................... 5, 6

*In re NASDAQ Market-Makers Antitrust Litig.*,
　169 F.R.D. 493 (S.D.N.Y. 1996) .......................................................................... 8

*In re Prudential Sec. Inc. Ltd. Pshps. Litig.*,
   163 F.R.D. 200 (S.D.N.Y. 1995) ............................................................. 6

*Martens v. Smith Barney Inc.*,
   181 F.R.D. 243 (S.D.N.Y. 1998) ............................................................. 8

*Ploss v. Kraft Foods Grp., Inc.*,
   431 F. Supp. 3d 1003 (N.D. Ill. 2020) ....................................................... 7

*Precision Assocs. v. Panalpina World Transp., Ltd.*,
   No. 08-cv-0042 (JG)(VVP), 2013 WL 4525323 (E.D.N.Y. Aug. 27, 2013)............ 18

*Soberal-Perez v. Heckler*,
   717 F.2d 36 (2d Cir. 1983)..................................................................... 12

*Tyson Foods, Inc. v. Bouaphakeo*,
   577 U.S. 442  (2016)............................................................................ 10

*Wal-Mart Stores v. Visa U.S.A.*,
   396 F.3d 96 (2d Cir. 2005)......................................................... 12, 15, 16

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)............................................................................. 6

*Weigner v. City of New York*,
   852 F.2d 646 (2d Cir. 1988)................................................................... 12

**Rules**

FED. R. CIV. P. 23 ...................................................................... 12, 16

FED. R. CIV. P. 23(e) ......................................................................... 8

FED. R. CIV. P. 23(e)(1) et seq............................................................. 12

FED. R. CIV. P. 23(a) et seq. ......................................................... 5, 6, 7

FED. R. CIV. P. 23(b)(3) .................................................................... 11

FED. R. CIV. P. 23(c)(2)(B) ........................................................... 12, 16

**Other Authorities**

NEWBERG ON CLASS ACTIONS §§ 18:28 & 18:29 (4th ed. 2002) ................................. 11

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs[1] respectfully submit this memorandum of law and Joint Declaration of Vincent Briganti and Christopher McGrath dated April 29, 2022 ("Joint Decl.") in support of their motion seeking conditional certification of the Settlement Class (defined at p. 5 below), approval of a plan and form of notice to the Settlement Class, and the scheduling of a fairness hearing for Plaintiffs' proposed class action settlements with (1) Credit Suisse AG and Credit Suisse Group AG ("Credit Suisse") and (2) BNP Paribas, S.A. ("BNPP"), Deutsche Bank AG ("Deutsche Bank"), Royal Bank of Canada ("RBC"), The Royal Bank of Scotland plc (n/k/a NatWest Markets plc) ("RBS"), and UBS AG ("UBS" and collectively with BNPP, Deutsche Bank, RBC, and RBS, the "Group Settling Defendants"). Plaintiffs propose to combine notice of their proposed settlements with Credit Suisse and the Group Settling Defendants with notice of Plaintiffs' six additional proposed class action settlements.[2] If the eight proposed settlements are finally approved by the Court, the Action will be resolved as to all non-dismissed Defendants. Proposed orders are filed herewith.

## PRELIMINARY STATEMENT

**Credit Suisse Settlement**. Plaintiffs have entered into a Stipulation and Agreement of Settlement with Credit Suisse ("Credit Suisse Settlement"). The Credit Suisse Settlement requires Credit Suisse to make non-reversionary cash payments for the benefit of the Settlement Class

---

[1] For purposes of this motion "Plaintiffs" means Plaintiffs Richard Dennis ("Dennis") and Orange County Employees Retirement System ("OCERS"). Unless otherwise noted, ECF citations are to the docket in *Richard Dennis, et al. v. JPMorgan Chase & Co., et al.*, No. 16-cv-06496 (LAK) (S.D.N.Y.) and internal citations and quotation marks are omitted.

[2] Plaintiffs have reached proposed settlements with six additional defendants: Australia and New Zealand Banking Group Limited ("ANZ"); Commonwealth Bank of Australia ("CBA"); National Australia Bank Limited ("NAB"); Morgan Stanley and Morgan Stanley Australia Limited ("Morgan Stanley"); Westpac Banking Corporation ("Westpac"); and JPMorgan Chase & Co. and JPMorgan Chase Bank ("JPMorgan"). Plaintiffs moved for an order directing issuance of notice of the six settlements on January 13, 2022. ECF Nos. 506-14. On February 1, 2022, the Court granted Plaintiffs' January 13 motion. ECF Nos. 525-530.

totaling $8,875,000 and provide substantial documentary and other non-monetary cooperation to settle the claims against Credit Suisse.

