## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD DENNIS, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., AND ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | Docket No. 16-cv-06496 (LAK) |
| Plaintiffs, | |
| -against- | |
| JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE BANK, N.A. AUSTRALIA BRANCH, BNP PARIBAS, S.A., BNP PARIBAS, AUSTRALIA BRANCH, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS N.V., RBS GROUP (AUSTRALIA) PTY LIMITED, UBS AG, UBS AG, AUSTRALIA BRANCH, AUSTRALIA AND NEW ZEALAND BANKING GROUP LTD., COMMONWEALTH BANK OF AUSTRALIA, NATIONAL AUSTRALIA BANK LIMITED, WESTPAC BANKING CORPORATION, DEUTSCHE BANK AG, DEUTSCHE BANK AG, AUSTRALIA BRANCH, HSBC HOLDINGS PLC, HSBC BANK AUSTRALIA LIMITED, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, LLOYDS TSB BANK PLC, AUSTRALIA, MACQUARIE GROUP LTD., MACQUARIE BANK LTD., ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, ROYAL BANK OF CANADA, AUSTRALIA BRANCH, MORGAN STANLEY, MORGAN STANLEY AUSTRALIA LIMITED, CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, ICAP PLC, ICAP AUSTRALIA PTY LTD., TULLETT PREBON PLC, TULLETT PREBON (AUSTRALIA) PTY LTD., AND JOHN DOES NOS. 1-50. | **[PROPOSED] ORDER GRANTING CONDITIONAL CLASS CERTIFICATION FOR PURPOSES OF CLASS ACTION SETTLEMENT WITH CREDIT SUISSE AG AND CREDIT SUISSE GROUP AG** |
| Defendants. | |

i

This putative class action comes before the Court on Representative Plaintiffs'[1] Motion for Conditional Class Certification for Purposes of Class Action Settlement with Defendants Credit Suisse AG and Credit Suisse Group AG (collectively, "Credit Suisse"), and for an Order Approving Class Notice Plan and Scheduling Hearing for Final Approval (together, "Motion") and on the Stipulation and Agreement of Settlement as to Credit Suisse dated January 21, 2022 ("Settlement Agreement") entered into by Representative Plaintiffs and Credit Suisse in the above-entitled action ("Action"). The Court has reviewed the Motion, the Settlement Agreement and attached exhibits, which set forth the terms and conditions for a proposed settlement of and for dismissal of the Action with prejudice as against Credit Suisse upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the attached exhibits finds that the Motion should be granted.

## NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      All defined terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, except as otherwise defined herein. Representative Plaintiffs and Credit Suisse are referred to collectively as the "Parties."

2.      In the Action only and solely for purposes of the Settlement, this Court: (i) has personal jurisdiction over Representative Plaintiffs and Credit Suisse, and (ii) subject matter jurisdiction over the Action to consider the Settlement Agreement and all exhibits attached thereto.

3.      For purposes of settlement only, pursuant to FED. R. CIV. P. 23(a) and (b)(3), the Court hereby conditionally certifies a Settlement Class consisting of all Persons (including both

---

[1] "Representative Plaintiffs" are Richard Dennis, Orange County Employees Retirement System ("OCERS"), and any subsequently named plaintiff(s) that may be added to this Action through amended or supplemental pleadings.

natural persons and entities) who purchased, acquired, sold, held, traded, or otherwise had any interest in, BBSW-Based Derivatives[2] during the period January 1, 2003 through August 16, 2016, inclusive ("Settlement Class Period" or "Class Period"), provided that, if Representative Plaintiffs expand the putative or certified class in this Action in or through any subsequent amended complaint, class motion, or Other Settlement, the defined Settlement Class in this Order and the Settlement Agreement shall be expanded so as to be coterminous with such expansion. Excluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government. Investment Vehicles[3] are not to be excluded from the Settlement Class solely on the

