IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD DENNIS, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., AND ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> -*against*- <br><br> JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE BANK, N.A. AUSTRALIA BRANCH, BNP PARIBAS, S.A., BNP PARIBAS, AUSTRALIA BRANCH, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS N.V., RBS GROUP (AUSTRALIA) PTY LIMITED, UBS AG, UBS AG, AUSTRALIA BRANCH, AUSTRALIA AND NEW ZEALAND BANKING GROUP LTD., COMMONWEALTH BANK OF AUSTRALIA, NATIONAL AUSTRALIA BANK LIMITED, WESTPAC BANKING CORPORATION, DEUTSCHE BANK AG, DEUTSCHE BANK AG, AUSTRALIA BRANCH, HSBC HOLDINGS PLC, HSBC BANK AUSTRALIA LIMITED, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, LLOYDS TSB BANK PLC, AUSTRALIA, MACQUARIE GROUP LTD., MACQUARIE BANK LTD., ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, ROYAL BANK OF CANADA, AUSTRALIA BRANCH, MORGAN STANLEY, MORGAN STANLEY AUSTRALIA LIMITED, CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, ICAP PLC, ICAP AUSTRALIA PTY LTD., TULLETT PREBON PLC, TULLETT PREBON (AUSTRALIA) PTY LTD., AND JOHN DOES NOS. 1-50. <br><br> Defendants. | Docket No. 16-cv-06496 (LAK) |

**[PROPOSED] FINAL APPROVAL ORDER OF CLASS ACTION SETTLEMENT WITH
<u>AUSTRALIA AND NEW ZEALAND BANKING GROUP LTD.</u>**

This matter came for a duly-noticed hearing on November 1, 2022 (the "Fairness Hearing"), upon the Representative Plaintiffs'[1] Motion for Final Approval of Class Action Settlement with Australia and New Zealand Banking Group Ltd. ("ANZ") in the action captioned *Richard Dennis, et al. v. JPMorgan Chase & Co., et al.*, No. 16-cv-06496 (LAK) (S.D.N.Y.) (the "Action"), which was consented to by ANZ (together with Representative Plaintiffs, the "Parties").  Due and adequate notice of the Stipulation and Agreement of Settlement, dated December 10, 2021 (the "Settlement Agreement") having been given to the Settlement Class Members, the Fairness Hearing having been held and the Court having considered all papers filed and proceedings had in the Action, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Final Approval Order hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. For purposes only of the settlement of the Released Claims[2] set forth in the Settlement Agreement (the "Settlement"), the Court hereby finally certifies the Settlement Class:

---

[1] "Representative Plaintiffs" are Richard Dennis, Orange County Employees Retirement System ("OCERS"), and any subsequently named plaintiff(s).

[2] "Released Claims" means any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, set-offs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to the claims, allegations or conduct alleged in the Action, or which could have been alleged in the Action against the Released Parties, concerning any:

   (i) BBSW-Based Derivatives;
   (ii) BBSW-Based Deposits or Loans (to the extent such financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.);

>All Persons (including both natural persons and entities) who purchased, acquired, sold, held, traded, or otherwise had any interest in BBSW-Based Derivatives during the period January 1, 2003 through August 16, 2016, inclusive, provided that, if Representative Plaintiffs expand the putative or certified class in this Action in or through any subsequent amended complaint, class motion, or other settlement, the defined Settlement Class shall be expanded so as to be coterminous with such expansion. Excluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government.

3.  Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

4.  In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3). The Court hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable, FED. R. CIV. P. 23(a)(1); (ii) common questions of law and fact exist with regard to ANZ's alleged manipulation

---

(iii) Prime Bank Bills or Prime Bank eligible securities purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, members of the Settlement Class, and/or Settling Class Members (to the extent such financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.); or

(iv) any similar financial instruments priced, benchmarked, or settled to BBSW purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, members of the Settlement Class, and/or Settling Class Members (to the extent such financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), including additional financial instruments or claims subsequently alleged in the Action, or in which any of the foregoing otherwise had any interest;

including, but not limited to, any alleged manipulation of BBSW under any statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to BBSW (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., the Commodity Exchange Act, 7 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or the common law). The following claims shall not be released by this Settlement: (i) any claims against former ANZ employees arising solely from those former employees' conduct or alleged conduct that occurred while not employed by ANZ; (ii) any claims against the named Defendants in this Action other than ANZ and other than any John Doe Defendants to the extent they are current or former employees of ANZ (solely in their capacity as employees of ANZ); or (iii) any claims against any Defendant not affiliated with ANZ who may be subsequently added in this Action. *See* Settlement Agreement § 13.

