## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK



RICHARD DENNIS, SONTERRA CAPITAL MASTER
FUND, LTD., FRONTPOINT FINANCIAL SERVICES
FUND, L.P., FRONTPOINT ASIAN EVENT DRIVEN FUND,
L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P.,
AND ORANGE COUNTY EMPLOYEES RETIREMENT
SYSTEM ,on behalf of themselves and all others similarly
situated,

Docket No. 16-cv-06496 (LAK)

Plaintiffs,

*-against-*

JPMORGAN CHASE & CO., JPMORGAN CHASE BANK,
N.A., JPMORGAN CHASE BANK, N.A. AUSTRALIA
BRANCH, BNP PARIBAS, S.A., BNP PARIBAS,
AUSTRALIA BRANCH, THE ROYAL BANK OF
SCOTLAND GROUP PLC, THE ROYAL BANK OF
SCOTLAND PLC, RBS N.V., RBS GROUP (AUSTRALIA)
PTY LIMITED, UBS AG, UBS AG, AUSTRALIA BRANCH,
AUSTRALIA AND NEW ZEALAND BANKING GROUP
LTD., COMMONWEALTH BANK OF AUSTRALIA,
NATIONAL AUSTRALIA BANK LIMITED, WESTPAC
BANKING CORPORATION, DEUTSCHE BANK AG,
DEUTSCHE BANK AG, AUSTRALIA BRANCH, HSBC
HOLDINGS PLC, HSBC BANK AUSTRALIA LIMITED,
LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC,
LLOYDS TSB BANK PLC, AUSTRALIA, MACQUARIE
GROUP LTD., MACQUARIE BANK LTD., ROYAL BANK
OF CANADA, RBC CAPITAL MARKETS LLC, ROYAL
BANK OF CANADA, AUSTRALIA BRANCH, MORGAN
STANLEY, MORGAN STANLEY AUSTRALIA LIMITED,
CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, ICAP
PLC, ICAP AUSTRALIA PTY LTD., TULLETT PREBON
PLC, TULLETT PREBON (AUSTRALIA) PTY LTD., AND
JOHN DOES NOS. 1-50.

Defendants.

**[PROPOSED]**
**FINAL JUDGMENT AND ORDER**
**OF DISMISSAL WITH**
**PREJUDICE OF**
**COMMONWEALTH BANK OF**
**AUSTRALIA**

This matter came for a duly-noticed hearing on November 1, 2022 (the "Fairness Hearing"), upon Representative Plaintiffs'[1] Motion for Final Approval of Class Action Settlement with Commonwealth Bank of Australia ("CBA") in the action captioned *Richard Dennis, et al. v. JPMorgan Chase & Co., et al.*, No. 16-cv-06496 (LAK) (S.D.N.Y.) (the "Action"), which was consented to by CBA (together with Representative Plaintiffs, the "Parties"). The Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.    This Final Judgment hereby incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated December 10, 2021 between Representative Plaintiffs and CBA, ECF No. 490-2 (the "Settlement Agreement"), and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2.    Upon the Effective Date of the Settlement, the Action, including each claim in the Action, is hereby dismissed with prejudice on the merits as to CBA (but not any other Defendant) without fees or costs except as provided by the terms of the Settlement.

3.    Upon the Effective Date of the Settlement, the Action shall be dismissed fully, finally and in its entirety against CBA and any John Doe Defendants to the extent they are current or former CBA employees (solely in that capacity) with prejudice.

---

[1] The "Representative Plaintiffs" are Richard Dennis, Orange County Employees Retirement System ("OCERS"), and any subsequently named plaintiff(s). Unless otherwise noted, ECF citations are to the docket in *Richard Dennis, et al. v. JPMorgan Chase & Co., et al.*, No. 16-cv-06496 (LAK) (S.D.N.Y.).

