IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD DENNIS, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., AND ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE BANK, N.A. AUSTRALIA BRANCH, BNP PARIBAS, S.A., BNP PARIBAS, AUSTRALIA BRANCH, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS N.V., RBS GROUP (AUSTRALIA) PTY LIMITED, UBS AG, UBS AG, AUSTRALIA BRANCH, AUSTRALIA AND NEW ZEALAND BANKING GROUP LTD., COMMONWEALTH BANK OF AUSTRALIA, NATIONAL AUSTRALIA BANK LIMITED, WESTPAC BANKING CORPORATION, DEUTSCHE BANK AG, DEUTSCHE BANK AG, AUSTRALIA BRANCH, HSBC HOLDINGS PLC, HSBC BANK AUSTRALIA LIMITED, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, LLOYDS TSB BANK PLC, AUSTRALIA, MACQUARIE GROUP LTD., MACQUARIE BANK LTD., ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, ROYAL BANK OF CANADA, AUSTRALIA BRANCH, MORGAN STANLEY, MORGAN STANLEY AUSTRALIA LIMITED, CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, ICAP PLC, ICAP AUSTRALIA PTY LTD., TULLETT PREBON PLC, TULLETT PREBON (AUSTRALIA) PTY LTD., AND JOHN DOES NOS. 1-50.<br><br>Defendants. | <br><br>Docket No. 16-cv-06496 (LAK)<br><br>[~~PROPOSED~~]<br>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE OF JPMORGAN CHASE & CO., AND JPMORGAN CHASE BANK, N.A. |

This matter came for a duly-noticed hearing on November 1, 2022 (the "Fairness Hearing"), upon the Representative Plaintiffs'[1] Motion for Final Approval of Class Action Settlement with JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMorgan") in the action captioned *Richard Dennis, et al. v. JPMorgan Chase & Co., et al.*, No. 16-cv-06496 (LAK) (S.D.N.Y.) (the "Action"), which was consented to by JPMorgan (together with Representative Plaintiffs, the "Parties"). The Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Final Judgment hereby incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated November 19, 2018 between Representative Plaintiffs and JPMorgan, the Amendment to the Stipulation and Agreement of Settlement dated March 1, 2021, and the Second Amendment to the Stipulation and Agreement of Settlement dated January 13, 2022 (collectively, "Settlement Agreement"), and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. Upon the Effective Date of the Settlement, the Action, including each claim in the Action, is hereby dismissed fully, finally, and in its entirety with prejudice on the merits as to JPMorgan (but not any other Defendant) without fees or costs.

---

[1] Richard Dennis, Sonterra Capital Master Fund, Ltd., FrontPoint Financial Services Fund, L.P., FrontPoint Asian Event Driven Fund, L.P., FrontPoint Financial Horizons Fund, L.P., and Fund Liquidation Holdings, LLC, and any subsequently named plaintiff(s), including Orange County Employees Retirement System ("OCERS"). Unless otherwise noted, ECF citations are to the docket in *Richard Dennis, et al. v. JPMorgan Chase & Co., et al.*, No. 16-cv-06496 (LAK) (S.D.N.Y.) and internal citations and quotation marks are omitted.

3. Upon the Effective Date of the Settlement, the Action, including each claim in the Action, is hereby dismissed fully, finally, and in its entirety with prejudice against any John Doe Defendants to the extent they are current or former JPMorgan employees (solely in that capacity).

4. The Releasing Parties [2] fully, finally and forever released, relinquished and discharged from and covenanted not to sue the Released Parties[3] for any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several),

---

[2] "Releasing Parties" means each and every Representative Plaintiff and each and every Settling Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries, divisions, related entities, associates and affiliates, and on behalf of their current and former officers, directors, advisors, representatives, employees, agents, principals, managers, members, trustees, participants, representatives, fiduciaries, beneficiaries, consultants, attorneys, accountants, auditors, insurers or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing in their capacity as such, whether or not they object to the Settlement or make a claim for payment from the settlement fund. Notwithstanding that the U.S. Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasing Parties include any and every Settling Class Member as to which the government entity has the legal right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party. For the avoidance of doubt, the "Releasing Parties" include all Persons (including both natural persons and entities) entitled to bring or release claims on behalf of Settling Class Members relating to the Released Claims, including, but not limited to, the Settling Class Members' transactions, interests or positions in, or ownership of, BBSW-Based Derivatives, BBSW-Based Deposits or Loans, or any similar financial instruments priced, benchmarked, or settled to BBSW held by Representative Plaintiffs or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.).

[3] "Released Parties" means JPMorgan, its predecessors, successors and assigns, its past, present, and future direct and indirect parents, subsidiaries, divisions, related entities, associates and affiliates, and each of JPMorgan's and each of the foregoing's respective current, former and future officers, directors, advisors, representatives, employees, principals, managers, members, partners, participants, agents (in their capacity as agents of JPMorgan), shareholders (in their capacity as shareholders of JPMorgan), representatives, fiduciaries, beneficiaries, consultants, attorneys, accountants, auditors, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, trustees and assigns of each of the foregoing and any John Doe Defendants named or subsequently named in this Action (to the extent they are current or former employees of any of the foregoing but solely in that capacity). As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party. For the avoidance of doubt, for purposes of this Settlement, "Released Parties" shall not include any named Defendants other than JPMorgan.

2

known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to the claims, allegations, or conduct alleged in the Action, or which could have been alleged in the Action against the Released Parties concerning any:

    a. BBSW-Based Derivatives;

    b. BBSW-Based Deposits or Loans (to the extent such financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.);

    c. Prime Bank Bills or Prime Bank eligible securities purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, members of the Settlement Class, and/or Settling Class Members (to the extent such financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.); or

    d. any similar financial instruments priced, benchmarked, or settled to BBSW purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, members of the Settlement Class, and/or Settling Class Members (to the extent such financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), including additional financial instruments or claims subsequently alleged in the Action, or in which any of the foregoing otherwise had any interest;

including, but not limited to, any alleged manipulation of BBSW under any statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper

3

conduct relating to BBSW (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law).

5. The following claims shall not be released by this Settlement: (i) any claims against former JPMorgan employees arising solely from those former employees' conduct or alleged conduct that occurred while not employed by JPMorgan; (ii) any claims against the named Defendants in this Action other than JPMorgan and other than any John Doe Defendants to the extent they are current or former employees of JPMorgan (solely in their capacity as employees of JPMorgan); or (iii) any claims against any Defendant not affiliated with JPMorgan who may be subsequently added in this Action.

6. Although the foregoing release is not a general release, the foregoing release constitutes a waiver by the Parties and each Settling Class Member of any and all rights and provisions under Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. Releasing Parties and Settling Class Members shall be deemed to acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or

believe to be true with respect to the subject matter of the Settlement Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making the Settlement Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

7. Upon the Effective Date, each of the Releasing Parties shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties and agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in prosecuting any Released Claims against any Released Party.

8. The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that the judgment of dismissal as to JPMorgan shall be final and entered forthwith.

**IT IS SO ORDERED.**

Signed this 1st day of Nov., 2022.

_____
Hon. Lewis A. Kaplan
United States District Judge

5