UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD DENNIS, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT FINANCIAL SERVICES FUND, L.P., FRONTPOINT ASIAN EVENT DRIVEN FUND, L.P., FRONTPOINT FINANCIAL HORIZONS FUND, L.P., AND ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>-*against*-<br><br>JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., BNP PARIBAS, S.A., THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS N.V., RBS GROUP (AUSTRALIA) PTY LIMITED, UBS AG, AUSTRALIA AND NEW ZEALAND BANKING GROUP LTD., COMMONWEALTH BANK OF AUSTRALIA, NATIONAL AUSTRALIA BANK LIMITED, WESTPAC BANKING CORPORATION, DEUTSCHE BANK AG, HSBC HOLDINGS PLC, HSBC BANK AUSTRALIA LIMITED, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, MACQUARIE GROUP LTD., MACQUARIE BANK LTD., ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, MORGAN STANLEY, MORGAN STANLEY AUSTRALIA LIMITED, CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, ICAP PLC, ICAP AUSTRALIA PTY LTD., TULLETT PREBON PLC, TULLETT PREBON (AUSTRALIA) PTY LTD., AND JOHN DOES NOS. 1-50.<br><br>*Defendants*. | Docket No. 16-cv-06496 (LAK) |

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

**CORRECTED COPY**

**ERRATA**

| Page/Line | Correction |
|---|---|
| | |
| Page 1, line 15, fn. 1; page 2, lines 17, 21 | Correct citations to Appendix |
| Appendix | Add "Exhibit 5: Transcript of Fairness Hearing" |

## TABLE OF CONTENTS

I.  Class Counsel's Excel Spreadsheet With A Consolidated Statement Of
    Counsel's Time……………………………………………………………………1

II. Additional Questions Raised And Instructions Provided By The Court
    During The Fairness Hearing .……………………………………….....…………..2

    A.  The Opinions On Proportionality, Referral Fees, And Related Matters By
        Ethics Expert Nicole I. Hyland, Esq.……………………..…………..…………5

III. The Amended Fee Order, And Class Counsel's Proposal Of The Amounts The
     Court Should Consider Inserting Into Such Order………………………..…………….6

CONCLUSION……………………………………………………………………………7

# Table of Authorities

**Cases**                                                                                                      **Page(s)**

*Dennis v. JPMorgan Chase & Co.*,
   343 F. Supp. 3d 122 (S.D.N.Y. 2018), *adhered to on denial of reconsideration,*
2018 WL 6985207 (S.D.N.Y. Dec. 20, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Dennis v. JPMorgan Chase & Co.*,
   439 F. Supp. 3d 256 (S.D.N.Y. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In Re Foreign Exchange Benchmark Rates Antitrust Litigation*,
   1:13-cv-7789, ECF No. 1633, ¶4 (S.D.N.Y. Nov. 29, 2011) . . . . . . . . . . . . . . . . . . . 1, 2

**Federal Rules**

Fed.R.Civ.P. 23(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**New York Rules of Professional Conduct**

**Rule**

1.5(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

7.2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Treatises**

*Simon's New York Rules of Professional Conduct Annotated 1.5:93* . . . . . . . . . . . . . . . . . . . . . 6

In further support of their motion (*see* ECF No. 555) for an "award" of attorneys' fees (Fed.R.Civ.P. 23(h)), and pursuant to this Court's instructions and questions during the November 1, 2022 Fairness Hearing ("Fairness Hearing"), Lovell Stewart Halebian Jacobson LLP and Lowey Dannenberg, P.C. ("Class Counsel") respectfully submit this Supplemental Memorandum and the Appendix of Exhibits to Supplemental Memorandum.[1]

## I. Class Counsel's Excel Spreadsheet with a Consolidated Statement of Counsel's Time

During the November 1, 2022 hearing on the fairness of the settlements and proposed fees and expenses, this Court stated:

> What I would appreciate from you folks is an Excel spreadsheet with a consolidated statement like Exhibit A to the three affidavits of the attorneys, one for each firm, and a consolidated statement in the form of Exhibit B for the three firms so I can look at this all together, and the consolidated statement I want to have all the timekeepers where that's appropriate and subtotals for the firms.

Transcript of Fairness Hearing, attached as Exhibit 5 to the "Supplemental Exhibits" in further support of Class Counsel's Motion [ECF 555] For Award Of Attorneys' Fees And Expenses, p. 4:11-17 ("Tr.").