**Settlement with the Group Settling Defendants**.   Plaintiffs have entered into a Stipulation and Agreement of Settlement with the Group Settling Defendants.  The Settlement with the Group Settling Defendants provides for a payment totaling $40,000,000 in non-reversionary cash payments for the benefit of the Settlement Class plus the provision of certain cooperation materials to be provided by each of the five Defendants.

In total, the eight proposed settlements provide for non-reversionary cash payments totaling **$185,875,000**, plus cooperation from each settling defendant.  *See* ECF No. 489 at 1-2 (detailing the consideration for the six additional proposed settlements).

**Conditional Certification**.  The proposed Settlement Classes are identical in all material respects to the settlement classes the Court recently conditionally certified for purposes of Plaintiffs' six additional proposed class action settlements.  *Compare* ECF Nos. 517-522 at ¶¶1-3 *with* Credit Suisse Settlement §1(QQ); Group Settling Defendants Settlement §1(PP).  Plaintiffs respectfully submit that the Court should conditionally certify the Settlement Class for all the same reasons it previously granted conditional certification.

**Notice Plan**.  The multi-pronged notice plan proposed by Plaintiffs is the same exact notice plan the Court recently approved, which was found to be the best notice practicable under the circumstances and to otherwise satisfy FED. R. CIV. P. 23 and due process.  *Compare* ECF Nos. 525-530, ¶10 *with* "II.A" below.  The proposed notice plan, which includes mail notice, broad publication notice (both print and electronic) and a settlement website is the same type of notice plan that has repeatedly been approved in prior class action settlements.  *See* "II.A" below.

**Form of Notice**.   The forms of the proposed mail notice and publication notice are substantially similar to the forms of notice previously approved by the Court in connection with the Plaintiffs' six additional proposed class action settlements, which was found to satisfy FED. R. CIV. P. 23(c)(2)(B).   *Compare* ECF Nos. 525-530, ¶10 *with* "II.B" below.   Plaintiffs have updated the previously approved notices to include the same types of information concerning the proposed Settlements.   *See* Joint Decl. Exs. 3-4.

**Fairness Hearing**.   Plaintiffs respectfully propose that the date of the fairness hearing, deadlines for executing the proposed the notice plan, and deadlines for class members to object to the Settlements and request exclusion from the Class recently set by the Court in connection with Plaintiffs' six additional proposed settlements be extended by approximately two and one-half weeks.   *Compare* ECF Nos. 525-530 *with* "V" below.   This will permit notice of all eight proposed settlements to be combined and will further permit the Court to hold a single fairness hearing this year to consider final approval of the proposed settlements.

## BACKGROUND

Plaintiffs allege that Defendants conspired to manipulate BBSW and the prices of BBSW-Based Derivatives during the Class Period by, *inter alia*: (1) engaging in manipulative money market transactions during the BBSW Fixing Window; (2) making false BBSW rate submissions that did not reflect actual transaction prices; (3) uneconomically buying or selling money market instruments at a loss to cause artificial derivatives prices; and (4) sharing proprietary information to align interests and avoid conduct that could harm co-conspirators.   ECF No. 281 (Second Amended Class Action Complaint ("SAC")).   Plaintiffs claim that as a result of Defendants' price-fixing conspiracy, they paid more or received less than they should have on their BBSW-Based Derivatives transactions during the Class Period.   Credit Suisse, BNPP, Deutsche Bank, RBC, RBS and UBS do not admit any of Plaintiffs' allegations of misconduct in the BBSW market by

entering into the Settlements and continue to deny any and all wrongdoing, including any allegations that they have violated any law. The procedural history of this case is detailed in ECF No. 490 ¶¶ 7-23 and the Joint Declaration ¶¶ 6-9.

### A. Settlement Negotiations

**<u>Credit Suisse</u>**. The negotiations with Credit Suisse began in or around early May 2021 and concluded on January 21, 2022 when the Settlement was executed. Joint Decl. ¶ 17. Throughout the settlement negotiations, Plaintiffs' Counsel and Credit Suisse shared their views on the perceived strengths and weaknesses of the litigation as well as Credit Suisse's litigation exposure, their perceptions of a fair, reasonable and adequate settlement, and other cooperation that might be available in the settlement. *Id.* As the discussions progressed, Plaintiffs' Counsel and counsel for Credit Suisse negotiated the material terms of the settlement, including the amount of the settlement consideration, the scope of the cooperation to be provided by Credit Suisse, the scope of the releases, and the circumstances under which the parties would have the right to terminate the settlement. *Id.* ¶¶ 16-20.