---

[2] "BBSW-Based Derivatives" means any financial derivative instrument that is based or priced in whole or in part in any way on BBSW or in any way includes BBSW as a component of price (whether priced, benchmarked and/or settled by BBSW), entered into by a U.S. Person, or by a person from or through a location within the U.S., including, but not limited to: (i) Australian dollar foreign exchange ("FX") derivatives, including Australian dollar FX forwards (also known as "outright forwards" or "outrights"), Australian dollar FX swaps (also known as "currency swaps"), Australian dollar currency options, Australian dollar futures contracts (such as the Chicago Mercantile Exchange ("CME") Australian dollar futures contract) and options on such futures contracts; (ii) BBSW-based interest rate derivatives, including interest rate swaps, swaptions, forward rate agreements ("FRAs"), exchange-traded deliverable swap futures and options on those futures, 90-day bank accepted bill ("BAB") futures and options on those futures, and other over-the-counter ("OTC") contracts or publicly traded vehicles that reference BBSW; (iii) Australian dollar cross-currency swaps; and (iv) any other financial derivative instrument or transaction based in whole or in part on BBSW, or that in any way incorporates BBSW as a component of price, or is alleged by Representative Plaintiffs in this Action to be based in whole or in part on BBSW, or in any way incorporate BBSW as a component of price. For the avoidance of doubt, BBSW-Based Derivatives do not include: (i) any BBSW-Based Deposits or Loans; or (ii) any Prime Bank Bills or Prime Bank eligible securities. The Parties agree that this definition is for settlement purposes only. Credit Suisse's rights to contest the relationship, if any, between or among pricing of the products and examples included within this definition, BBSW, and other factors or forces shall be fully preserved. Nothing in this Order may be cited or construed as an admission of or as support for an assertion that a product was or is priced by reference to BBSW in whole or in part.

[3] "Investment Vehicles" means any investment company, separately managed account or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds; and (ii) employee benefit plans.

3

basis of being deemed to be Defendants or affiliates, subsidiaries, parents or agents of Defendants or controlled by Defendants or affiliates, subsidiaries, parents or agents of Defendants. However, to the extent that any Defendant or any entity that might be deemed to be an affiliate, subsidiary, parent or agent thereof (i) managed or advised, and (ii) directly or indirectly held a beneficial interest in, said Investment Vehicle during the Settlement Class Period, that beneficial interest in the Investment Vehicle is excluded from the Settlement Class.

4.     Solely for the purposes of effectuating the Settlement, the Court conditionally finds and concludes that the requirements of FED. R. CIV. P. 23(a) and 23(b)(3) have been satisfied as follows:

> a.     the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable;
>
> b.     there are questions of law and fact common to the Settlement Class which predominate over any individual questions;
>
> c.     the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class;
>
> d.     Representative Plaintiffs and Class Counsel (as defined in paragraph 5 below) will fairly and adequately represent and protect the interests of all of the Settlement Class Members; and
>
> e.     a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.     The Court appoints Lowey Dannenberg, P.C. and Lovell Stewart Halebian Jacobson LLP as Class Counsel to such Settlement Class for purposes of the Settlement, having

4

determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6.      The Court appoints A.B. Data, Ltd. as Settlement Administrator for purposes of the Settlement.

7.      The Court appoints Citibank, N.A. as Escrow Agent for purposes of the Settlement Fund defined in the Settlement Agreement.  The Court approves the establishment of the Settlement Fund as qualified settlement funds pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

8.      The Court appoints Representative Plaintiffs Richard Dennis and OCERS as representatives of the Settlement Class for purposes of the Settlement.

9.      All proceedings in the Action as to Credit Suisse, other than proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.  Pending determination of whether the Settlement should be approved, Representative Plaintiffs, Class Counsel, and Settlement Class Members are barred and enjoined from commencing or prosecuting any Released Claims against any of the Released Persons (but not any other Defendant).

10.     A hearing (the "Fairness Hearing") will be held on ~~a date of the Court's convenience or on~~ November 1, 2022 at 4:00 p.m. in Courtroom 21B of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement Agreement.  The foregoing date, time, and place of the Fairness Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the Settlement Class Members, other than that which may be posted at the Court or on the Settlement website at www.BBSWSettlement.com (the "Settlement Website").