2

of BBSW and the prices of BBSW-Based Derivatives, FED. R. CIV. P. 23(a)(2); (iii) the Representative Plaintiffs' claims in this litigation are typical of those of the Settlement Class Members, FED. R. CIV. P. 23(a)(3); and (iv) the Representative Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members; and (v) Lowey Dannenberg, P.C. and Lovell Stewart Halebian Jacobson LLP ("Class Counsel") have adequately represented the interests of the Settlement Class, FED. R. CIV. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3).

5. Representative Plaintiffs are hereby approved to serve as representatives of such Settlement Class for purposes of the Settlement.

6. Lowey Dannenberg, P.C. and Lovell Stewart Halebian Jacobson LLP are appointed Class Counsel to the Settlement Class for the purposes of the Settlement.

7. In the Action only and solely for purposes of the Settlement, this Court: (i) has personal jurisdiction over Representative Plaintiffs and ANZ, and all Settlement Class Members, and (ii) subject matter jurisdiction over the Action to consider the Settlement Agreement and all exhibits attached thereto.

8. The Court finds that the mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and approved by the Court in the Order dated February 1, 2022 as modified by the Court's Order dated May 11, 2022: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to

appear at the Fairness Hearing, of the Distribution Plan, and of Class Counsel's application for an award of attorneys' fees, Incentive Award(s), and for reimbursement of expenses associated with the Action; (c) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process, and any other applicable rules or law.  Based upon ANZ's submission to the Court dated December 27, 2021, the Court further finds that ANZ has complied with the obligations imposed on it under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. ECF No. 503.

9. The Court found that two Settlement Class Members have validly requested to be excluded from the Settlement Class as it relates to the Settlement.  Those excluded members of the Settlement Class are identified at ECF No. 583 and in Exhibit 1 hereto.  The excluded members of the Settlement Class as to the Settlement with ANZ identified in Exhibit 1 hereto shall have no rights with respect to the Settlement Agreement, shall receive no payment from the sums provided for in the Settlement Agreement and shall be deemed to have excluded themselves from the Action as against ANZ, including but not limited to any and all future prosecution of the Action against ANZ.

10. The Court finds that no objections to the proposed Settlement have been submitted.  Notwithstanding the lack of objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement.

11. It is hereby determined that all Settling Class Members are bound by the Settlement Agreement and this Final Approval Order regardless of whether such Settling Class Members execute and deliver a Proof of Claim and Release.

12. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including the Representative Plaintiffs.  In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).  This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, and that Class Counsel and the Representative Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement. The Court finds that the relief provided by the Settlement is adequate and Settlement Class Members are treated equitably.  Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects.  The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

13. Notwithstanding the entry of this Final Approval Order, if the Settlement Agreement is validly terminated by Representative Plaintiffs or ANZ, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become Final in accordance with its terms, then the provisions of this Final Approval Order shall be null and void with respect to the Settlement; Representative Plaintiffs' and Settling Class Members' claims shall be reinstated; ANZ's defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with it, including but not limited to any requests for exclusion from the Settlement previously submitted and

deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth in the Settlement Agreement, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Notwithstanding the language in this section, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive their termination shall continue to have the same force and effect intended by the Parties.

14. The Settlement Fund defined in the Settlement Agreement has been established as a trust and as a fiduciary account (the "Settlement Fiduciary Account"). The Court approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as qualified settlement funds pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

15. Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order. The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreement, the Settlement, or the Settlement Fund (except for such disputes and controversies as are subject to Section 42 of the Settlement Agreement, which disputes and controversies shall be governed by the respective terms of such section), to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order, and to consider or approve the amounts of distributions to Settlement Class Members. In addition, without affecting the finality of this Final Approval Order, the Representative Plaintiffs, ANZ, and the

Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order or the Settlement Agreement. Any disputes involving the Representative Plaintiffs, ANZ, or Settling Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court, except for those disputes subject to confidential mediation pursuant to Section 42 of the Settlement Agreement.

16. Each Settling Class Member must execute a release and covenant not to sue, in conformity with the Settlement Agreement, as incorporated into the Proof of Claim and Release form, in order to receive the Settling Class Member's share, if any, of the Net Settlement Fund defined in the Settlement Agreement. The Court hereby confirms the appointment of A.B. Data, Ltd. as Settlement Administrator and directs that the Settlement Administrator shall ensure that each Proof of Claim and Release form provided to Settling Class Members contains a copy of such release and covenant not to sue. However, Settling Class Members' claims shall be released pursuant to Section 13 of the Settlement Agreement regardless of whether the Settling Class Member executes a release and covenant not to sue.