1

4.    The Releasing Parties[2] fully, finally and forever released, relinquished and

discharged from and covenanted not to sue the Released Parties[3] for any and all manner of

claims, including unknown claims, causes of action, cross-claims, counter-claims, charges,

liabilities, demands, judgments, suits, obligations, debts, set-offs, rights of recovery, or liabilities

for any obligations of any kind whatsoever (however denominated), whether class, derivative, or

individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract,

or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and

damages, whenever incurred, and liabilities of any nature whatsoever (including joint and

several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling

---

[2] "Releasing Parties" means each and every Representative Plaintiff, Fund Liquidation Holdings, LLC, Sonterra Capital Master Fund, Ltd., FrontPoint Financial Services Fund, L.P., FrontPoint Asian Event Driven Fund, L.P., and FrontPoint Financial Horizons Fund, L.P., and each and every Settling Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries, divisions, related entities, associates and affiliates, and on behalf of their current and former officers, directors, advisors, representatives, employees, agents, principals, managers, members, trustees, participants, representatives, fiduciaries, beneficiaries, consultants, attorneys, accountants, auditors, insurers or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing in their capacity as such, whether or not they object to the Settlement or make a claim for payment from the Settlement Fund. Notwithstanding that the U.S. Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasing Parties include any and every Settling Class Member as to which the government entity has the legal right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party. For the avoidance of doubt, the "Releasing Parties" include all Persons (including both natural persons and entities) entitled to bring or release claims on behalf of Settling Class Members relating to the Released Claims, including, but not limited to, the Settling Class Members' transactions, interests or positions in, or ownership of, BBSW-Based Derivatives, BBSW-Based Deposits or Loans, or any similar financial instruments priced, benchmarked, or settled to BBSW held by Representative Plaintiffs, Fund Liquidation Holdings, LLC, Sonterra Capital Master Fund, Ltd., FrontPoint Financial Services Fund, L.P., FrontPoint Asian Event Driven Fund, L.P., and FrontPoint Financial Horizons Fund, L.P., or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.).*See* Settlement Agreement § 1(LL).

[3] "Released Parties" means CBA, its predecessors, successors and assigns, its past, present, and future direct and indirect parents, subsidiaries, divisions, related entities, associates and affiliates, and each of CBA's and each of the foregoing's respective current, former and future officers, directors, advisors, representatives, employees, principals, managers, members, partners, participants, agents (in their capacity as agents of CBA), shareholders (in their capacity as shareholders of CBA), representatives, fiduciaries, beneficiaries, consultants, attorneys, accountants, auditors, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, trustees and assigns of each of the foregoing and any John Doe Defendants named or subsequently named in this Action (to the extent they are current or former employees of any of the foregoing but solely in that capacity). As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party. For the avoidance of doubt, for purposes of this Settlement, "Released Parties" shall not include any named Defendants other than CBA. *See* Settlement Agreement § 1(KK).

2

Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to the claims, allegations or conduct alleged in the Action, or which could have been alleged in the Action against the Released Parties, concerning any:

    a.  BBSW-Based Derivatives;

    b.  BBSW-Based Deposits or Loans (to the extent such financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.);

    c.  Prime Bank Bills or Prime Bank eligible securities purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, members of the Settlement Class, and/or Settling Class Members (to the extent such financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.); or

    d.  any similar financial instruments priced, benchmarked, or settled to BBSW purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, members of the Settlement Class, and/or Settling Class Members (to the extent such financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), including additional financial instruments or claims subsequently alleged in the Action, or in which any of the foregoing otherwise had any interest;

including, but not limited to, any alleged manipulation of BBSW under any statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to BBSW (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.*,

3

the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or the common law).

5.    The following claims shall not be released by the Settlement: (i) any claims against former CBA employees arising solely from those former employees' conduct or alleged conduct that occurred while not employed by CBA; (ii) any claims against the named Defendants in this Action other than CBA and other than any John Doe Defendants to the extent they are current or former employees of CBA (solely in their capacity as employees of CBA); or (iii) any claims against any Defendant not affiliated with CBA who may be subsequently added in this Action.

6.    Although the foregoing release is not a general release, the foregoing release constitutes a waiver by the Parties and each Settling Class Member of any and all rights and provisions under Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
> RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. Releasing Parties and Settling Class Members shall be deemed to acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of the Settlement Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in

4

furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Settlement Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

7.      Upon the Effective Date, each of the Releasing Parties shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties and agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in prosecuting any Released Claims against any Released Party.

8.      The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that the judgment of dismissal as to CBA shall be final and entered forthwith.

**IT IS SO ORDERED.**

Signed this /5t day of __ Nov., 2022.

Hon. Lewis A. Kaplan
United States District Judge

5