Pursuant to the Court's foregoing instructions, Class Counsel have submitted to Chambers the Excel file requested by the Court (which cannot be filed on the ECF because it is an Excel document). The first tab, labeled Ex. A, is the consolidated spreadsheet of the documents that were attached as Exhibit A to the Declarations of Benjamin Jaccarino, Esq., (ECF No. 557-1), Vincent Briganti, Esq., (ECF No. 562), and Todd Seaver, Esq., (ECF No.

---

[1] The Appendix consists of (1) the supplemental declaration of Gina M. Ratto, Esq., dated November 14, 2022, (2) the Expert Declaration of Nicole I. Hyland, Esq., dated November 17, 2022; (3) Class Counsel's revised Proposed Order Awarding Fees and Expenses; (4) *In Re Foreign Exchange Benchmark Rates Antitrust Litigation*, 1:13-cv-7789, ECF No. 1633 (S.D.N.Y. Nov. 29, 2021); and (5) Transcript of Fairness Hearing.

1

563). The spreadsheet includes buttons to allow the Court to expand or condense (subtotal) the information by firm, and within each firm by role and timekeeper. The second tab, labeled Ex. B, is the consolidated spreadsheet of the documents attached as Exhibit B to the foregoing three attorney declarations. Tab Ex. B is the consolidated summary of hours by activity, which can be subtotaled by firm and current role within each firm.

## II.     Additional Questions Raised And Instructions Provided by the Court During the Fairness Hearing

At the Fairness Hearing, the Court questioned paragraph 6 of Class Counsel's [Proposed] Order Granting Class Counsel's Motion For An Award Of Attorneys' Fees And Reimbursement Of Expenses ("Proposed Fee Order"). Tr. p. 5. That provision authorized Class Counsel to allocate the awarded fee among the three counsel in the case "in a manner in which, in Class Counsel's judgment, reflects the contribution of Counsel to the prosecution of the Action". ECF 556, ¶6; *compare e.g., In Re Foreign Exchange Benchmark Rates Antitrust Litigation*, 1:13-cv-7789, ECF No. 1633, ¶4 (S.D.N.Y. Nov. 29, 2021) ("Class Counsel may allocate the Fee Award to fund incurred and ongoing time and expenses and in a manner which Class Counsel, in good faith, believes reflects the contribution of counsel to the institution, prosecution, and settlement of the Action"), attached as Exhibit 4 to the Appendix.

During the ensuing colloquy, Class Counsel offered to make specific proposals on the amount of attorneys' fees which would be paid to each of the three separate law firms. Tr. p. 9. Based on the Court's statement that this would be "welcome" (*Id.*), Class Counsel have submitted the Amended Proposed Fee Order ("Amended Fee Order"), which is Exhibit 3 to the Appendix. See Pt. III below (describing the specific proposed numbers which Class Counsel proposed would be inserted into the Amended Fee Order).

2

During other parts of the colloquy, the Court directed Class Counsel to supply additional information. Tr. *e.g.,* pp. 4:11-5:12, 9:3-23. Class Counsel's understanding of the Court's instructions is based upon the context of the colloquy between the Court and Counsel. Specifically, in answer to the Court's question about why the Court should allow Class Counsel to allocate the attorneys' fees (as per the old paragraph 6 of the prior Proposed Fee Order), Class Counsel volunteered that there is a fee sharing arrangement between Class Counsel and Berman Tabacco ("Berman"). Tr. p. 7:14-18. Class Counsel explained that this fee sharing agreement and Berman's work in endeavoring to bring the Orange County Employees Retirement System ("OCERS") into the case, to obtain OCERS documents (for purposes of preparing an amended complaint, defending against the personal jurisdiction motions, and otherwise, including during discovery), all greatly furthered the interests of Class members. Tr. *passim, e.g.,* Tr. pp. 8-9.

In essence, Class Counsel stated that the Class had greatly benefited because, prior to the entry of OCERS and Berman into the case:

- The existential risk of dismissal on personal jurisdiction grounds had materialized as to almost all Defendants.
- Even as to the few remaining Defendants, the existential risk of dismissal due to lack of antitrust standing grounds had also materialized so as to eliminate the gravamen of Plaintiffs' complaint (the antitrust conspiracy claims).
- Unlike in most class actions, here no other cases were filed (due, Class Counsel believes, to the combination of the complexities and risk present here).