**<u>Group Settling Defendants</u>**. The negotiations with the Group Settling Defendants began in or around May 2021 and concluded on April 29, 2022 when the Settlement was executed. Joint Decl. ¶ 22. The negotiations with the Group Settling Defendants were at arm's-length and included an exchange of views on the perceived strengths and weaknesses of the litigation, litigation exposure, counsel's perceptions of a fair, reasonable and adequate settlement, and cooperation that might be available. Joint Decl., ¶¶ 21-22. Plaintiffs' Counsel and the respective counsel for BNPP, Deutsche Bank, RBC, RBS and UBS negotiated the material terms of the Settlement, including the amount of consideration, cooperation, release and limited rights to terminate the Settlement. *Id.*

<u>**ARGUMENT**</u>

**I.     The Court Should Conditionally Certify the Settlement Class Defined in the Settlements**

The proposed Settlement Class as defined in the Settlements satisfies the provisions of Rule 23(a) and Rule 23(b)(3) for purposes of conditional certification.

The Settlement Class for the Credit Suisse Settlement and the Group Settling Defendants is defined as follows:

> All Persons (including both natural persons and entities) who purchased, acquired, sold, held, traded, or otherwise had any interest in, BBSW-Based Derivatives during the Settlement Class Period,[3] provided that, if Representative Plaintiffs expand the putative or certified class in this Action in or through any subsequent amended complaint, class motion, or Other Settlement, the defined Settlement Class in this Settlement Agreement shall be expanded so as to be coterminous with such expansion. Excluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government.

Credit Suisse Settlement §1(QQ); Group Settling Defendants Settlement §1(PP).

The Court conditionally certified substantially the same Settlement Class in connection with the Plaintiffs' six additional proposed settlements.  ECF Nos. 517-22 at ¶¶1-3.  As detailed below, conditional certification is appropriate here for all the same reasons.

**A.  The Settlement Class Meets the Rule 23(a) requirements.**

**1.  Numerosity**

Rule 23(a) requires that the class be "so numerous that joinder of all class members is impracticable." FED. R. CIV. P. 23(a)(1).  Joinder need not be impossible, it may "merely be difficult or inconvenient, rendering use of a class action the most efficient method to resolve plaintiffs' claims."  *In re Initial Pub. Offering Sec. Litig.,* 260 F.R.D. 81, 90 (S.D.N.Y. 2009)

---

[3] "Settlement Class Period" is defined as January 1, 2003 through August 16, 2016, both dates inclusive.

("*IPO*"). "Sufficient numerosity can be presumed at a level of forty members or more." *Id.*  There are at least hundreds, if not thousands, of geographically dispersed persons and entities that fall within the Settlement Class definition.  *See* Joint Decl. ¶ 25; ECF No. 229 ¶ 2.  Thus, joinder of all of these individuals and entities would be impracticable.

## 2.  Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class."  FED. R. CIV. P. 23(a)(2).  This is a "'low hurdle' easily surmounted."  *In re Prudential Sec. Inc. Ltd. Pshps. Litig.*, 163 F.R.D. 200, 206 n.8 (S.D.N.Y. 1995) (internal quotation marks and citations omitted). Commonality requires the presence of only a single question common to the class. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) ("*Dukes*").  This criterion is met where the question(s) at issue in the case is "capable of classwide resolution–which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Id.* at 350.

Common questions of law and fact include: (a) whether Defendants entered a conspiracy to manipulate BBSW; (b) the identities of the members of such conspiracy; (c) what constitutes a false or manipulative submission by a BBSW contributor panel bank; and (d) whether Defendants' conduct pursuant to their agreement artificially impacted BBSW.

## 3.  Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  FED. R. CIV. P. 23(a)(3).  To meet this requirement "claims only need to share the same essential characteristics and need not be identical."  *Bolanos v. Norwegian Cruise Lines Ltd.*, 212 F.R.D. 144, 155 (S.D.N.Y. 2002) (quoting 5 MOORE'S FEDERAL PRACTICE § 23.24[4]).  This permissive standard is satisfied when "each class member's claim

arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (internal quotation marks and citations omitted).

Plaintiffs' and Settlement Class members' claims arise from the same common course of conduct involving the alleged manipulation of BBSW by Defendants.  Where plaintiffs "must prove a conspiracy, its effectuation, and damages therefrom," their claims are typical as they are "precisely what the absent class members must prove to recover." *In re Currency Conversion Fee Antitrust Litig.*, 264 F.R.D. 100, 111 (S.D.N.Y. 2010).  The same conspiracy and effects therefrom that impacted Plaintiffs' transactions similarly affected the transaction all Settlement Class members. *See In re Amaranth Nat. Gas Commodities Litig.*, 269 F.R.D. 366, 379 (S.D.N.Y. 2010) (finding typicality where plaintiffs and the class "transacted in the same contracts, in the same centralized marketplace, [and] were allegedly negatively impacted by the same common course of manipulative conduct for which the same group of defendants is alleged to be legally responsible for the damages"); *Ploss v. Kraft Foods Grp., Inc.*, 431 F. Supp. 3d 1003, 1011 (N.D. Ill. 2020) ("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and is based on the same legal theory.").