5

11.     The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

12.     Representative Plaintiffs, all Settlement Class Members and their legally authorized representatives, unless and until they have submitted a valid request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined, pending determination by the Court of whether the Settlement should be approved, (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on the Released Claims.

13.     On or before May 23, 2022 ~~or as soon as practicable,~~ the Settlement Administrator shall cause copies of the mailed notice, in the form (without material variation) of Exhibit 3 to the Joint Declaration of Vincent Briganti and Christopher McGrath, dated April 29, 2022 ("Joint Decl.")[4], to begin being mailed by United States first class mail, postage prepaid, to the following:

---

[4] The mailed notice attached as Exhibit 3 to the Joint Decl. supersedes the mail notice previously approved by the Court for purposes of Plaintiffs' settlements with six other defendants: Australia and New Zealand Banking Group Limited; Commonwealth Bank of Australia; National

(a) Credit Suisse's and any other Settling Defendants' known counterparties for BBSW-Based Derivatives during the Class Period based on transactional and other data provided by (or to be provided by) Credit Suisse and any other settling Defendants; (b) non-settling Defendants' known counterparties for BBSW-Based Derivatives, to the extent they are identified during the course of discovery and prior to the deadline to complete mailing pursuant to this Order; (c) market participants that provided names of counterparties in BBSW-Based Derivatives pursuant to a subpoena and prior to the deadline to complete mailing pursuant to this Order; and (d) A.B. Data's proprietary list of banks, brokers, and other nominees, which are likely to trade or hold BBSW-Based Derivatives on behalf of themselves and/or their clients. The foregoing initial mailing shall be completed no later than August 1, 2022.

14.     On or before May 23, 2022 or as soon as practicable, the Settlement Administrator shall begin to cause to be published a publication notice, without material variation from Exhibit 4 to the Joint Decl.,[5] as follows: (a) one time in the Wall Street Journal, Investor's Business Daily, The Financial Times, Stocks & Commodities, Global Capital, Hedge Fund Alert, and Grant's Interest Rate Observer; (b) for at least two weeks on websites Zacks.com, Traders.com, GlobalInvestorGroup.com, and GlobalCapital.com; (c) once in e-newsletters from Global Investor Group, Stocks & Commodities, Zacks.com, and Barchart.com; (d) one email "blast" to subscribers of Stocks & Commodities and Zacks.com; and (e) one news release via PR Newswire's US1 Newsline.

---

Australia Bank Limited; Morgan Stanley and Morgan Stanley Australia Limited; Westpac Banking Corporation; and JPMorgan Chase & Co. and JPMorgan Chase Bank. ECF Nos. 525-530.

[5] The publication notice attached as Exhibit 4 to the Joint Decl. supersedes the publication notice previously approved by the Court for purposes of Plaintiffs' settlements with six other defendants. ECF Nos. 525-530.

15.     The Settlement Administrator shall continue to maintain the Settlement Website, www.BBSWSettlement.com, until the termination of the administration of the Settlement. The Settlement Website shall include copies of the Settlement Agreement (including exhibits), this and any previous material Orders, the mailed and publication notices, the motions for conditional certification and all exhibits attached thereto, and the proposed Distribution Plan following submission to the Court; shall identify important deadlines: and shall provide answers to frequently asked questions. The Settlement Website may be amended as appropriate during the course of the administration of the Settlement. The Settlement Website, www.BBSWSettlement.com, shall be searchable on the Internet.

16.     The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

17.     The Court approves, in form and substance, the mailed notice, the publication notice, and the Settlement Website as described herein. The Class Notice specified herein (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency and status of this Action and of their right to object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable rules or laws.

18.     On or before August 3, 2022, Representative Plaintiffs shall file with the Court a copy of the proposed Distribution Plan and Proof of Claim and Release. The proposed Distribution

8

Plan and Proof of Claim and Release shall be posted on the Settlement Website as soon as practicable after it is filed with the Court.