17. The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against the Released Parties involving the Released Claims that are maintained by or on behalf of any Releasing Party regardless of whether the Releasing Party previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Releasing Party never received actual notice of the Action or the proposed Settlement.

18. The Court hereby approves the release and covenant not to sue set forth in Section 13 of the Settlement and directs dismissal of the Action as against ANZ (but not any other Defendant) fully, finally and with prejudice, pursuant to the terms of the Settlement and the Final Judgment to be entered concurrently herewith.

19. The Court permanently bars and enjoins the Releasing Parties and all Settling Class Members from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against ANZ or any Released Parties based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against ANZ or any Released Parties based on the Released Claims; (c) organizing members of the Settlement Class into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against ANZ or any Released Parties based on the Released Claims; or (d) assisting any third party in the prosecution of any Released Claims against ANZ or any Released Parties.

20. The Court permanently bars and enjoins claims by any Person against ANZ or any Released Parties for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment or otherwise. To the extent permitted by law, the Court permanently bars and enjoins claims against ANZ and any Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Action by way

8

of settlement, judgment, or otherwise by (a) any of the other Defendants currently named in the Action; (b) any other Person formerly named as a party in the Action; or (c) any other Person subsequently added or joined as a party in the Action. Should any court determine that any Defendant is or was legally entitled to any kind of set-off, apportionment, contribution, or indemnification from ANZ or any Released Parties arising out of or related to Released Claims, the Releasing Parties agree that any money judgment subsequently obtained by the Releasing Parties against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for set-off, apportionment, contribution, indemnification, or similar claims against ANZ or any Released Parties.

21. The Court permanently bars and enjoins claims by ANZ or any Released Parties against any other Defendants for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment or otherwise. To the extent permitted by law, the Court permanently bars and enjoins claims by ANZ and any Released Parties for contribution or indemnification (however denominated) from other Defendants for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise against any of the other Defendants currently named in the Action and absolves the other Defendants against any claims for contribution, indemnification, or similar claims from the Released Parties arising out of or related in any way to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply for claims of contribution, indemnification, or similar claims against any of the other Defendants. For the avoidance of doubt, this paragraph shall not bar any claims, including claims for contribution or indemnification (however denominated) by ANZ and/or any Released Parties against any third parties other than other Defendants in this Action.

22. Neither the Settlement Agreement (nor its respective exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged among counsel for the Representative Plaintiffs and ANZ in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of the validity of any claims, alleged wrongdoing, or liability of ANZ or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any artificiality of any interest benchmark or other interest rate; (e) any fault or omission of ANZ or any Released Party in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (f) the propriety of certification of a class other than solely for purposes of the Settlement.  Further, neither the Settlement Agreement (nor its exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged among counsel for the Representative Plaintiffs and ANZ in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense.  Notwithstanding anything to the contrary herein, the foregoing provisions do not apply to discovery or cooperation materials provided by ANZ to the Representative Plaintiffs or by the Representative Plaintiffs to the ANZ in connection with the Settlement or the Action.  The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement

Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settling Class Members.

23. The Court finds that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other.

24. Any data or other information provided by Settlement Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class. In no event shall a Settlement Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

25. The Distribution Plan and the Proof of Claim and Release Form are each approved as fair, reasonable, and adequate.

26. The word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

27. The Court's certification of the Settlement Class and appointment of the Representative Plaintiffs as class representatives, as provided herein, is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by the Representative Plaintiffs to certify a class. The Court's findings in this Final Approval Order shall have no effect on the Court's ruling on any motion to certify any class or to appoint class representatives in this litigation or any challenge to the Representative Plaintiffs' capacity to litigate or to

represent a putative class, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any such motion or challenge.

28. Class Counsel's request for attorneys' fees and reimbursement of expenses (and Incentive Awards for the Representative Plaintiffs) shall be the subject of a separate order by the Court.

**IT IS SO ORDERED.**

Signed this _____ day of _____ 2022.

_____
Hon. Lewis A. Kaplan
United States District Judge

# EXHIBIT 1

*Dennis et al. v. JPMorgan Chase & Co. et al. No. 16-cv-06496 (LAK)*

**Excluded Class Members**

Pursuant to the Court's October 24, 2022 Order (ECF No. 583), the following Class Members are validly excluded from the settlement class:

- Kerant Capital Limited

- KPMG Luxembourg S.A. (as liquidator of Nordea Bank S.A.)