*Compare* Tr. pp. 6:7 – 9:2 *with Dennis v. JPMorgan Chase & Co.,* 343 F. Supp. 3d 122, at 208 (S.D.N.Y. 2018), *adhered to on denial of reconsideration,* 16-CV-6496 (LAK), 2018 WL 6985207 (S.D.N.Y. Dec. 20, 2018) and *Dennis v. JPMorgan Chase & Co.,* 439 F. Supp. 3d 256, 261 (S.D.N.Y. 2020)("Largely for the reasons discussed in the Court's prior opinion, all plaintiffs except the newly added Orange County Employees Retirement System ("OCERS") again have failed to demonstrate that the Court may assert personal jurisdiction over the sixteen defendants

3

participating in this motion. The new allegations in second amended complaint do not cure the defects the Court already has discussed at length."). *See also* 343 F. Supp.3d at 198-200 *and* 439 F.Supp.3d at 269 (reviving the Sherman Antitrust Act claim because of the inclusion of OCERS as a Class Plaintiff).

The Class members received all but $7 million of the $185,875,000 settlements here, only after Berman's and OCERS' entrance into the case enabled Plaintiffs to overcome the earlier dismissals based on personal jurisdiction and antitrust standing. Tr. pp. 6:24-7:13.

As Class Counsel construed matters, the Court may have been preliminarily satisfied that there was some benefit to the Class from OCERS' presence. And the Court has not asked Class Counsel to supplement the showing of the benefits to the Class of Berman's work and OCERS' participation in the case. *E.g.,*

> .… I appreciate the candor [of Class Counsel's volunteering the fee sharing agreement]. I don't profess to be an expert on the code of professional responsibility, but I suspect there **might be a question here that relates to referring fees and proportion of the work done and so forth, and when you submit your spreadsheet, you might address that, whatever it says**….

[emphasis added] *Id*. p. 8:5-8:10; *see also* p. 9:3-6 (the Court states "I want to get whatever learning **on the subject I can**" [emphasis added]).

Next, the Court's questions about referral fees and "proportion of the work done" were made in the context of Class Counsel's statement that Berman's lodestar was 11% of the total lodestar [actually, it is 9.1%]. Tr. p. 8:24-9:2. Class Counsel also stated that Berman's proposed share of the total attorneys' fee award should be 17% [actually, it is to be 16.36% because the fees in respect of the $7 million settlement with JPMorgan were not included in the fee sharing arrangement which was made only after the JPMorgan settlement had been reached. See "III" below.]

4

Finally, the Court stated:

> I understand that they're very important to the result for an obvious reason, I understand the business side of this perfectly, I just don't feel off the cuff as sufficiently informed on this point.

Tr. p. 9:12-16. Class Counsel's understanding is that the Court instructed Class Counsel to address referral fees, proportion of the work done, and provide the Court with "further learning" to help the Court be "sufficiently informed" on these points.

### A. The Opinions On Proportionality, Referral Fees, And Related Matters By Ethics Expert Nicole I. Hyland, Esq.

In response to the Court's specific questions concerning the issues of "proportionality and referral fees" and further "learning on the subject", Class Counsel have retained Nicole Hyland, Esq., as an expert. See Expert Declaration of Nicole I. Hyland, ("Hyland Decl.") Appendix Exhibit 2.

Among many other credentials, Ms. Hyland "co-authored, along with Professor Roy Simon, multiple editions of Simon's New York Rules of Professional Conduct Annotated, a leading treatise on New York ethics." *Id.* ¶17. Between 2014 and 2017, Ms. Hyland served as Chair of the Committee on Professional Ethics of the New York City Bar Association. *Id.* ¶16.

Ms. Hyland was retained as an expert in order to opine on the following issues:

> whether Co-Lead Counsel's agreement to pay or recommend to pay Berman Tabacco ("Berman") up to 17% of the total attorneys' fees awarded in this Action violates any ethical prohibitions against paying either (a) a referral fee or (b) a disproportionate share of the fee award.

*Id.* ¶2.

Ms. Hyland opined:

> it is my opinion, to a reasonable degree of professional certainty, that the arrangement between Co-Lead Counsel and Berman does not violate any ethical prohibitions against paying either (a) a referral fee or (b) a disproportionate share of the fee award.

*Id.*, ¶3.