### 4.  Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4); *see Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 61 (2d Cir. 2000).  Generally, courts consider "whether: 1) plaintiff's interests

are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Id.* at 60.[4]

### a. Plaintiffs are adequate representatives for the Class.

"[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." *Martens v. Smith Barney Inc.,* 181 F.R.D. 243, 259 (S.D.N.Y. 1998); *see also In re NASDAQ Market-Makers Antitrust Litig.,* 169 F.R.D. 493, 514-15 (S.D.N.Y. 1996) (*"NASDAQ I"*) (to warrant denial of class certification, "it must be shown that any asserted 'conflict' is so palpable as to outweigh the substantial interest of every class member in proceeding with the litigation."). No such fundamental conflict between Plaintiffs and the absent Settlement Class members exists here for purposes of conditional certification.

All Settlement Class members share an overriding interest in establishing each element of each claim and obtaining the largest possible monetary recovery from defendants. *See In re Global Crossing Secs. and ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004) (certifying a settlement class and finding that "[t]here is no conflict between the class representatives and the other class members. All share the common goal of maximizing recovery."); *see also In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 208 (5th Cir. 1981) (certifying settlement class and holding that "so long as all class members are united in asserting a common right, such as achieving the maximum possible recovery for the class, the class interests are not antagonistic for representation purposes."). Where the class representatives are seeking to recover damages for themselves and absent class members that "suffered the same injuries--monetary losses resulting

---

[4] Under FED. R. CIV. P. 23(e), as amended in 2018, the adequacy of class representatives class counsel is a factor to be considered in determining whether to direct notice. While it is this Court's practice not to evaluate the fairness and adequacy of a settlement until after notice has been provided to the Class, we note that the adequacy analysis for class certification would also support issuance of the Class Notice under the amended Rule 23(e)(1).

from [manipulated transactions] with settling defendants," their interests are aligned. *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 692 (S.D.N.Y. 2019).

### b.  Plaintiffs' Counsel are adequate.

Plaintiffs and the Settlement Class are represented by experienced and skilled counsel. Lowey Dannenberg and Lovell Stewart have vigorously represented the Settlement Class in this Action.  The firms have decades of experience litigating complex class actions, including some of most significant class action recoveries under the Commodity Exchange Act and Sherman Antitrust Act.  *See* ECF Nos. 452-6, 452-7 (Firm Resumes).  Plaintiffs' Counsel were well-informed about the strengths and weaknesses of the claims against Credit Suisse, BNPP, Deutsche Bank, RBC, RBS and UBS, having undertaken a significant investigation of the BBSW-Based Derivatives market, defended Plaintiffs' claims in multiple motions to dismiss, and engaged in arduous, arms-length negotiations with Credit Suisse, BNPP, Deutsche Bank, RBC, RBS and UBS.  These additional Settlements serve as further evidence of Plaintiffs' Counsel's adequacy. Consequently, the Rule 23(a)(4) requirements that there be no fundamental conflict and that counsel is adequate are both satisfied for purposes of conditional certification.

### c.  The Court Should Conditionally Appoint Lowey Dannenberg and Lovell Stewart as Class Counsel under Rule 23(g)(1).

The Court previously appointed Lowey Dannenberg and Lovell Stewart as Class Counsel for the Settlement Class in connection with Plaintiffs' six additional settlements.  *See* ECF No. 517-522 at ¶¶4-6.  For all the same reasons, and those set forth in Section 4.b above, the Court should similarly appoint Lowey Dannenberg and Lovell Stewart as Class Counsel for the Settlement Classes with respect to the proposed Settlements.

### B.      The Proposed Settlement Class Satisfies Rule 23(b)(3).

In addition to satisfying the requirements of Rule 23(a), Plaintiffs must also conditionally establish: (1) "that the questions of law or fact common to class members predominate over any questions affecting only individual members"; and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

### 1.   Predominance

Certification is proper under Rule 23(b)(3) where "a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Brown v. Kelly*, 609 F.3d 467, 483 (2d Cir. 2010).  To satisfy the predominance requirement, a plaintiff must show "that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof." *Id.* (ellipses in original). "If the most substantial issues in controversy will be resolved by reliance primarily upon common proof, class certification will generally achieve the economies of litigation that Rule 23(b)(3) envisions." *In re Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775, 2014 WL 7882100, at *35 (E.D.N.Y. Oct. 15, 2014); *see also Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 454  (2016) ("When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately." (internal quotation marks omitted)).