19.     On or before August 1, 2022, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 13-16 of this Order.

20.     Any Settlement Class Member that has not requested exclusion and that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for attorneys' fees and expenses, or the Final Approval Order and Final Judgment, or who otherwise wishes to be heard or intervene, may appear in person or by his or her attorney at the Fairness Hearing to present evidence or argument that may be proper and relevant. However, except for good cause shown, no such Person other than Class Counsel and Credit Suisse's Counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any such Person shall be considered by the Court unless, not later than September 2, 2022, the Settlement Class Member files with the Court (and serves the same on or before the date of such filing by hand or overnight mail on Class Counsel and Credit Suisse's counsel) a statement of the objection or motion to intervene, as well as the specific legal and factual reasons for each objection or motion to intervene, including all support that the objecting Settlement Class Member wishes to bring to the Court's attention and all evidence the objecting Settlement Class Member wishes to introduce in support of his, her, or its objection or motion. Such submission must contain: (1) a heading that refers to this Action by case name and case number; (2) a statement of whether the objecting or intervening Person intends to appear at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number; (3) a statement of the specific legal and factual basis for each objection or intervention

9

argument, including whether the objection applies only to the objecting Person, a specific subset of the Settlement Class or the entire Settlement Class; (4) a description of any and all evidence the objecting Person may offer at the Fairness Hearing, including but not limited to, (a) the names, addresses, and expected testimony of any witnesses, (b) all exhibits intended to be introduced at the Fairness Hearing, and (c) documentary proof of the objecting Person's membership in the Settlement Class; (5) a description of the BBSW-Based Derivatives transactions entered into by the Settlement Class Member that fall within the Settlement Class definition, including, (a) the number and extent of the transactions in BBSW-Based Derivatives which the Settlement Class Member purchased, acquired, sold, held, traded, or otherwise had any interest in during the Settlement Class Period, (b) the notional value or amount of each of the aforementioned transactions, and (c) the effective and maturity date and/or trade and value dates for each of the aforementioned transactions; and (6) a list of other cases in which the objector or intervenor or counsel for the objector or intervenor has appeared either as an objector or counsel for an objector in the last five years. Persons who have timely submitted a valid Request for Exclusion are not Settlement Class Members and are not entitled to object.

21.     Any objection to the Settlement or motion to intervene submitted by a Settlement Class Member pursuant to paragraph 20 of this Order must be signed by the Settlement Class Member (or his, her, or its legally authorized representative), even if the Settlement Class Member is represented by counsel. The right to object to the proposed Settlement or to intervene must be exercised individually by a Settlement Class Member or the Person's attorney, and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by a Settlement Class Member's legally authorized representative.

10

22.     Any motion to intervene must comply with the Federal Rules of Civil Procedure and the Local Rules of the Court.

23.     All objectors shall make themselves available to be deposed by any Party in the Southern District of New York or the county of the objector's residence or principal place of business within seven (7) business days of service of the objector's timely written objection.

24.     Any Settlement Class Member that fails to object or move to intervene in the manner described in paragraphs 20-23 of this Order shall be deemed to have waived the right to object (including any right of appeal) or to intervene and shall be forever barred from raising such objection or seeking to intervene in this or any other action or proceeding related to or arising out of the Settlement. Discovery concerning any purported objections to the Settlement and any purported motions to intervene shall be completed no later than seven (7) days before the Fairness Hearing. Class Counsel, Credit Suisse's counsel, and any other Persons wishing to reply to or otherwise oppose timely-filed objections in writing may do so not later than seven (7) days before the Fairness Hearing.

25.     The Settlement Administrator shall furnish Class Counsel and Credit Suisse's Counsel with copies of any and all objections, motions to intervene, notices of intention to appear, and any other communications from purported Settlement Class Members concerning objections that come into its possession (except as otherwise expressly provided in the Settlement Agreement) as they become available.