Assuming that the New York Rules of Professional Conduct ("RPC") 1.5(g) applies here (*id.*, ¶¶4-5, 26-27), Ms. Hyland opined that the proposed 16.36% allocation to Berman does not violate any requirement regarding proportional division of fees, which is not strictly limited to a division in accordance with each firm's lodestar. *Id.*, ¶3, 6-9, 28-33, 44. Based upon the "some work" doctrine in Professor Roy Simon's seminal treatise, *Simon's New York Rules of Professional Conduct Annotated*, and New York state and federal case law, Ms. Hyland opined that Berman's contribution to the action was substantial enough that an allocation to Berman of 16.36% of the fees would be "proportional" under RPC 1.5(g) even though Berman's share of the total lodestar was 9.1%. *Id.*

Ms. Hyland also opined that an allocation of 16.36% of any fee award to Berman would not constitute an improper "referral fee" under RPC 7.2(a) because Berman did not merely refer a client to another law firm and thereafter provide no additional assistance. *Id.*, ¶¶3, 11, 34-36, 44. Instead, Berman remained involved in the case and undertook significant and substantive work on behalf of OCERS that resulted in a substantial benefit to the Class. *Id.*

Ms. Hyland also relies on the Supplemental Declaration of Gina Ratto, who is OCERS General Counsel. Ms. Ratto affirmatively supports the fee sharing agreement. *Compare* Hyland Decl. ¶¶22-23 *with* Ratto Decl. (Appendix Exhibit 1), ¶¶ 9-10.

### III. The Amended Fee Order And Class Counsel's Proposal Of The Amounts The Court Should Consider Inserting Into Such Order.

As explained above, during the Fairness Hearing, Class Counsel proposed "Maybe we can go further on that paragraph [paragraph 6] in the order and make a proposal on that, as well, Judge." The Court responded that would "be welcome". Tr. p. 9.

6

Accordingly, Class Counsel have revised paragraph 6 to read as follows:

The Court hereby approves the following allocation of attorneys' fees:

| Firm | Fee Allocation |
|---|---|
| Lovell Stewart Halebian Jacobson LLP | |
| Lowey Dannenberg, P.C. | |
| Berman Tabacco | |
| **TOTAL** | |

Appendix Exhibit 3, ¶6.

If the Court grants Class Counsel's requested fee, Class Counsel respectfully propose that the Court allocate the fees in revised paragraph 6 as follows:

| Firm | **Proposed Fee Allocation** |
|---|---|
| Lovell Stewart Halebian Jacobson LLP | $19,746,932 [(41.82%)] |
| Lowey Dannenberg, P.C. | $19,746,932 [(41.82%)] |
| Berman Tabacco | $7,724,886 [(16.36%)] |
| | **$47,218,750** |

If the Court sets the overall attorneys' fee at a lower level, then Class Counsel respectfully requests that the percentages proposed above --- 41.82% to Lovell Stewart, 41.82% to Lowey Dannenberg, and 16.36% to Berman Tabacco --- still constitute an appropriate percentage allocation of the total attorneys' fees. Class Counsel's judgment and recommendation are that the above proposed percentages are fair and reasonable in all the circumstances.

Finally, Class Counsel note as follows. Pursuant to the Court's statement that a specific proposal would be "welcome", Lowey and Lovell began for the first time to discuss with one another after the Fairness Hearing their proposed share of attorneys' fees *inter se*. Based upon their joint prosecution responsibility, their sharing of what they believed were extreme risks during substantial portions of this case, and their co-lead counsel efforts together, Class Counsel

7

reached and now respectfully propose that Lowey and Lovell each receive an equal percentage distribution of the total fee.

## CONCLUSION

For the foregoing reasons, Class Counsel respectfully submit that the Court should exercise its discretion to award 25.4% of the settlement fund as attorneys fee to Class Counsel, and allocate such total fees as proposed herein.

Respectfully submitted,

Dated: November 21, 2022

**LOWEY DANNENBERG, P.C.**

By: */s/ Vincent Briganti*
Vincent Briganti
Geoffrey M. Horn
44 South Broadway, Suite 1100
White Plains, New York 10601
Tel.: 914-997-0500
Fax: 914-997-0035
vbriganti@lowey.com
ghorn@lowey.com

**LOVELL STEWART HALEBIAN JACOBSON LLP**

By: */s/ Christopher Lovell*
Christopher Lovell
Christopher McGrath
500 Fifth Avenue, Suite 2440
New York, NY 10110
Tel: (212) 608-1900
clovell@lshllp.com
cmcgrath@lshllp.com

*Counsel for Plaintiffs and the Proposed Class*

Todd Seaver
Carl N. Hammarskjold
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Tel.: (415) 433-3200

Fax: (415) 433-6382
tseaver@bermantabacco.com
chammarskjold@bermantabacco.com

*Additional Plaintiffs' Counsel for Orange County Employees Retirement System*