Courts regularly find that predominance is met in antitrust cases.  *See In re GSE Bonds*, 414 F. Supp. 3d at 701 ("The predominance test is likely met here because plaintiffs' antitrust claims predominate and would be proven through common evidence."); *accord*

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).  Predominance can be established in antitrust cases because the elements of the claims lend themselves to common proof.  *In re GSE Bonds*, 414 F. Supp. 3d at 701 ("Proof is not likely to vary among the class members because allegations of price-fixing relate to the <u>defendants' conduct</u>, not plaintiffs'") (emphasis in original); *see also,* CONTE, A. & NEWBERG, H.B., NEWBERG ON CLASS ACTIONS §§ 18:28 & 18:29 (4th ed. 2002) (noting that allegations of antitrust conspiracies generally establish predominance of common questions).

Plaintiffs and Settlement Class members face and must answer the same common factual and legal questions to establish the elements of each of their claims, including whether Defendants conspired to manipulate BBSW and if so the level of impact.  These common questions predominate over individual questions for purposes of conditional certification and satisfy this prong of Rule 23(b)(3).

### 2.  Superiority

Rule 23(b)(3) "superiority" requires a plaintiff to show that a class action is superior to other methods available for "fairly and efficiently adjudicating the controversy."  FED. R. CIV. P. 23(b)(3).  The Court balances the advantages of class action treatment against alternative available methods of adjudication.  *See* FED. R. CIV. P. 23(b)(3)(A)-(D) (listing four non-exclusive factors relevant to this determination).  The superiority requirement is applied leniently in the settlement context because the court "need not inquire whether the case, if tried, would present intractable management problems."  *Amchem*, 521 U.S. at 620.

Notably, in cases similar to this one, where the class is large, the cost of individually litigating a claim may exceed the potential individual recovery, and class members are geographically disbursed, courts find that a "class action [is] the superior method for the fair and

efficient adjudication of the controversy." *In re Currency Conversion Fee Antitrust Litig.*, 224 F.R.D. 555, 566 (S.D.N.Y. 2004); *see also In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d at 702. The Court, as it previously found in this Action with respect to the JPMorgan, Westpac, ANZ, CBA, NAB and Morgan Stanley Settlements, should find that a class action is a superior method to adjudicate the claims of Settlement Class members.

**II.    The Court Should Approve the Proposed Plan and Form of Class Notice**

**A.  The Proposed Notice Plan Satisfies FED. R. CIV. P. 23(e) and 23(c)(2)(B)**

**Legal Standard**.   Rule 23 and due process require that the settlement class receive "adequate" notice of a class action settlement. *See Wal-Mart Stores v. Visa U.S.A.*, 396 F.3d 96, 113-14 (2d Cir. 2005). Whether notice is "adequate" depends on whether it is reasonable given the circumstances. *See* FED. R. CIV. P. 23(e)(1)(B) ("The court must direct notice in a reasonable manner to all class members who would be bound by the proposal . . . ."); FED. R. CIV. P. 23(c)(2)(B) (Rule 23(b)(3) class members must be given "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."); *see also Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988) (due process does not require actual notice to every class member, as long as class counsel "acted reasonably in selecting means likely to inform persons affected."); *Soberal-Perez v. Heckler*, 717 F.2d 36, 43 (2d Cir. 1983) (noting the "basic standard to be applied is one of reasonableness."). Accordingly, courts are afforded "considerable discretion" in fashioning a notice plan. *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 168 (2d Cir. 1987).

**The Proposed Notice Plan**.  Plaintiffs propose using the notice plan[5] previously approved in connection with Plaintiffs' six additional proposed settlements to provide notice of this Settlement.  *See* ECF Nos. 525-30, ¶¶6-9.  The Court found that this plan of notice satisfied FED. R. CIV. P. 23(c)(2)(B) and was the best notice practicable under the circumstances.  *Id.*, ¶10.

The proposed multi-pronged notice plan is as follows.  First, the Settlement Administrator (*see* below) will cause the mail notice (Joint Decl., Ex. 3) to be sent, via First-Class Mail, postage prepaid, to the following categories of potential class members: (i) Settling Defendants' known counterparties for BBSW-Based Derivatives during the Class Period based on transactional and other data provided by Settling Defendants; (ii) counterparties in BBSW-Based Derivatives that were identified by market participants, including banks, brokers, and futures commission merchants, pursuant to subpoenas issued by Plaintiffs' Counsel; and (iii) the Settlement Administrator's proprietary list of banks, brokers, and other nominees, which are likely to trade or hold BBSW-Based Derivatives on behalf of themselves and their clients. *See* Declaration of Linda V. Young, ECF No. 508, Ex. 1 at 2 (describing direct mail component of notice plan).  The mail notice also requests that certain categories of recipients forward the notice to their clients or provide their list of clients to the Settlement Administrator for the purpose of sending individual notice.  If determined to be reasonably necessary by any of the Settling Defendants, as a result of data protection, privacy, or bank secrecy law requirements or any other law, rule, or regulation, including but not limited to requirements that limit notice only to those clients with whom a business relationship still exists, Plaintiffs agree that the Settling Defendants may, at their sole discretion, opt to provide, or have a third-party agent provide, the Class Notice to any