26.     Any Request for Exclusion from the Settlement by a Settlement Class Member must be sent in writing by U.S. first class mail (or, if sent from outside the U.S., by a service that provides for guaranteed delivery within five (5) or fewer calendar days of mailing) to the

Settlement Administrator at the address in the mailed notice not later than September 2, 2022 (the "Exclusion Bar Date"). Any Request for Exclusion must contain the following information:

> a.     the name, address, and telephone number of the Settlement Class Member;

> b.     a list of all trade names or business names that the Settlement Class Member requests to be excluded;

> c.     the name of this Action ("*Dennis, et al. v. JPMorgan Chase & Co., et al., No. 16-cv-06496 (LAK) (S.D.N.Y.)*");

> d.     a statement certifying such person is a Settlement Class Member;

> e.     a description of the BBSW-Based Derivatives transactions entered into by the Settlement Class Member that fall within the Settlement Class definition, including,

>> i.     the number and extent of the transactions in BBSW-Based Derivatives which the Settlement Class Member purchased, acquired, sold, held, traded, or otherwise had any interest in during the Settlement Class Period;

>> ii.     the notional value or amount of each of the aforementioned transactions; and

>> iii.     the effective and maturity date and/or trade and value dates for each of the aforementioned transactions; and

> f.     a statement that "I/we hereby request that I/we be excluded from the proposed Settlement Class in *Dennis, et al. v. JPMorgan Chase & Co., et al.*, No. 16-cv-06496 (LAK) (S.D.N.Y.) for the Settlement with Credit Suisse."

27.     Any Request for Exclusion from the Settlement submitted by a Settlement Class Member pursuant to paragraph 26 of this Order must be signed by the Settlement Class Member (or his, her, or its legally authorized representative) and notarized even if the Settlement Class

Member is represented by counsel. The right to be excluded from the proposed Settlement must be exercised individually by a Settlement Class Member or his, her, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by the Settlement Class Member's legally authorized representative. A Request for Exclusion shall not be effective unless it provides all of the required information listed in paragraph 26 of this Order, complies with this paragraph 27, and is received by the Exclusion Bar Date.

28.     All Persons who submit valid and timely Requests for Exclusion in the manner set forth in paragraphs 26-27 shall be excluded from the Settlement Class as to the Credit Suisse Settlement, shall have no rights with respect to the Settlement Agreement, shall receive no payment from the sums provided for in the Settlement Agreement and shall be deemed to have excluded themselves from the Action as against Credit Suisse, including but not limited to any and all future prosecution of the Action against Credit Suisse.

29.     Any Settlement Class Member who does not submit a timely and valid written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Action that relate to the Settlement.

30.     The Parties may request leave of the Court to seek discovery, including by subpoena, from any Settlement Class Member who submits any Request for Exclusion.

31.     The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide to Class Counsel and Credit Suisse's counsel copies of the log, each Request for Exclusion (including all documents submitted with such requests), and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and in no event later than two business days after receipt.

13

32.     At least fifteen (15) days before the Fairness Hearing, the Settlement Administrator shall prepare an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from the Settlement Class, as provided in the Settlement Agreement, and an affidavit attesting to the accuracy of the opt-out list. Class Counsel shall file the opt-out list and affidavit of the Settlement Administrator attesting to the accuracy of such list with the Court.

33.     All Proof of Claim and Release forms shall be submitted by Settlement Class Members to the Settlement Administrator as directed in the mailed notice and must be postmarked no later than January 16, 2023.

34.     To effectuate the Settlement and the notice provisions, the Settlement Administrator shall be responsible for: (a) establishing a P.O. Box (to be identified in the mailed notice and the publication notice described in paragraphs 13-14 above), a toll-free interactive voice response telephone system and call center, and the Settlement Website for the purpose of communicating with Settlement Class Members; (b) effectuating the Class Notice plan, including by running potential Settlement Class Members' addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from Settlement Class Members, including Proofs of Claim and Release, and other documents relating to the Settlement and its administration; (d) administering claims for allocation of funds among Settlement Class Members; (e) determining the timeliness of each Proof of Claim and Release submitted by Settlement Class Members, and the adequacy of the supporting documents submitted by Settlement Class Members; (f) corresponding with Settlement Class Members regarding any deficiencies in their Proofs of Claim and Release and regarding the final value of any allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the Distribution Plan; (h) determining the timeliness and validity of all Requests for Exclusion

received from Settlement Class Members; (i) preparing the opt-out list and an affidavit attaching and attesting to the accuracy of such list, and providing same to Class Counsel and Credit Suisse's Counsel; and (j) providing Class Counsel and Credit Suisse's Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests).