---

[5] Plaintiffs previously filed their proposed notice plan on January 13, 2022 as part of their motion for an order directing issuance of notice of the six previously filed settlements. *See* Declaration of Linda Young, ECF No. 508, Ex. 1.

counterparties to BBSW-Based Derivatives the Settling Defendants transacted with during the Settlement Class Period.[6]   The foregoing mail notice is reasonably calculated to reach class members that can be identified through reasonable effort. The database of these recipients will be continually updated to capture any address changes, including any changes to the counterparty information made available to the Settlement Administrator.

Second, the Settlement Administrator will cause the publication notice (Joint Decl., Ex. 4) to be published in The Wall Street Journal, Investor's Business Daily, The Financial Times, Stocks & Commodities, Global Capital, Hedge Fund Alert, and Grant's Interest Rate Observer, and on websites Zacks.com, Traders.com, GlobalInvestorGroup.com, and GlobalCapital.com. In addition, the Settlement Administrator will cause the publication notice to be published in e-newsletters from Global Investor Group, Stocks & Commodities, Zacks.com, and Barchart.com, as well as in email "blasts" to subscribers of Stocks & Commodities and Zacks.com. The Settlement Administrator also will disseminate a news release via PR Newswire's US1 Newsline distribution list to announce the Settlements, which will be distributed to the news desks of approximately 10,000 newsrooms, including print, broadcast, and digital websites across the United States. Class members that do not receive the notice via direct mail may receive it through one of the foregoing publications or by word of mouth.

Third, the Settlement Administrator will maintain a Settlement Website (www.BBSWSettlement.com) that will serve as a source for class members to obtain necessary

---

[6] In the event that Settling Defendants require additional time to provide counterparty information to the Settlement Administrator, provide the Class Notice directly to counterparties, or have a third-party agent provide the Class Notice to counterparties, due to applicable domestic or foreign data protection, privacy, or bank secrecy law requirements, the Settling Defendants may confer with Plaintiffs' Counsel and seek leave of the Court, as may be necessary, for a reasonable extension of applicable deadlines, including the Fairness Hearing.

information regarding the Settlements. From the Settlement Website, class members may review and obtain: (i) the Settlement Agreements with Settling Defendants; (ii) the full-length mail and publication notices; (iii) Court orders and key pleadings; (iv) the proposed Distribution Plan (when available); and (v) a Proof of Claim form for the Settlements (when available).  The notices and Settlement Website will be supplemented by a toll-free telephone number that class members can use to contact the Settlement Administrator with questions and to facilitate the filing of claims.  Plaintiffs' Counsel's contact information is also reflected in the notices and Settlement Website and they remain available to answer questions and assist class members.

This type of multi-faceted notice program, which combines individual mail notice and publication notice, has routinely been approved by federal courts in complex class actions, including those prosecuted in this Circuit.  *See, e.g., Wal-Mart Stores*, 396 F.3d at 105 (affirming "notice plan that required mailing the settlement notice to class members and publishing a condensed version of the settlement notice in numerous widely-distributed publications."). The notice plan proposed in this case is similar to notice plans that have been approved for use in other complex class actions in this District, including class actions that involved alleged manipulation of interest rates.[7]

**The Settlement Administrator**.  The proposed notice plan will be executed by the Settlement Administrator, which Plaintiffs have proposed to be A.B. Data, Ltd. ("A.B. Data"), or the Settling Defendants as set out in the Settlement Agreement.  The Court previously approved the appointment of A.B. Data as Settlement Administrator in connection with Plaintiffs' six

---

[7] *See, e.g., Laydon v. Mizuho Bank, Ltd.*, No. 12-cv-3419 (S.D.N.Y) and *Sonterra Capital Master Fund, Ltd. v. UBS AG*, No. 15-cv-5844 (S.D.N.Y.) (Euroyen-based derivatives); *Sullivan v. Barclays plc*, No. 13-cv-2811 (S.D.N.Y.) (Euribor products); *In re Libor-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262 (NRB) (S.D.N.Y.) (exchange-based products); *In re Crude Oil Commodity Futures Litig.*, No. 11-cv-3600 (S.D.N.Y.) (exchange-traded products).

additional settlements.  ECF Nos. 525-30, ¶4.  Plaintiffs' Counsel selected A.B. Data to develop the notice plan based on A.B. Data's substantial expertise in administering class action settlements involving financial instruments traded in over-the-counter and exchange markets, including futures contracts, options contracts, swaps, and forwards, which are amongst the financial instruments included in the proposed settlements.  *See* Declaration of Linda Young, ECF No. 508-1.  As described above, the notice plan readily satisfies Rule 23's requirements and due process. *Wal-Mart Stores*, 396 F.3d at 113-14.