35.     Neither this Order, the Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or Settlement, whether or not the Settlement shall become Final, is or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of the validity of any claims, alleged wrongdoing, or liability of Credit Suisse or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any artificiality of any interest benchmark or other interest rate; (e) any fault or omission of Credit Suisse or any Released Party in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (f) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither this Order, the Settlement Agreement (including its exhibits), nor the Settlement contained therein, whether or not the Settlement shall become Final, nor any negotiations, documents and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which the Settlement Agreement is asserted as a defense (in which case this paragraph does not apply).  All rights of Credit Suisse and Representative Plaintiffs are

reserved and retained if the Settlement does not become Final in accordance with the terms of the Settlement Agreement.

36.     Neither this Order, the Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement is or may be used as an admission or evidence that the claims of Representative Plaintiffs lacked merit in any proceeding against anyone in any court, administrative agency, or other tribunal.

37.     Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlement no later than August 18, 2022.  Any reply briefs concerning Class Counsel's motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlement shall be filed no later than October 25, 2022.

38.     If the Settlement is approved by the Court following the Fairness Hearing, a Final Approval Order and Final Judgment will be entered as described in the Settlement Agreement.

39.     The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Settlement Class Members, other than that which may be posted at the Court or on the Settlement Website, www.BBSWSettlement.com.  Class Counsel may move the Court for permission to combine notice of the Settlement with any other settlements that may be reached.

40.     In the event that the Settlement is terminated in accordance with its provisions, such terminated Settlement Agreement and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with it, and any Requests for Exclusion from the Settlement previously submitted and deemed to be valid and timely, shall, without the need for further action by the Court or either of the Parties, be null and void and be of no force and

effect, except as expressly provided to the contrary in the Settlement Agreement, and shall be without prejudice to the *status quo ante* rights of the Parties and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity.  Each Party shall be restored to his, her or its respective position as it existed as of January 21, 2022, with each of the Parties' respective legal claims and defenses preserved as they existed at that time.  In such circumstances, each of the Parties shall retain its currently existing rights to seek or to object to the certification of this litigation as a class action under FED. R. CIV. P. 23, or any state or federal rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

41.     Except as otherwise provided herein, in the event that the Settlement Agreement is terminated, vacated, not approved, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status in the Action as of January 21, 2022 and the Settlement Amount, and all interest earned in the Settlement Fund on that Settlement Amount, shall be refunded, reimbursed, and repaid to Credit Suisse to the extent provided in the Settlement Agreement.

42.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodial legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement, returned to the Person(s) paying the same pursuant to the Settlement Agreement and/or further order(s) of the Court.

43.     If the Settlement is terminated pursuant to Sections 22 or 23 of the Settlement Agreement or if the Settlement is ultimately not approved or does not become Final for any

reason, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

44.     This civil action was commenced after February 18, 2005. The Court directs Credit Suisse to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"). Counsel for Credit Suisse shall, before the Fairness Hearing, file with the Court proof of compliance with CAFA.

45.     The Court's conditional certification of the Settlement Class and appointment of Representative Plaintiffs as class representatives, as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Representative Plaintiffs to certify a class. The Court's findings in this Conditional Certification Order shall have no effect on the Court's ruling on any motion to certify any class in this litigation, or appoint class representatives, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

46.     The Court hereby orders Credit Suisse to produce documents to the Representative Plaintiffs consistent with and solely to the extent of its cooperation obligations provided in Section 5 of the Settlement Agreement.

47.     If any deadline herein falls on a Saturday, Sunday or legal holiday, such deadline shall be extended until the next Business Day that is not a Saturday, Sunday or legal holiday.

ENTERED this 11th day of May 2022

Hon. Lewis A. Kaplan
United States District Judge

18