****

Plaintiffs respectfully request that the Court approve the notice plan, the form of the mail and publication notices and appoint A.B. Data as Settlement Administrator.

### B.   The Mail Notice and Publication Notice Satisfy FED. R. CIV. P. 23(c)(2)(B)

**Legal Standard**.  The Federal Rules require that a class notice include: "(i) the nature of the action; (ii) the definition of the [settlement] class certified; (iii) the class claims, issues, or defenses; (iv) [a directive] that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who [timely] requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members [of the settlement class] under Rule 23(c)(3)." *See* FED. R. CIV. P. 23(c)(2)(B).

**The Class Notice**.  The forms of the proposed mail notice and publication notice are substantially similar to the forms of notice previously approved by the Court in connection with the Plaintiffs' six additional proposed class action settlements, which was found to satisfy FED. R. CIV. P. 23(c)(2)(B).  ECF Nos. 525-530, ¶10.  Plaintiffs have updated the previously approved notices to include the same types of information concerning the proposed settlements with Credit Suisse, BNPP, Deutsche Bank, RBC, RBS and UBS.  *See* Joint Decl. Exs. 3-4.  For certain foreign

class members that may be notified by settling defendants, it may be necessary to translate the mail notice and publication notice.

The mail and publication notices satisfy each of the foregoing requirements of FED. R. CIV. P. 23(c)(2)(B). The notices carefully detail the nature of the action, identify in clear and concise terms the definition of the settlement class, and include an ample "Background of the Litigation," which provides class members with an overview of the procedural history of the case, describes the claims, issues, and defenses presented in the action, and explains that, upon approval of the Settlement and entry of final judgment, the releases and judgments will be binding on all class members that do not opt out. Joint Decl., Exs. 3-4. The notices also explain that the Releasing Parties will release the Released Parties from the Released Claims. *Id.*, Ex. 3 at 13-21, Ex. 4 at 4. The notices will permit class members to fully consider the material terms of the proposed Settlements and understand the range of options available to them, including their right to object to or opt out of the Settlements (including the time and manner for requesting exclusion), their right to appear in Court and be heard concerning the adequacy of the Settlements (including through an attorney if they so desire), and their right to participate in the Settlements. *Id.*, Ex. 3 at 2-3, 5-23, Ex. 4 at 3-5.

### III. Plaintiffs Propose to Return to the Court for Approval of the Distribution Plan and Claim Form Following Receipt of Cooperation Materials

In connection with Plaintiffs' six additional proposed settlements, the Court approved Plaintiffs' request to submit the proposed Distribution Plan and Claim Form to the Court (and publish same on the Settlement Website) after the mail and publication notice but at least 90 days before the fairness hearing. ECF Nos. 525-30, ¶11.

The Court is not required to approve the Distribution Plan before conditionally certifying the settlement class. Courts routinely approve settlements before any plan to distribute settlement

proceeds among class members exists.[8]  At the same time the Distribution Plan and Claim Form are submitted to the Court for approval, they will be also published on the Settlement Website for class members to review approximately thirty (30) days prior to the deadline to file objections or opt out of the Settlements.  The mail and publication notices advise class members to check the Settlement Website for the Distribution Plan and Claim Form.  Joint Decl., Ex. 3 at 13; Ex. 4 at 3.

## IV.    The Court Should Appoint Citibank, N.A. as Escrow Agent

The Settlements require Plaintiffs' Counsel, with consent from the respective settling defendant, to designate an Escrow Agent to maintain the Settlement Fund.  Plaintiffs' Counsel have designated Citibank, N.A. to serve as Escrow Agent for the Settlement Funds.  The Court previously appointed Citibank as Escrow Agent for Plaintiffs' six additional proposed class action settlements.  ECF Nos. 229, 459, 518-21.  Citibank has experience serving as an escrow agent and has agreed to serve as Escrow Agent at market rates.

## V.    The Court Should Approve Plaintiffs' Proposed Schedule

Plaintiffs respectfully propose to have the date of the fairness hearing, deadlines for executing the proposed the notice plan, and deadlines for class members to object to the settlements and request exclusion recently set by the Court in connection with Plaintiffs' six additional

---

[8] *See* Order Preliminarily Approving Proposed Settlement with Deutsche Bank AG and DB Group Services (UK) Ltd., Scheduling Hearing for Final Approval of Proposed Settlements with Barclays plc, Barclays Bank plc, Barclays Capital Inc., HSBC Holding plc, HSBC Bank plc, Deutsche Bank AG and DB Group Services (UK) Ltd., and Approving the Proposed Form and Program of Notice to the Class ¶ 23, *Sullivan v. Barclays plc et al.*, No. 13-cv-2811 (PKC) (S.D.N.Y. Jul. 6, 2017), ECF No. 364 (deferring submission and consideration of the distribution plan to a later date); Order Preliminarily Approving Settlements, Conditionally Certifying the Settlement Classes, and Appointing Class Counsel and Class Representatives for the Settlement Classes ¶ 8, *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-cv-7789 (LGS) (S.D.N.Y. Dec. 15, 2015), ECF No. 536 (same); *see also In re Agent Orange*, 818 F.2d at 170 (holding that there is "no absolute requirement that such a [distribution] plan be formulated prior to notification of the class."); *Precision Assocs. v. Panalpina World Transp., Ltd.*, No. 08-cv-0042 (JG)(VVP), 2013 WL 4525323, at *13 (E.D.N.Y. Aug. 27, 2013) (simultaneously entering final approval of settlement and approving plan of allocation).

proposed settlements be extended by approximately two and one-half weeks, with the exception

of the deadline to complete initial distribution of mailed notice, which has been extended by 31

days.  ECF Nos. 525-530.  The amended proposed schedule is set forth below.

| Event | Proposed Date |
|---|---|
| Begin distribution of mailed notice to Class by the Claims Administrator | May 23, 2022 |
| Commencement of the distribution of the publication notice; launch of Settlement Website | May 23, 2022 |
| Complete initial distribution of mailed notice | August 1, 2022 |
| Deadline to submit a proposed Distribution Plan and Proof of Claim and Release form | August 3, 2022 |
| Deadline to file motions for final approval of the Settlements, an award of attorneys' fees and expenses, and incentive awards. | August 18, 2022 |
| Deadline to object to the Settlements, Distribution Plan for settlement proceeds, request for an award of attorneys' fees and expenses, or application for incentive awards | September 2, 2022 |
| Deadline to request exclusion from the Settlement Class | September 2, 2022 |
| Deadline to file reply papers in support of final approval of the Settlements, request for an award of attorneys' fees and expenses, and request for incentive awards. | October 25, 2022 |
| Fairness Hearing | November 1, 2022 at 4:00 p.m. |
| Last day for submitting Proof of Claim and Release forms | January 16, 2023 |

## CONCLUSION

For the above reasons, Plaintiffs respectfully request that the Court enter the accompanying proposed order that, among other things: (a) conditionally certifies the Settlement Classes pursuant to FED. R. CIV. P. 23(a) and 23(b)(3) subject to later, final approval of such Settlement Class; (b) approves the proposed plan and forms of the Class Notice; (c) appoints A.B. Data as the Settlement Administrator; (d) grants leave to Plaintiffs to develop a Distribution Plan for later approval by the Court; (e) appoints Citibank, N.A. as the Escrow Agent; (f) stays all proceedings against Credit Suisse, BNPP, Deutsche Bank, RBC, RBS and UBS until the Court renders a final decision on approval of the settlements; and (g) schedules a fairness hearing and related settlement deadlines.

Dated: April 29, 2022
White Plains, New York

**LOWEY DANNENBERG, P.C.**

By: */s/ Vincent Briganti*
Vincent Briganti
Geoffrey M. Horn
44 South Broadway, Suite 1100
White Plains, New York 10601
Tel.: 914-997-0500
Fax: 914-997-0035
vbriganti@lowey.com
ghorn@lowey.com

**LOVELL STEWART HALEBIAN JACOBSON LLP**

By: */s/ Christopher McGrath*
Christopher Lovell
Christopher McGrath
500 Fifth Avenue, Suite 2440
New York, NY 10110
Tel: (212) 608-1900
clovell@lshllp.com
cmcgrath@lshllp.com

*Counsel for Plaintiffs and the Proposed Class*

Todd Seaver
Carl N. Hammarskjold
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel.: (415) 433-3200
Fax: (415) 433-6382
tseaver@bermantabacco.com
chammarskjold@bermantabacco.com

Patrick T. Egan (PE-6812)
**BERMAN TABACCO**
One Liberty Square
Boston, MA 02109
Tel.: (617) 542-8300
Fax: (617) 542-1194
pegan@bermantabacco.com

*Additional Plaintiffs' Counsel for Orange County Employees Retirement System*